Michael D. Meuti (CA 227939)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
mmeuti@beneschlaw.com

David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org

*Attorneys for Plaintiff*

Glenn Katon
KATON.LAW
385 Grand Ave., Suite 200
Oakland, CA 94610
Telephone: (510) 463-3350
gkaton@katon.law
*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RADICE | Case No. 4:25-cv-02060-SI |
| Plaintiff, | Coordinated with |
| vs. | Case No. 3:25-cv-04849 |
| JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA; DOES 1–20 | **SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT** |
| Defendants. | |

The parties to the above-entitled action jointly submit this SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER in advance of the upcoming case management conference scheduled for December 12, 2025 in the above-captioned case, pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-10(d).

**1.    Jurisdiction & Service**

The parties' positions on these issues remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff pursues claims for violations of federal civil-rights statutes. Additionally, 42 U.S.C. § 2000a-6(a) confers subject-matter jurisdiction on this Court because Plaintiff's First Amended Complaint alleges a violation of 42 U.S.C. § 2000a. The Court has supplemental subject-matter jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367. Defendants do not contest this Court's subject-matter or personal jurisdiction.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Defendants do not dispute that venue is proper in the Northern District of California.

Plaintiff served Defendants Jerusalem Boxing Club, LLC; Native Grounds, Inc.; and Abdulrahim Harara. (Dkts. 21, 22, 23.) Defendants do not contest service. Plaintiff will identify and serve Does 1–20 as appropriate.

**2.    Facts**

Discovery is ongoing in this matter. As of the date of this filing, the parties' positions on the facts of this case remain unchanged from the last Case Management Conference, but they may change as discovery progresses. For the Court's convenience, those positions are reproduced below:

(a)    **Plaintiff's Position**

This case stems from two visits Plaintiff Michael Radice had to Jerusalem Coffee House ("JCH"). Plaintiff contends that Defendant Jerusalem Boxing Club, LLC ("JBC") and Defendant Native Grounds, Inc. operate JCH, and that Defendant Abdulrahim Harara is JCH's primary operator.  (Dkt. 18 at ¶ 10.)

1   Radice is Jewish and alleges that he was discriminated against by Defendants on the basis of his
2   Jewish heritage and identity. Specifically, Radice alleges that during his visit to JCH on July 10, 2024,
3   Defendants identified him as Jewish and harassed him on that basis. He further alleges that JCH identified
4   Radice as Jewish during his visit on August 3, 2024 and denied him service on that basis. Lastly, Radice
5   alleges that other acts by JCH, including menu items, décor, and mistreatment of other patrons, reflect
6   Defendants' antisemitic animus. As set forth more fully below, factual disputes exist regarding Radice's
7   allegations.

<h3 style="text-align:center"><u>July 10, 2024</u></h3>

9   During the July 10, 2024 visit, a man outside of JCH approached Radice and made antisemitic
10   comments. (Dkt. 18 ¶¶ 37-45.) Among other things, the man asked Radice "Are you a Zionist?", accused
11   him of being "responsible" for killing children," and stated that Radice was complicit in the events taking
12   place in the Gaza Strip following the October 7, 2023 Hamas terrorist attacks against Israel. (Dkt. 18 ¶¶
13   42–44.) Radice was concerned for his safety and left the area. (*Id.* at ¶ 46.) Harara approached the man
14   and went inside with him. (*Id.* ¶¶ 47–48.) Radice later learned that his harasser was a JCH employee.

<h3 style="text-align:center"><u>August 3, 2024</u></h3>

16   On August 3, 2024, Radice returned to JCH to purchase a cookie. (Dkt. 18 ¶¶ 49–50.) Harara and
17   the man from the first incident were behind the counter. (*Id.* ¶ 51.) A different man behind the counter
18   began to make antisemitic comments. (*Id.* ¶¶ 52–55.) Radice was told "You're the guy with the hat. You're
19   the Jew. You're the Zionist. We don't want you in our coffee shop. Get out." (*Id.* ¶ 52.) Radice left, and
20   three men followed him out of JCH. (*Id.* ¶ 57.) The three men continued to yell "Jew" and "Zionist" at
21   Radice, and he was concerned for his safety. (*Id.* ¶¶ 59–61.) The pursuit ended only once Radice's
22   coworker intervened. (*Id.* ¶ 62.)

<h3 style="text-align:center"><u>JCH's Anti-Jewish Animus</u></h3>

24   JCH repeatedly refuses to serve Jewish customers and repeatedly engages in a pattern of
25   antisemitic discrimination. (Dkt. 18 ¶ 64.) For example, on October 29, 2024, JCH ejected a Jewish
26   customer for wearing a blue hat featuring a white Star of David. (*Id.* ¶¶ 71–77.) JCH also has menu items
27   that reflect its anti-Jewish animus. (*Id.* ¶¶ 65–70.) As matter of example, JCH serves a drink called "Iced

In Tea Fada"—a play on "intifada," a term referring to violence against Israel, Jews, and Jewish institutions nationwide. (*Id.* ¶ 66.) JCH also displays red triangles on its building exterior and menus, which were historically used by the Nazi regime to identify Jewish communities and are now used by Hamas to glorify violence against Israel. (*Id.* ¶¶ 68–70.)

### (b)    Defendants' Position

Defendant Native Grounds, Inc. has no role in the ownership or operation of the Jerusalem Coffee House. Defendants JBC and Harara did not discriminate against Plaintiff based upon his religion at any time. Defendant Harara asked Plaintiff about his hat, which included a phrase Israel has often used when committing human rights atrocities against the Palestinian people. Plaintiff Radice told Harara that he wore that hat because he believed in peace for the people of Israel and he was not a Zionist. Radice and Harara shook hands and Radice left the café.

Plaintiff's assertions about the meaning of red triangles at the café and the name of the "Iced In Tea Fada" drink are false and contrary to their historical meanings. Similarly, Plaintiff's assertion that Defendants ejected another customer because he was wearing a hat with a Star of David on it is false. In fact, that other customer staged an incident at the café for the purpose of causing a disturbance. Defendants did not take any actions based on antisemitism and would not tolerate antisemitism at the café.

### 3.    Legal Issues

The parties' positions on these issues remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

Plaintiff's Amended Complaint brings four claims against all Defendants: (I) Violation of 42 U.S.C. § 2000a, (II) Violation of 42 USC § 1981, *et seq.*, (III) Violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and (V) Declaratory Judgment pursuant to 28 U.S.C. § 2201(a.) It also brings one claim against Harara and the Doe Defendants only: (IV) Violation of the Ralph Civil Rights Act, California Civil Code § 51.7, *et seq.*,

The parties' position on each disputed point of law is set forth below.

### COUNT II: Violation of 42 USC § 1981, *et seq.*,

Defendants deny that 42 U.S.C. § 1981 prohibits discrimination in the ability to make and enforce

contracts based upon religion. Plaintiff states that his claim under 42 U.S.C. § 1981 centers on Defendants' discrimination against him based on his race and ethnicity, rather than his religion.

**4.    Motions**

Since the last case management conference, no party in this case has filed any motion that has yet to be resolved. Following the last case management conference, and per stipulation, the Court entered an Order granting a modified stipulated motion to coordinate the above-captioned case with *United States v. Harara, et al.*, Case No. 3:25-cv-04849-SK, with provisions pertaining to the coordination of discovery across the two cases.

Subsequently, on November 7, 2025, the Court entered an Order granting a stipulation to continue the case management conference scheduled for November 14, 2025 so that the subsequent CMC could include counsel in the "coordinated" case *United States v. Harara*, Case No. 25-cv-04849-SI, which had been stayed until no later than December 1, 2025. *See* ECF 33 in *Harara* case.

On November 17, 2025, counsel for the United States in *United States v. Harara*, filed a notice of resumption of appropriations notifying the court that appropriations were restored on the evening of November 12, 2025. While the United States filed two notices delaying the filing of a joint proposed case management plan, first due to the Thanksgiving holiday and most recently because parties are still in discussions, the second notice stated parties would present a joint proposal on December 5, 2025.

**5.    Amendment of Pleadings**

The deadline for amending the pleadings has passed and no party has elected to amend its pleadings.

**6.    Evidence Preservation**

The parties' positions on this issue remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

The parties hereby certify that they have reviewed the ESI guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

The parties have exchanged initial disclosures as required.

**8.    Discovery**

Since the last case management conference, Plaintiff Radice has served an initial set of interrogatories, requests for admission, and requests for the production of documents upon all three Defendants. The responses to Plaintiff's requests for admission and requests for production of documents were timely served, and production of responsive documents is ongoing after Defendants requested and Plaintiff agreed to an extension of time to respond. Plaintiff's interrogatories are still pending, as Defendants requested and Plaintiff agreed to an extension of time to respond to these discovery requests as well.

Plaintiff also served a subpoena upon East Bay Community Space, and that entity produced requested documents in response to the same.

There are pending discovery disputes between the parties. The parties plan to meet and confer in good faith to attempt to reach resolution before seeking the Court's intervention.

**9.    Class Actions**

N/A. This is not a class action.

**10.    Related Cases**

Following the last case management conference, and per stipulation, the Court entered an Order granting a modified motion to coordinate the above-captioned case with *United States v. Harara, et al.*, Case No. 3:25-cv-04849-SK. That Order provides, among other things, that the plaintiffs in both cases will coordinate to streamline discovery (including avoiding noticing duplicative depositions of the same witness), that the coordination will not decrease the number of written discovery requests or depositions available to either plaintiff, that the seven-hour limit on depositions will be relaxed, that the plaintiffs will be entitled to file separate motions and responses, and that the coordination between the two cases will cause no delay in proceedings.

**11.    Relief**

The parties' positions on these issues remain unchanged from the last Case Management

Conference. For the Court's convenience, those positions are reproduced below:

Plaintiff requests injunctive relief, monetary damages, a declaratory judgment, reasonable attorneys' fees, and punitive damages. Each specific request is detailed below.

### Injunctive Relief

Plaintiff requests an order permanently enjoining all Defendants, their employees, agents, successors, and all others acting in concert or participating with them, from discriminating against or otherwise abridging the rights of Jewish individuals at JCH, including Mr. Radice, on the basis of their religious, racial, ethnic, and/or shared ancestral identities protected under 42 U.S.C. § 2000a et seq. and the Unruh Civil Rights Act (California Civil Code § 51, et seq.).

### Monetary Damages

Plaintiff requests damages in an amount to be determined at trial for all Defendants' violation of Mr. Radice's civil rights under 42 U.S.C. § 1981, et seq. Plaintiff also seeks statutory damages for Defendants' violation of Mr. Radice's civil rights under the Unruh Civil Rights Act (California Civil Code § 51, et seq.). Lastly, Plaintiff is seeking damages for Harara's and Does 1–20's violation of Mr. Radice's civil rights under the Ralph Civil Rights Act (California Civil Code § 51.7, et seq.). Plaintiff seeks damages sufficient to compensate Mr. Radice for the emotional and dignitary harms that Defendants' discrimination caused, which Plaintiff expects will exceed $100,000.

Defendant cannot describe what Plaintiff's damages would be if liability were established because Plaintiff did not plead any economic or noneconomic damages. He simply refers to "damages" in the abstract. He would, therefore, be entitled only to nominal damages if liability were established.

### Declaratory Relief

Plaintiff asks this Court to Declare that: All Defendants have violated Mr. Radice's civil rights under 42 U.S.C. § 2000a, et seq.; (ii) All Defendants have violated Mr. Radice's civil rights under 42 U.S.C. § 1981, et seq.; (iii) All Defendants have violated Mr. Radice's civil rights under the Unruh Civil Rights Act (California Civil Code § 51, et seq.); and (iv) Harara and Does 1–20 have violated Mr. Radice's civil rights under the Ralph Civil Rights Act (California Civil Code § 51.7, et seq.).

**<u>Reasonable Attorneys' Fees</u>**

Plaintiff requests reasonable attorneys' fees against all Defendants under 42 U.S.C. § 2000a, et seq., 42 U.S.C. §§ 1981, 1988, and the Unruh Civil Rights Act (California Civil Code § 51, et seq.). Plaintiff is also seeking reasonable attorneys' fees against Defendant Harara and Does 1–20 under the Ralph Civil Rights Act (California Civil Code § 51.7, et seq.).

**<u>Punitive Damages</u>**

Plaintiff is seeking punitive damages against all Defendants under 42 U.S.C. §§ 1981, 1988, and Unruh Civil Rights Act (California Civil Code § 51, et seq.). Plaintiff is also seeking punitive damages against Harara and Does 1–20 under the Ralph Civil Rights Act (California Civil Code § 51.7, et seq.)

**12.    Settlement and ADR**

The parties' positions on these issues remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

The parties do not believe settlement negotiations or ADR would be fruitful at this time. The parties anticipate revisiting settlement and/or ADR discussions once discovery proceeds further.

**13.    Other References**

The parties' positions on this issue remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

The parties do not believe this case is suitable for reference to a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The parties anticipate that certain issues will be narrowed by agreement or by motion as discovery proceeds.

(a)    Expedited Trial Procedure

The parties' positions on this issue remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

The parties do not think this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**15.    Scheduling**

Due to the government shutdown, Plaintiff requests, and Defendants do not oppose, a one-month extension to expert discovery deadlines. Expert disclosures, currently due on December 15, 2025, would be due January 15, 2026. Expert rebuttal disclosures, currently due on January 15, 2026, would be due February 16, 2026. This proposed change is limited and does not affect other deadlines in the case.

**16.    Trial**

The parties' positions on this issue remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

Plaintiff requested a trial by jury. Defendants have demanded trial by jury on Plaintiff's claims for non-equitable relief. The parties expect the trial to last no longer than 3-4 days.

**17.    Disclosure of Non-party Interested Entities or Persons**

The parties' positions on this issue remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

Plaintiff filed his Certification of Interested Entities or Persons on March 13, 2025. (Dkt. 4.) As set forth in Plaintiff's certification, there is no conflict or interest (other than the named parties) to report.

Defendants filed their Certification of Interested Entities or Persons at ECF 37 and reiterate here that Jerusalem Boxing Club, LLC and Native Grounds, Inc. have no parent companies, and that no publicly traded company owns 10% or more of their shares.

**18.    Professional Conduct**

The parties' positions on this issue remain unchanged from the last Case Management Conference. For the Court's convenience, those positions are reproduced below:

The parties confirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other**

The parties do not have any other issues to raise with the Court at this time.

1  Dated: 12/5/2025                    _/s/ Michael Dominic Meuti_
2                                      Counsel for Plaintiff

3

4  Dated: 12/5/2025                    _/s/ Glenn Katon_
5                                      Counsel for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Subsequent Joint Case Management Statement**
**Case No. 4:25-cv-02060-SI**