| | |
|---|---|
| Michael D. Meuti (CA 227939) | Glenn Katon |
| BENESCH, FRIEDLANDER, | KATON.LAW |
| COPLAN & ARONOFF LLP | 385 Grand Ave., Suite 200 |
| 100 Pine Street, Suite 3100 | Oakland, CA 94610 |
| San Francisco, California 94111 | Telephone: (510) 463-3350 |
| Telephone: 628.600.2250 | gkaton@katon.law |
| mmeuti@beneschlaw.com | *Attorney for Defendants* |

David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RADICE | Case No. 3:25-cv-02060-SI Coordinated |
| Plaintiff, | with |
| vs. | Case No. 3:25-cv-04849-SI |
| JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA | **JOINT STATEMENT CONCERNING DISCOVERY DISPUTE** |
| Defendants. | |

1     The parties jointly submit this JOINT STATEMENT CONCERNING DISCOVERY DISPUTE as Judge Illston's Standing Order and Civil Local Rule 37-1 require. Defendants' discovery responses and document productions are deficient, and the parties could not resolve their dispute.

The parties have convened by videoconference to meet and confer four times. Plaintiff served Requests for Admission and Requests for Production of Documents on August 29, 2025 and his Interrogatories on November 3, 2025; Defendants served responses to the same on October 15, 2025 and December 10, 2025 respectively.[1] Plaintiff initiated the meet-and-confer process on December 15, 2025, with a 26-page letter detailing the deficiencies in Defendants' responses and requesting a meeting. The parties met-and-conferred by videoconference on December 19, 2025, January 9, 2026, and February 2, 2026. Those conferences addressed Defendants' objections to financial discovery and their failure to produce certain social-media posts and videos, concerns over insufficient document review and collection efforts, truncated text messages in Defendants' document production, deposition scheduling for Defendant Harara and fact witness Gabriel Garay, and other issues that are no longer in dispute. The parties held their fourth videoconference on February 9, 2026, to continue to address the financial discovery, lack of social-media post and video production, and deposition scheduling issues. Plaintiff's counsel followed up by email on February 9, 2026. Defendants responded the next day, maintaining their positions, rejecting Plaintiff's latest proposed deposition dates, and offering no definitive date by which they expected to complete their supplemental productions. Accordingly, the parties are at an impasse and now require the Court's intervention.

**I.   Plaintiff's Statement.**

This dispute concerns Defendants' ongoing failure to meet three basic discovery obligations: (1) producing financial information essential to Plaintiff's claim for punitive damages; (2) conducting a full search for responsive documents and producing text messages with sufficient context; and (3) providing

---

[1] True and accurate copies of Defendants' discovery responses are attached hereto as **Exhibit A**.

reasonable and mutually workable deposition dates.

**Financial Discovery.** Plaintiffs sought information regarding JBC's assets (RFP 25) and monthly revenues (Rog 10). That information is relevant to punitive damages. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998). Indeed, Plaintiff provided Defendants that authority (and eight other cases) to illustrate the relevance of his requests. But Defendants persist in their objections. Nearly three months after this discovery was due, Defendants have produced no financial information and refuse to commit to a production date, even for the half-measures to which they have agreed: producing unspecified bank statements, producing unspecified "records identifying assets," and producing JBC's lease.

**Document Collection/Production Deficiencies.** Plaintiff has serious concerns that Defendants' document search and collection processes fall far short of the diligence required in civil discovery. Defendants' initial production omitted relevant social-media posts. During the January 9 meet-and-confer, Defendants' counsel admitted that his clients had not searched their social-media accounts for responsive documents. He contended that they believed no responsive documents existed. Plaintiff's counsel then read him a social media post from X (formerly Twitter) that Harara had reposted to his feed stating about another man suing Defendants Harara and Native Grounds for antisemitic discrimination: "Jonathan Hirsch is a genocidal, bottom dwelling Zionist scum and should be kicked out of every public establishment not just Palestinian owned ones!" Days later, that post disappeared from Defendant Harara's X feed. Plaintiff's counsel sent an email expressing concerns about spoliation. The post then reappeared.

During a later meet-and-confer, Defense counsel admitted that Defendant Harara has conducted the search for and collection of responsive documents on his own. No third-party vendor has participated in the preservation or collection efforts. Plaintiff's counsel expressed concern that a party's self-collection presents a fox-guarding-the-henhouse problem. Exacerbating that concern, Defense counsel refused to

say whether he has overseen Harara's efforts, contending that information is privileged.

Beyond the preservation and collection concerns, Defendants' production remains deficient. Defendants have produced only fragments of text-message threads, stripped of context. Plaintiff thus cannot tell the content of additional responsive messages that were withheld. Nor can he understand the produced texts in context, having none of the surrounding messages that would accurately reflect the content and nature of these conversations. Plaintiff requested completion of document production by February 9, 2026; Defendants did not respond and that date has passed without Plaintiff receiving any additional documents.

**Depositions.** Plaintiff has already rescheduled depositions once, because of Defendants' delay in producing documents. On December 17, 2025, Plaintiff sought new deposition dates in February for Harara and Gabriel Garay (a JBC employee represented by Defendants' counsel). Plaintiff is coordinating deposition scheduling with counsel from the government in coordinated case No. 3:25-cv-04849-SI, presenting additional logistical consideration beyond the availability of Plaintiff's counsel. Defendants demanded that depositions last no longer than a half day at a time, to accommodate Harara's and Garay's fasting during Ramadan. Plaintiff agreed to accommodate Ramadan with half-day depositions. Defendants also demanded, however, that their depositions occur only on Mondays—when their café is closed. This restriction would extend to Harara's testimony in Rule 30(b)(6) depositions for the two corporate defendants as well. Defendants have not explained why one witness cannot operate the café while the other is deposed. Defendants' latest position is that they will make themselves available other days of the week, but only if depositions begin on a Monday. They rejected outright Plaintiff's requested dates falling on a Tuesday, Wednesday, and Thursday on that basis. Their proposed alternatives would require weekend or remote depositions, undermining Plaintiff's right to in-person examination and jeopardizing the case schedule.

**Defendants' Response.** Counsel for Defendants responded to Plaintiff's counsel to note that he

has nothing to add to this Joint Statement.

**Relief Requested.** Plaintiff asks the Court to order Defendants to: (1) produce complete financial discovery, including revenue information; (2) produce complete text-message threads; (3) complete document production and certify completion no later than February 27, 2026; and (4) appear for depositions on a reasonable schedule respecting the witnesses' religious observances.

Dated: February 12, 2026

Respectfully submitted,

*/s/ Michael D. Meuti*
Michael D. Meuti (CA 227939)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
mmeuti@beneschlaw.com

David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:   216.363.4500
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org

*Attorneys for Plaintiff Michael Radice*