# Exhibit A

Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
and ABDULRAHIM HARARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE, | Case No.  3:25-cv-02060-SI |
| Plaintiff, | |
| v. | **DEFENDANT HARARA'S RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES** |
| JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA; DOES 1–20, | |
| Defendants. | |

Defendant Harara serves this Response to Plaintiff Radice's First Set of Interrogatories.

Harara objects to the Preamble, Instructions, and Definitions to the extent they would impose

greater demands on Harara than provided by the Federal Rules of Civil Procedure and the Local

Rules of this Court.

1.    Identify each person, including but not limited to, any of your employees,

contractors, agents, volunteers, vendors, customers, or any other non-party known to you, or could

be ascertained by you through a review of any security camera footage, employee timecards,

customer receipts, vendor receipts, or any other such similar information, that was involved in

and/or witnessed any portion of your interaction with Mr. Radice on July 10, 2024 and/or August

3, 2024. Include in your response the full names, addresses, and all known telephone numbers for

1  each person identified.

2        **ANSWER:**

3        Objection: Plaintiff cannot require a responding party to review specified materials when

4  responding to interrogatories. Subject to that objection:

5        Gabriel Garay          c/o counsel Glenn Katon

6        Jihad Dphrepaulezz     (510) 833-0394

7        Abayomi Brame          (510) 410-3366

8

9        2.      Identify each person, including but not limited to, any of your employees, agents,

10  contractors, volunteers, vendors, customers, or other any non-party known to you, or could be

11  ascertained by you through a review of any security camera footage, employee timecards, customer

12  receipts, vendor receipts, or any other such similar information, that was involved in and/or

13  witnessed any portion of your interaction with Jonathan Hirsch on October 26, 2024. Include in

14  your response the full names, addresses, and all known telephone numbers for each person

15  identified.

16        **ANSWER:**

17        Objection: Plaintiff cannot require a responding party to review specified materials when

18  responding to interrogatories. Subject to that objection:

19        Jonathan Hirsch c/o counsel

20        Gabriel Garay c/o counsel Glenn Katon

21        Jihad Dphrepaulezz     (510) 833-0394

22        Nailah Yafin c/o counsel Glenn Katon

23        Rena Raven Don c/o Rick Lambert, Gordon Rees Scully Mansukhani, LLP

24        Kari Allyson Jaick, 564 47th St, Oakland, CA 94609 (973) 214-5421

25        Teresa Igler     (973) 954-0541

26        Syeda Ali        (860) 778-8822

27

28

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

3.      Identify all incidents since January 1, 2023 where any person or persons was asked to leave JCH and provide (a) the date of each incident, (b) the identity of the person or persons, (c) the full names and contact information of each person who was involved in and/or witnessed the incident, and (d) the reason why that person or persons was asked to leave, including whether the person or persons' religion, race, ethnicity, ancestry or political views were a factor.

**ANSWER:**

Objection: This interrogatory is compound in that it includes subparts that are discrete, separate subjects. Subject to that objection, Harara demanded Jonathan Hirsch leave because he caused a disruption with customers at the café. See the response to the preceding interrogatory for additional responsive information.

4.      Identify all social media, ecommerce, and/or software development application accounts that you own or maintain, including but not limited to accounts on Instagram, X (formerly known as Twitter), Facebook, Bluesky, Pinterest, WhatsApp, Github, Yelp, Etsy, and/or eBay  or any other similar social-media platform from January 1, 2023 to present.

**ANSWER:**

Objection: this interrogatory is overbroad, neither relevant to any party's claim or defense nor proportional to the needs of the case, and confusing, since WhatsApp is not a social media, ecommerce, and/or software development application. Subject to that objection, Instagram (arahimh, jerusalemcoffeehouse, jerusalemboxingclub, sandgazing), Facebook (Abdulrahim Harara), Twitter (raheemjbc).

5.      Describe the reasons that you incorporated Native Grounds.

**ANSWER:** To manufacture and sell coffee related products independent of JCH.

6.      Describe the reasons that you incorporated JBC.

**ANSWER:** To provide self-defense classes for women.

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

7.    Describe the reasons that you founded JCH.

**ANSWER:** To provide good coffee and food and a politically conscious community space.

8.    Identify all documents referred to, reviewed, relied upon, or consulted in preparing your answers to any of Mr. Radice's Requests or Interrogatories, and each person who is a custodian of any documents related to the subject matter of each of your responses to these Interrogatories.

**ANSWER:** My phone contacts.

9.    Identify every person that you consulted, relied upon, or otherwise constituted a source of information for you in connection with the preparation of your responses to Mr. Radice's Interrogatories or Requests and list with respect to each of those persons the Requests and/or Interrogatories with respect to which they were consulted, relied upon, or otherwise constituted a source of information. Include in your response the full names, addresses, and all known telephone numbers for each person identified.

**ANSWER:**

Objection: This interrogatory encompasses information protected against disclosure by the attorney-client privilege. Subject to that objection: Glenn Katon, Walter Riley.

10.    Identify all individuals with knowledge about the facts and circumstances alleged in the Complaint or your Answer, the events that gave rise to the Complaint, any issues that relate to the Complaint or your Answer, or any claim asserted in the Complaint or any affirmative defense asserted in your Answer. Include in your response the names, addresses, and all known telephone numbers for each person identified, and describe the facts or circumstances you know or believe each individual may have relating to this Action.

**ANSWER:**

Objection: this interrogatory is overbroad, vague, confusing, and compound in that it includes subparts that are discrete, separate subjects. The information sought is duplicative of Plaintiff's other discovery requests.

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

1

2

3

4 OBJECTIONS:

5 /s/ Glenn Katon
Glenn Katon

6 ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
7 and ABDULRAHIM HARARA

8

9 ANSWERS:

10     I declare under penalty of perjury that the foregoing is true and correct. Executed on

11 December 10, 2025.

12

13 _____
Abdulrahim Harara

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

CERTIFICATE OF SERVICE

I certify that on December 10, 2025, I served the foregoing document by email on counsel for Plaintiff:

Michael D. Meuti mmeuti@beneschlaw.com
David M. Hopkins dhopkins@beneschlaw.com
Corena G. Larimer clarimer@adl.org
James Pasch jpasch@adl.org
Brendan Hogan bhogan@adl.org

/s/ Glenn Katon
Glenn Katon

Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
and ABDULRAHIM HARARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE,<br><br>Plaintiff,<br><br>v.<br><br>JERUSALEM BOXING CLUB, LLC;<br>NATIVE GROUNDS, INC.;<br>ABDULRAHIM HARARA; DOES 1–20,<br><br>Defendants. | Case No.  3:25-cv-02060-SI<br><br>**DEFENDANT JERUSALEM BOXING CLUB, LLC'S RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES** |

Defendant Jerusalem Boxing Club, LLC (JBC) serves this Response to Plaintiff Radice's First Set of Interrogatories. JBS objects to the Preamble, Instructions, and Definitions to the extent they would impose greater demands on JBC than provided by the Federal Rules of Civil Procedure and the Local Rules of this Court. JBC further objects to the confusion created by the reference to "Defendants," plural, responding and the footer identify the interrogatories to Defendant Harara.

1.      Identify each person, including but not limited to, any of your employees, agents, contractors, volunteers, vendors, customers, or any other non-party known to you, or could be ascertained by you through a review of any security camera footage, employee timecards, customer

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

receipts, vendor receipts, or any other such similar information, that was involved in and/or witnessed any portion of the interaction between any of your personnel and Mr. Radice on July 10, 2024 and/or August 3, 2024. Include in your response the full names, addresses, and all known telephone numbers for each person identified.

**ANSWER:**

Objection: Plaintiff cannot require a responding party to review specified materials when responding to interrogatories. Subject to that objection:

Gabriel Garay          c/o counsel Glenn Katon

Jihad Dphrepaulezz     (510) 833-0394

Abayomi Brame          (510) 410-3366

2.    Identify each person, including but not limited to, any of your employees, agents, contractors, volunteers, vendors, customers, or other any non-party known to you, or could be ascertained by you through a review of any security camera footage, employee timecards, customer receipts, vendor receipts, or any other such similar information, that was involved in and/or witnessed any portion of the interaction between any of your personnel and Jonathan Hirsch on October 26, 2024. Include in your response the full names, addresses, and all known telephone numbers for each person identified.

**ANSWER:**

Objection: Plaintiff cannot require a responding party to review specified materials when responding to interrogatories. Subject to that objection:

Jonathan Hirsch c/o counsel

Gabriel Garay c/o counsel Glenn Katon

Jihad Dphrepaulezz    (510) 833-0394

Nailah Yafin c/o counsel Glenn Katon

Rena Raven Don c/o Rick Lambert, Gordon Rees Scully Mansukhani, LLP

Kari Allyson Jaick, 564 47th St, Oakland, CA 94609 (973) 214-5421

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

Teresa Igler    (973) 954-0541

Syeda Ali    (860) 778-8822

3.    Identify all incidents since January 1, 2023 where any person or persons was asked to leave JCH and/or JBC and provide (a) the date of each incident, (b) the identity of the person or persons, (c) the full names and contact information of anyone who was involved in and/or witnessed the incident, and (d) the reason why that person or persons was asked to leave, including whether the person or persons' religion, race, ethnicity, ancestry or political views were a factor.

**ANSWER:**

Objection: This interrogatory is compound in that it includes subparts that are discrete, separate subjects. Subject to that objection, Harara demanded Jonathan Hirsch leave because he caused a disruption with customers at the café. See the response to the preceding interrogatory for additional responsive information.

4.    Describe all your unwritten policies, procedures, rules, or guidelines concerning serving your customers, including but not limited to any unwritten policies, procedures, rules, or guidelines as to how you handle any claims of discrimination based upon religion, race, ethnicity, ancestry, or national origin and/or when you may refuse a customer service or remove a customer from your premises.

**ANSWER:**

None

5.    Identify all employees, agents, contractors, volunteers, interns, or other persons who have worked at JCH since January 1, 2023 and provide their full names, dates of employment or engagement, job duties, and most recent contact information in your possession.

**ANSWER:**

DEFENDANT JBC'S RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

1    Gabriel Garay c/o counsel Glenn Katon

2    Nailah Yafin c/o counsel Glenn Katon

3    Sarah Dibas c/o counsel Glenn Katon

4

5    6.    Identify all social media, ecommerce, and/or software development application

6    accounts that you own or maintain, including but not limited to accounts on Instagram, X (formerly

7    known as Twitter), Facebook, Bluesky, Pinterest, WhatsApp, Github, Yelp, Etsy, and/or eBay  or

8    any other similar social-media platform from January 1, 2023 to present.

9    **ANSWER:**

10    Instagram (jerusalemcoffeehouse, jerusalemboxingclub)

11

12

13    7.    Identify all persons that have or have previously had any ownership interest in JBC

14    and describe each ownership interest, including the percentage of such ownership interest and the

15    time period that such ownership interest was held.

16    **ANSWER:**

17    Abdulrahim Harara, 100%, always

18

19

20    8.    Identify all persons that have or have previously had any ownership interest in JCH

21    and describe each ownership interest, including the percentage of such ownership interest and the

22    time period that such ownership interest was held.

23    **ANSWER:**

24    JCH is a name, not a business entity, so it does not have owners.

25

26    9.    Describe the relationships between (sic) JCH, JBC, and Native Grounds.

27    **ANSWER:**

28

DEFENDANT JBC'S RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES
Case No. 3:25-cv-02060-SI                                                                 Page 4

Objection: Vague. Subject to that objection, JBC owns and operates JCH. Native Grounds has never been an operating business, so it has no relation to JCH or JBC other than that Abdulrahim Harara is owner.

10.     Describe your business and identify all sources of revenue and the amounts of revenue received each month since the date of your incorporation.

   **ANSWER:**

Objection: This interrogatory seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to that objection, JBC operates a community café that serves coffee and food and hosts events. It also provides self-defense training for women.

11.     Identify all documents referred to, reviewed, relied upon, or consulted in preparing your answers to any of Mr. Radice's Requests or Interrogatories, and each person who is a custodian of any documents related to the subject matter of each of your responses to these Interrogatories.

   **ANSWER:**

Phone contacts of Abdulrahim Harara

12.     Identify every person that you consulted, relied upon, or otherwise constituted a source of information for you in connection with the preparation of your responses to Mr. Radice's Interrogatories or Requests and list with respect to each of those persons the Requests and/or Interrogatories with respect to which they were consulted, relied upon, or otherwise constituted a source of information. Include in your response the full names, addresses, and all known telephone numbers for each person identified.

   **ANSWER:**

Objection: This interrogatory encompasses information protected against disclosure by the attorney-client privilege. Subject to that objection: Glenn Katon, Walter Riley.

DEFENDANT JBC'S RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

1

2          13.       Identify all individuals with knowledge about the facts and circumstances alleged

3    in the Complaint or your Answer, the events that gave rise to the Complaint, any issues that relate

4    to the Complaint or your Answer, or any claim asserted in the Complaint or any affirmative

5    defense asserted in your Answer. Include in your response the full and complete names,

6    addresses, and all known telephone numbers for each person identified, and describe the facts or

7    circumstances You know or believe each individual may have relating to this Action.

8          **ANSWER:**

9          Objection: this interrogatory is overbroad, vague, confusing, and compound in that it

10    includes subparts that are discrete, separate subjects. The information sought is duplicative of

11    Plaintiff's other discovery requests.

12

13

14    OBJECTIONS:

15                                         /s/ Glenn Katon
                                           Glenn Katon

16                                         ATTORNEY FOR DEFENDANTS JERUSALEM
                                           BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
17                                         and ABDULRAHIM HARARA

18

19    ANSWERS:

20          I declare under penalty of perjury that the foregoing is true and correct. Executed on

21    December 10, 2025.

22

23                                         _____
                                           Abdulrahim Harara on behalf of JBC
24

25

26

27

28

DEFENDANT JBC'S RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES
Case No. 3:25-cv-02060-SI                                                            Page 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I certify that on December 10, 2025, I served the foregoing document by email on counsel for Plaintiff:

Michael D. Meuti mmeuti@beneschlaw.com
David M. Hopkins dhopkins@beneschlaw.com
Corena G. Larimer clarimer@adl.org
James Pasch jpasch@adl.org
Brendan Hogan bhogan@adl.org

/s/ Glenn Katon
Glenn Katon

Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
and ABDULRAHIM HARARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE,<br><br>        Plaintiff,<br><br>    v.<br><br>JERUSALEM BOXING CLUB, LLC;<br>NATIVE GROUNDS, INC.;<br>ABDULRAHIM HARARA; DOES 1–20,<br><br>        Defendants. | Case No.  3:25-cv-02060-SI<br><br>**DEFENDANT NATIVE GROUNDS, INC.'S RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES** |

Defendant Native Grounds, Inc. (Native Grounds) serves this Response to Plaintiff Radice's First Set of Interrogatories. Native Grounds objects to the Preamble, Instructions, and Definitions to the extent they would impose greater demands on Native Grounds than provided by the Federal Rules of Civil Procedure and the Local Rules of this Court. Native Grounds further objects to the confusion created by the reference to "Defendants," plural, responding and the footer identify the interrogatories to Defendant Harara.

    1.    Identify each person, including but not limited to, any of your employees, agents, contractors, volunteers, vendors, customers, or any other non-party known to you, or could be ascertained by you through a review of any security camera footage, employee timecards, customer

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

1  receipts, vendor receipts, or any other such similar information, that was involved in and/or

2  witnessed any portion of the interaction between any of your personnel and Mr. Radice on July 10,

3  2024 and/or August 3, 2024. Include in your response the full names, addresses, and all known

4  telephone numbers for each person identified.

5          **ANSWER:**

6          Objection: Plaintiff cannot require a responding party to review specified materials when

7  responding to interrogatories. Subject to that objection:

8          Gabriel Garay          c/o counsel Glenn Katon

9          Jihad Dphrepaulezz    (510) 833-0394

10         Abayomi Brame          (510) 410-3366

11

12         2.      Identify each person, including but not limited to, any of your employees, agents,

13 contractors, volunteers, vendors, customers, or other any non-party known to you, or could be

14 ascertained by you through a review of any security camera footage, employee timecards, customer

15 receipts, vendor receipts, or any other such similar information, that was involved in and/or

16 witnessed any portion of the interaction between any of your personnel and Jonathan Hirsch on

17 October 26, 2024. Include in your response the full names, addresses, and all known telephone

18 numbers for each person identified.

19         **ANSWER:**

20         Objection: Plaintiff cannot require a responding party to review specified materials when

21 responding to interrogatories. Subject to that objection:

22         Jonathan Hirsch c/o counsel

23         Gabriel Garay c/o counsel Glenn Katon

24         Jihad Dphrepaulezz    (510) 833-0394

25         Nailah Yafin c/o counsel Glenn Katon

26         Rena Raven Don c/o Rick Lambert, Gordon Rees Scully Mansukhani, LLP

27         Kari Allyson Jaick, 564 47th St, Oakland, CA 94609 (973) 214-5421

28         Teresa Igler    (973) 954-0541

Syeda Ali      (860) 778-8822

3.      Identify all social media, ecommerce, and/or software development application accounts that you own or maintain, including but not limited to accounts on Instagram, X (formerly known as Twitter), Facebook, Bluesky, Pinterest, WhatsApp, Github, Yelp, Etsy, and/or eBay or any other similar social-media platform from January 1, 2023 to present.

**ANSWER:**

None

4.      Identify all persons that have or have previously had any ownership interest in Native Grounds and describe each ownership interest including the percentage of such ownership interest and the time period that such ownership interest was held. Include in your response the full names, addresses, and all known telephone numbers for each person identified.

**ANSWER:** Abdulrahim Harara, 100%, always

5.      Describe your business and identify all sources of revenue and the amounts of revenue received each month since the date of your incorporation.

**ANSWER:**

Objection: This interrogatory seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to that objection, there is no operating business.

6.      Identify all documents referred to, reviewed, relied upon, consulted in preparing your answers to any of Mr. Radice's Requests or Interrogatories, and each person who is a custodian of any documents related to the subject matter of each of your responses to these Interrogatories.

**ANSWER:**

None

7.    Identify every person that you consulted, relied upon, or otherwise constituted a source of information for you in connection with the preparation of your responses to Mr. Radice's Interrogatories or Requests and list with respect to each of those persons the Requests and/or Interrogatories with respect to which they were consulted, relied upon, or otherwise constituted a source of information. Include in your response the full names, addresses, and all known telephone numbers for each person identified.

**ANSWER:**

Objection: This interrogatory encompasses information protected against disclosure by the attorney-client privilege. Subject to that objection: Glenn Katon, Walter Riley.

8.    Identify all individuals with knowledge about the facts and circumstances alleged in the Complaint or your Answer, the events that gave rise to the Complaint, any issues that relate to the Complaint or your Answer, or any claim asserted in the Complaint or any affirmative defense asserted in your Answer. Include in your response the names, addresses, and all known telephone numbers for each person identified, and describe the facts or circumstances you know or believe each individual may have relating to this Action.

**ANSWER:**

Objection: this interrogatory is overbroad, vague, confusing, and compound in that it includes subparts that are discrete, separate subjects. The information sought is duplicative of Plaintiff's other discovery requests.

OBJECTIONS:

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR DEFENDANTS JERUSALEM BOXING CLUB, LLC, NATIVE GROUNDS, INC., and ABDULRAHIM HARARA

DEFENDANT NATIVE GROUNDS' RESPONSE TO RADICE'S FIRST SET OF INTERROGATORIES Case No. 3:25-cv-02060-SI                Page 4

ANSWERS:

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 10, 2025.

_____
Abdulrahim Harara on behalf of Native Grounds

CERTIFICATE OF SERVICE

      I certify that on December 10, 2025, I served the foregoing document by email on counsel for Plaintiff:

      Michael D. Meuti mmeuti@beneschlaw.com
      David M. Hopkins dhopkins@beneschlaw.com
      Corena G. Larimer clarimer@adl.org
      James Pasch jpasch@adl.org
      Brendan Hogan bhogan@adl.org

                  /s/ Glenn Katon
                  Glenn Katon

Doc ID: 65ba4702c3753e2bb1c742771859bd7ed9fe8ee7

Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
and ABDULRAHIM HARARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE,<br><br>Plaintiff,<br><br>v.<br><br>JERUSALEM BOXING CLUB, LLC;<br>NATIVE GROUNDS, INC.;<br>ABDULRAHIM HARARA; DOES 1–20,<br><br>Defendants. | Case No.  3:25-cv-02060-SI<br><br>**DEFENDANT HARARA'S RESPONSES TO MICHAEL RADICE'S FIRST SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF REQUESTS FOR ADMISSION** |

Defendant Abdulrahim Harara (Harara or Defendant) responds to Plaintiff Michael

Radice's First Set of Requests for Production and First Set of Requests for Admission as follows:

Harara objects to the Definitions and Instructions to the extent they purport to impose

greater obligations on Harara than those provided by the Federal Rules of Civil Procedure. This

includes, but is not limited to, ¶¶ 18-21 of the Definitions and ¶ 1 of the Instructions. Responsive

records will be produced on a rolling basis, to be completed by October 28, 2025.

## RESPONSES TO DOCUMENTS REQUESTED

1.     All Documents and Communications concerning your interaction with Mr. Radice

on or about July 10, 2024 and/or August 3, 2024, including but not limited to all recordings,

1   written records, and police or internal incident reports.

2          RESPONSE: Objection: this request seeks records protected against disclosure by the

3   attorney-client and attorney work-product privileges, upon which records are withheld.

4   Documents filed with the court in this case or Case No. 3:25-cv-04849-SI, or communicated with

5   Plaintiff Radice's counsel, will not be produced.

6          2.    All Documents and Communications concerning your interaction with Jonathan

7   Hirsch on or about October 26, 2024, including but not limited to all recordings, written records,

8   and police or internal incident reports.

9          RESPONSE: Objection: this request seeks records protected against disclosure by the

10  attorney-client and attorney work-product privileges, upon which records are withheld.

11  Documents filed with the court in this case or Case No. 3:25-cv-04849-SI, or communicated with

12  Plaintiff Radice's counsel, will not be produced.

13         3.    All Documents and Communications concerning any customers removed or

14  ejected from JCH.

15         RESPONSE: Objection: this request seeks records protected against disclosure by the

16  attorney-client and attorney work-product privileges, upon which records are withheld.

17         4.    All Documents and Communications concerning any incidents with customers that

18  you contend were staged.

19         RESPONSE: Objection: this request seeks records protected against disclosure by the

20  attorney-client and attorney work-product privileges, upon which records are withheld.

21         5.    Documents and Communications sufficient to identify all your employees, their

22  job titles, and their job responsibilities.

23         RESPONSE: Objection: this request is vague, overbroad, and seeks records protected

24  against disclosure by the attorney-client and attorney work-product privileges, upon which

25  records are withheld.

26         6.    All Documents and Communications identifying all employees, contractors,

27  volunteers, or other Persons who worked at JCH on July 10, 2024, August 3, 2024, or October 26,

28  2024, including but not limited to all employee timesheets for the months of July, August, and

1  October 2024.

2  RESPONSE: Objection: this request is vague, overbroad, and seeks records protected

3  against disclosure by the attorney-client and attorney work-product privileges, upon which

4  records are withheld.

5  7. All Documents and Communications relevant to the "Iced In Tea Fada" offered on

6  JCH's menu, including documents identifying when the item was offered, how the name was

7  selected, who was responsible for naming the item, and the reasons for introducing it as a menu

8  item.

9  RESPONSE: Objection: this request is vague, overbroad, and seeks records protected

10  against disclosure by the attorney-client and attorney work-product privileges, upon which

11  records are withheld.

12  8. All Documents and Communications relevant to the "Sweet Sinwar" offered on

13  JCH's menu, including documents identifying when the item was offered, how the name was

14  selected, who was responsible for naming the item, and the reasons for introducing it as a menu

15  item.

16  RESPONSE: Objection: this request is vague, overbroad, and seeks records protected

17  against disclosure by the attorney-client and attorney work-product privileges, upon which

18  records are withheld.

19  9. All Documents and Communications concerning any menus that you displayed, or

20  considered displaying at JCH, including but not limited to all Documents and Communications

21  concerning the menu included in Paragraph 65 of Mr. Radice's Complaint.

22  RESPONSE: Objection: this request is overbroad and seeks records protected against

23  disclosure by the attorney-client and attorney work-product privileges, upon which records are

24  withheld.

25  10. All Documents and Communications, including but not limited to photographs and

26  videos, concerning or depicting the interior or exterior of the building in which JCH is housed,

27  including signage, symbols, or decor, as displayed from July 1, 2024 through October 31, 2024.

28  RESPONSE: Objection: this request is vague, overbroad, and seeks records protected

against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

11.    All Documents and Communications concerning any social-media posts by you, including but not limited to those made on Instagram, Facebook, WhatsApp, or any other similar social-media platform from January 1, 2023 to present.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges. The request is also not proportional to the needs of the case. Pursuant to those objections, Defendant is not producing any responsive records.

12.    All statements authored by you, including those published on company or organizational web pages or social-media platforms relating to Jewish people.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

13.    All Documents and Communications concerning any relationship between JBC and Native Grounds, including but not limited to all contracts between JBC and Native Grounds.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

14.    All Documents and Communications concerning your ability to sell food and beverages to the public, including but not limited to business licenses, health permits, or other government-issued authorizations.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges. Further, this request is not relevant to any party's claim or defense or proportional to the needs of the case. Pursuant to those objections, Defendant is not producing any responsive records.

15.    All Documents and Communications concerning any customer complaints made against you.

RESPONSE: Objection: this request is overbroad and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

16.    All Documents and Communications concerning any governmental or regulatory violations by you including, but not limited to, health code violations and police citations.

RESPONSE: Objection: this request is overbroad and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

17.    All Documents and Communications concerning your assertion in Paragraph 40 of your Answer that "Am Yisrael Chai" does not  "simply mean[] 'the people of Israel live.'"

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

18.    All Documents and Communications concerning the "conduct" that you allege Mr. Radice was engaged in in Paragraph 74 of your Answer.

RESPONSE: Objection: Paragraph 74 of the Answer does not relate to conduct that Defendant alleges Mr. Radice was engaged in.

19.    All Documents and Communications concerning your assertion in Paragraph 82 of Your Answer that Mr. Radice was not "attempt[ing] to purchase a cookie" when he visited JCH on August 3, 2024.

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

20.    All Documents and Communications concerning your assertion in Paragraph 83 of your Answer denying that "Defendants refused to serve Mr. Radice" on August 3, 2024.

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

21.    All Documents and Communications concerning the affirmative defense in your Answer stating that Mr. Radice is "barred from equitable relief by the doctrine of unclean hands."

RESPONSE: Objection: this request seeks records protected against disclosure by the

attorney-client and attorney work-product privileges, upon which records are withheld.

22.     Documents and Communications sufficient to identify your assets—including but not limited to bank accounts, real estate, and personal property—and the value thereof.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges. Further, this request is not relevant to any party's claim or defense or proportional to the needs of the case such that Defendant will not produce any responsive records.

23.     To the extent not otherwise requested above, all additional Documents and Communications containing information relevant to the claims and issues in this Action, including but not limited to all Documents not previously requested that You intend to introduce as exhibits at a hearing and/or trial or during any deposition conducted in this matter.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

## **REQUESTS FOR ADMISSION**

1.     Admit that you formed JBC in February 2023.

RESPONSE: Admit

2.     Admit that JBC is a "wellness" business.

RESPONSE: Admit

3.     Admit that JBC is not a "wellness" business.

RESPONSE: Deny

4.     Admit that JBC had revenues in 2024.

RESPONSE: Admit

5.     Admit that JBC had revenues in 2025.

RESPONSE: Admit

6.     Admit that JBC operates JCH.

RESPONSE: Deny

1       7.      Admit that written policies and procedures govern JCH's operations.

2       RESPONSE: Deny

3       8.      Admit that JCH has employees.

4       RESPONSE: Admit

5       9.      Admit that JCH has written policies and/or procedures governing employee

6   conduct.

7       RESPONSE: Deny

8       10.     Admit that all of JBC's 2024 revenues came from JCH's operations.

9       RESPONSE: Objection: this request is not relevant to any party's claim or defense or

10  proportional to the needs of the case.

11      11.     Admit that all of JBC's 2025 revenues came from JCH's operations.

12      RESPONSE: Objection: this request is not relevant to any party's claim or defense or

13  proportional to the needs of the case.

14      12.     Admit that any portion of JBC's 2024 revenues came from something other than

15  JCH's operations.

16      RESPONSE: Objection: this request is not understandable and is not relevant to any

17  party's claim or defense or proportional to the needs of the case.

18      13.     Admit that any portion of JBC's 2025 revenues came from something other than

19  JCH's operations.

20      RESPONSE: Objection: this request is not understandable and is not relevant to any

21  party's claim or defense or proportional to the needs of the case.

22      14.     Admit that Native Grounds is a for-profit entity.

23      RESPONSE: Admit

24      15.     Admit that you were the Chief Executive Officer of Native Grounds from at least

25  July 10, 2024 through August 3, 2024.

26      RESPONSE: Admit

27      16.     Admit that you were the Chief Financial Officer of Native Grounds from at least

28  July 10, 2024 through August 3, 2024.

1    RESPONSE: Admit

2    17.    Admit that you were the corporate Secretary of Native Grounds from at least July

3    10, 2024 through August 3, 2024.

4    RESPONSE: Admit

5    18.    Admit that you were the lone Director on the Board of Directors of Native

6    Grounds, from at least July 10, 2024 through August 3, 2024.

7    RESPONSE: Admit

8    19.    Admit that you are currently the Chief Executive Officer of Native Grounds.

9    RESPONSE: Admit

10    20.    Admit that you are still the corporate Secretary of Native Grounds.

11    RESPONSE: Admit

12    21.    Admit that you are still the lone Director on the Board of Directors of Native

13    Grounds.

14    RESPONSE: Admit

15    22.    Admit that you operate JCH.

16    RESPONSE: Admit

17    23.    Admit that you hold yourself out to be the proprietor of JCH.

18    RESPONSE: Admit

19    24.    Admit that on or about July 10, 2024, a JCH employee observed Mr. Radice

20    walking along the sidewalk outside JCH.

21    RESPONSE: Admit

22    25.    Admit that on or about July 10, 2024, a JCH employee observed Mr. Radice

23    wearing a hat with a Star of David emblazoned on it.

24    RESPONSE: Admit

25    26.    Admit that the employee who observed Mr. Radice walking along the sidewalk

26    outside JCH on or about July 10, 2024 saw the hat Mr. Radice was wearing with a Star of David

27    emblazoned on it.

28    RESPONSE: Admit

27.    Admit that the employee who observed Mr. Radice walking along the sidewalk outside JCH on or about July 10, 2024 believed that Mr. Radice was Jewish.

RESPONSE: Deny

28.    Admit that JCH offered beverage items for sale to the public in August 2024

RESPONSE: Admit

29.    Admit that JCH currently offers beverage items for sale to the public.

RESPONSE: Admit

30.    Admit that JCH has offered beverage items for sale to the public at all times since its opening.

RESPONSE: Admit

31.    Admit that JCH offered food items for sale to the public in August 2024.

RESPONSE: Admit

32.    Admit that JCH currently offers food items for sale to the public.

RESPONSE: Admit

33.    Admit that JCH has offered items for sale to the public at all times since its opening.

RESPONSE: Admit

34.    Admit that JCH's menu included food items for sale to the public in August 2024.

RESPONSE: Admit

35.    Admit that JCH's menu currently includes food items for sale to the public.

RESPONSE: Admit

36.    Admit that JCH's menu has included food items for sale to the public at all times since its opening.

RESPONSE: Deny

37.    Admit that JCH's food offerings in August 2024 included items such as focaccia, muffins, and cookies.

RESPONSE: Admit

38.    Admit that JCH's food offerings currently include items such as focaccia, muffins,

1    and cookies.

2         RESPONSE: Admit

3         39.    Admit that JCH's food offerings have included items such as focaccia, muffins,

4    and cookies at all times since its opening.

5         RESPONSE: Deny

6         40.    Admit that JCH's menu was publicly accessible on Instagram in August 2024.

7         RESPONSE: Admit

8         41.    Admit that JCH's menu is currently publicly accessible on Instagram.

9         RESPONSE: Admit

10        42.    Admit that JCH's menu has been publicly accessible on Instagram at all times

11   since its opening.

12        RESPONSE: Admit

13        43.    Admit that JCH's menu was publicly accessible on Facebook in August 2024.

14        RESPONSE: Deny

15        44.    Admit that JCH's menu is currently publicly accessible on Facebook.

16        RESPONSE: Deny

17        45.    Admit that JCH's menu has been publicly accessible on Facebook at all times

18   since its opening.

19        RESPONSE: Deny

20        46.    Admit that JCH's menu was publicly accessible on X (formerly known as

21   "Twitter") in August 2024.

22        RESPONSE: Deny

23        47.    Admit that JCH's menu is currently publicly accessible on X (formerly known as

24   "Twitter").

25        RESPONSE: Deny

26        48.    Admit that JCH's menu has been publicly accessible on X (formerly known as

27   "Twitter") at all times since its opening.

28        RESPONSE: Deny

49.    Admit that on July 10, 2024, JCH sold food items.

RESPONSE: Admit

50.    Admit that on August 3, 2024, JCH sold food items.

RESPONSE: Admit

51.    Admit that during the Fall of 2024, the "Sweet Sinwar" drink appeared on JCH's menu.

RESPONSE: Admit

52.    Admit the name "Sweet Sinwar" used for the drink offered at JCH during the fall of 2024 referred to Yahya Sinwar.

RESPONSE: Admit

53.    Admit that, to the best of your understanding, Yahya Sinwar was the leader of Hamas in 2023.

RESPONSE: Deny

54.    Admit that during the fall of 2024, JCH offered a drink named the "Iced In Tea Fada."

RESPONSE: Admit

55.    Admit that the menu item "Iced in Tea Fada" refers to the term "intifada."

RESPONSE: Admit

56.    Admit that JCH's menu and building featured inverted red triangles.

RESPONSE: Admit

57.    Admit that on or about October 7, 2024, the version of JCH's menu that featured the "Iced In Tea Fada" and "Sweet Sinwar" drinks also included inverted red triangle symbols.

RESPONSE: Admit

58.    Admit that on or about October 29, 2024, you called the police to remove Jonathan Hirsch from JCH.

RESPONSE: Deny

59.    Admit that Jonathan Hirsch was wearing a hat with a white Star of David while he was in JCH on or about October 29, 2024.

1    RESPONSE: Deny

2    60.    Admit that Jonathan Hirsch was wearing a hat with a white Star of David when

3    you called the police to remove him from JCH on or about October 29, 2024.

4    RESPONSE: Deny

5    61.    Admit that you asked Jonathan Hirsch to leave JCH more than once during his

6    visit on or about October 29, 2024.

7    RESPONSE: Deny

8    62.    Admit that Jonathan Hirsch's hat was at least one of the reasons he was asked to

9    leave JCH during his visit on or about October 29, 2024.

10    RESPONSE: Deny

11    63.    Admit that Jonathan Hirsch's hat is what triggered your confrontation with Mr.

12    Hirsch during his visit to JCH on or about October 29, 2024.

13    RESPONSE: Deny

14    64.    Admit that You were acting as JCH's owner when he confronted Mr. Hirsch in

15    JCH on October 29, 2024.

16    RESPONSE: Objection: This request is not understandable because it is not ascertainable

17    who "he" is.

18    65.    Admit that you were acting as JCH's operator when he confronted Mr. Hirsch in

19    JCH on October 29, 2024.

20    RESPONSE: Objection: This request is not understandable because it is not ascertainable

21    who "he" is.

22    66.    Admit that the Star of David is a widely recognized Jewish symbol.

23    RESPONSE: Admit

24    67.    Admit that you called Jonathan Hirsch's hat "a violent hat" during Mr. Hirsch's

25    visit to JCH on or about October 29, 2024

26    RESPONSE: Deny

27    68.    Admit that when you described Jonathan Hirsch's hat as a "violent hat" during his

28    visit to JCH on or about October 29, 2024, he was referring to the Star of David symbol featured

1    on that hat.

2        RESPONSE: Objection: This request is not understandable because it is not ascertainable

3    who "he" is.

4        69.    Admit that on October 29, 2024, you told Jonathan Hirsch, "Get out of my

5    business. ... This hat is a violent hat, and you need to leave."

6        RESPONSE: Deny

7        70.    Admit that on October 29, 2024, Jonathan Hirsch told you that he could not kick

8    someone out of the establishment only because of the religious symbol on the hat.

9        RESPONSE: Objection: This request is not understandable because it is not ascertainable

10   who "he" is.

11       71.    Admit that on October 29, 2024, you responded to Mr. Hirsch's assertion that he

12   could not kick someone out of JCH only because of the religious symbol on his hat by saying,

13   "Yeah, I can. It's my business."

14       RESPONSE: Objection: This request is not understandable because it is not ascertainable

15   who "he" is.

16       72.    Admit that on October 29, 2024, you asked Jonathan Hirsch if he was a Zionist

17   multiple times.

18       RESPONSE: Deny

19       73.    Admit that a JCH employee spoke to Plaintiff outside JCH on July 10, 2024.

20       RESPONSE: Deny

21       74.    Admit that a JCH employee asked Plaintiff on July 10, 2024 whether he was a

22   Zionist.

23       RESPONSE: Deny

24       75.    Admit that one of the JCH employees who spoke to Plaintiff outside JCH on July

25   10, 2024 was Gabriel Garay.

26       RESPONSE: Deny

27       76.    Admit that you spoke to Plaintiff outside JCH on July 10, 2024.

28       RESPONSE: Deny

77.     Admit that Plaintiff visited JCH on August 3, 2024.

RESPONSE: Admit

78.     Admit that you were working at JCH on August 3, 2024.

RESPONSE: Admit

79.     Admit that on August 3, 2024, Plaintiff approached the counter at JCH.

RESPONSE: Deny

80.     Admit that on August 3, 2024, in addition to Plaintiff and you, at least two other JCH employees you knew were present inside JCH.

RESPONSE: Deny

81.     Admit that you asked Plaintiff—on August 3, 2024—whether he was a Zionist.

RESPONSE: Admit

82.     Admit that Plaintiff expressed his intention to make a purchase from JCH during his visit to JCH on August 3, 2024.

RESPONSE: Deny

83.     Admit that when Mr. Radice visited JCH on or about August 3, 2024, he ordered a food item.

RESPONSE: Deny

84.     Admit that on August 3, 2024, food items were visibly displayed and could be seen by customers standing at the counter inside JCH.

RESPONSE: Admit

85.     Admit that on August 3, 2024, JCH offered food items available for sale to the public.

RESPONSE: Admit

86.     Admit that an employee of JCH recognized Plaintiff during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Admit

87.     Admit that an employee of JCH commented on Plaintiff's Jewish identity during Plaintiff's visit to JCH on August 3, 2024.

1    RESPONSE: Deny

2    88.    Admit that you asked the Plaintiff to leave JCH before the Plaintiff purchased

3    anything during Plaintiff's visit to JCH on August 3, 2024.

4    RESPONSE: Deny

5    89.    Admit that you asked Plaintiff to leave JCH before fulfilling Plaintiff's request to

6    purchase food during Plaintiff's visit to JCH on August 3, 2024.

7    RESPONSE: Deny

8    90.    Admit that when Plaintiff visited JCH on or about August 3, 2024, JCH employees

9    did not provide him with a food item at any time.

10    RESPONSE: Admit

11    91.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of

12    JCH employees believed that Mr. Radice identified as Jewish.

13    RESPONSE: Deny

14    92.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of

15    JCH employees believed that Mr. Radice had Jewish ancestry.

16    RESPONSE: Deny

17    93.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of

18    JCH employees believed that Mr. Radice practiced Judaism.

19    RESPONSE: Deny

20    94.    Admit that when Plaintiff visited JCH on or about August 3, 2024, JCH employees

21    refused to serve Mr. Radice.

22    RESPONSE: Deny

23    95.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of

24    JCH employees instructed Mr. Radice to leave JCH.

25    RESPONSE: Deny

26    96.    Admit that you asked the Plaintiff to leave before the Plaintiff could purchase

27    anything during Plaintiff's visit to JCH on August 3, 2024.

28    RESPONSE: Deny

97.    Admit that an employee of JCH other than you told the Plaintiff to leave before he could make a purchase during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR DEFENDANTS JERUSALEM BOXING CLUB, LLC, NATIVE GROUNDS, INC., and ABDULRAHIM HARARA

CERTIFICATE OF SERVICE

I certify that I served the foregoing document by email to the following email addresses on the date indicated below: DHopkins@beneschlaw.com, MMeuti@beneschlaw.com, jpasch@adl.org, clarimer@adl.org, bhogan@adl.org

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2025.

/s/ Glenn Katon
Glenn Katon

1

Glenn Katon (SBN 281841)
KATON.LAW

2

385 Grand Avenue, Suite 200
Oakland, CA 94610

3

gkaton@katon.law
(510) 463-3350

4

(510) 463-3349 (fax)

5

ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,

6

and ABDULRAHIM HARARA

7

8

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

10

11

MICHAEL RADICE,

Case No.  3:25-cv-02060-SI

12

Plaintiff,

13

v.

**DEFENDANT JERUSALEM BOXING
CLUB, LLC'S RESPONSE TO MICHAEL
RADICE'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS
AND FIRST SET OF REQUESTS FOR
ADMISSION**

14

JERUSALEM BOXING CLUB, LLC;
NATIVE GROUNDS, INC.;
ABDULRAHIM HARARA; DOES 1–20,

15

16

Defendants.

17

18

Defendant Jerusalem Boxing Club, LLC (JBC or Defendant) responds to Plaintiff Michael

19

Radice's First Set of Requests for Production and First Set of Requests for Admission as follows:

20

21

JBC objects to the Definitions and Instructions to the extent they purport to impose greater

22

obligations on JBC than those provided by the Federal Rules of Civil Procedure. This includes,

23

but is not limited to, ¶¶ 18-21 of the Definitions and ¶ 1 of the Instructions. Responsive records

24

will be produced on a rolling basis, to be completed by October 28, 2025.

25

26

**RESPONSES TO DOCUMENTS REQUESTED**

27

1.    All Documents and Communications concerning your interaction with Mr. Radice

28

on or about July 10, 2024 and/or August 3, 2024, including but not limited to all recordings, written

1   records, and police or internal incident reports.

2          <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

3   attorney-client and attorney work-product privileges, upon which records are withheld.

4   Documents filed with the court in this case or Case No. 3:25-cv-04849-SI, or communicated with

5   Plaintiff Radice's counsel, will not be produced.

6          2.      All Documents and Communications concerning your interaction with Jonathan

7   Hirsch on or about October 26, 2024, including but not limited to all recordings, written records,

8   and police or internal incident reports.

9          <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

10  attorney-client and attorney work-product privileges, upon which records are withheld.

11  Documents filed with the court in this case or Case No. 3:25-cv-04849-SI, or communicated with

12  Plaintiff Radice's counsel, will not be produced.

13         3.      All Documents and Communications concerning any customers removed or

14  ejected from JCH.

15         <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

16  attorney-client and attorney work-product privileges, upon which records are withheld.

17         4.      All Documents and Communications concerning any incidents with customers that

18  you contend were staged.

19         <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

20  attorney-client and attorney work-product privileges, upon which records are withheld.

21         5.      Documents and Communications sufficient to identify all your employees, their

22  job titles, and their job responsibilities.

23         <u>RESPONSE</u>: Objection: this request is vague, overbroad, and seeks records protected

24  against disclosure by the attorney-client and attorney work-product privileges, upon which

25  records are withheld.

26

27

28

6.      All Documents and Communications identifying all employees, contractors, volunteers, or other Persons who worked at JCH on July 10, 2024, August 3, 2024, or October 26, 2024, including but not limited to all employee timesheets for the months of July, August, and October 2024.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

7.      All Documents and Communications relevant to the "Iced In Tea Fada" offered on JCH's menu, including documents identifying when the item was offered, how the name was selected, who was responsible for naming the item, and the reasons for introducing it as a menu item.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

8.      All Documents and Communications relevant to the "Sweet Sinwar" offered on JCH's menu, including documents identifying when the item was offered, how the name was selected, who was responsible for naming the item, and the reasons for introducing it as a menu item.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

9.      All Documents and Communications concerning any menus that you displayed, or considered displaying at JCH, including but not limited to all Documents and Communications concerning the menu included in Paragraph 65 of Mr. Radice's Complaint.

RESPONSE: Objection: this request is overbroad and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

1     10.     All Documents and Communications, including but not limited to photographs and

2  videos, concerning or depicting the interior or exterior of the building in which JCH is housed,

3  including signage, symbols, or decor, as displayed from July 1, 2024 through October 31, 2024.

4     RESPONSE: Objection: this request is vague, overbroad, and seeks records protected

5  against disclosure by the attorney-client and attorney work-product privileges, upon which

6  records are withheld.

7     11.     All Documents and Communications concerning any social-media posts by you,

8  including but not limited to those made on Instagram, Facebook, WhatsApp, or any other similar

9  social-media platform from January 1, 2023 to present.

10     RESPONSE: Objection: this request is vague, overbroad, and seeks records protected

11  against disclosure by the attorney-client and attorney work-product privileges. The request is also

12  not proportional to the needs of the case. Pursuant to those objections, Defendant is not producing

13  any responsive records.

14     12.     All Documents and Communications concerning any social-media policies that

15  you may have.

16     RESPONSE: Objection: this request seeks records protected against disclosure by the

17  attorney-client and attorney work-product privileges, upon which no records are withheld.

18     13.     All Documents and Communications concerning the structure and ownership of

19  JBC.

20     RESPONSE: Objection: this request is vague, overbroad and seeks records protected

21  against disclosure by the attorney-client and attorney work-product privileges, upon which

22  records are withheld.

23     14.     All Documents and Communications identifying JBC's operations, including any

24  publishing polices or procedures.

25     RESPONSE: Objection: this request is vague, overbroad and seeks records protected

26  against disclosure by the attorney-client and attorney work-product privileges, upon which

27  records are withheld.

28

1

2   15. All Documents and Communications concerning any relationship between JBC

3 and Native Grounds, including but not limited to all contracts between JBC and Native Grounds.

4   <u>RESPONSE</u>: Objection: this request is vague, overbroad, and seeks records protected

5 against disclosure by the attorney-client and attorney work-product privileges, upon which no

6 records are withheld.

7   16. All Documents and Communications concerning your ability to sell food and

8 beverages to the public, including but not limited to business licenses, health permits, or other

9 government-issued authorizations.

10   <u>RESPONSE</u>: Objection: this request is vague, overbroad, and seeks records protected

11 against disclosure by the attorney-client and attorney work-product privileges. Further, this

12 request is not relevant to any party's claim or defense or proportional to the needs of the case.

13 Pursuant to those objections, Defendant is not producing any responsive records.

14   17. All Documents and Communications relating to employee training, including but

15 not limited to all employee manuals or handbooks.

16   <u>RESPONSE</u>: Objection: this request is overbroad, and seeks records protected against

17 disclosure by the attorney-client and attorney work-product privileges, upon which no records are

18 withheld.

19   18. All Documents and Communications concerning any customer complaints made

20 against you.

21   <u>RESPONSE</u>: Objection: this request is overbroad and seeks records protected against

22 disclosure by the attorney-client and attorney work-product privileges, upon which records are

23 withheld.

24   19. All Documents and Communications concerning any governmental or regulatory

25 violations by you including, but not limited to, health code violations and police citations.

26   <u>RESPONSE</u>: Objection: this request is overbroad and seeks records protected against

27 disclosure by the attorney-client and attorney work-product privileges, upon which records are

28 withheld.

20.    All Documents and Communications concerning your assertion in Paragraph 40 of your Answer that "Am Yisrael Chai" does not "simply mean[] 'the people of Israel live.'"

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

21.    All Documents and Communications concerning the "conduct" that you allege Mr. Radice was engaged in in Paragraph 74 of your Answer.

RESPONSE: Objection: Paragraph 74 of the Answer does not relate to conduct that Defendant alleges Mr. Radice was engaged in.

22.    All Documents and Communications concerning your assertion in Paragraph 82 of Your Answer that Mr. Radice was not "attempt[ing] to purchase a cookie" when he visited JCH on August 3, 2024.

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

23.    All Documents and Communications concerning your assertion in Paragraph 83 of your Answer denying that "Defendants refused to serve Mr. Radice" on August 3, 2024.

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

24.    All Documents and Communications concerning the affirmative defense in your Answer stating that Mr. Radice is "barred from equitable relief by the doctrine of unclean hands."

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld.

25.    Documents and Communications sufficient to identify your assets—including but not limited to bank accounts, real estate, and personal property—and the value thereof.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges. Further, this request is not relevant to any party's claim or defense or proportional to the needs of the case such that Defendant will not produce any responsive records.

26.     All leases of real property by you.

RESPONSE: Objection: this request is overbroad and not relevant to any party's claim or defense or proportional to the needs of the case such that Defendant will not produce any responsive records.

27.     All of your sales records for July through December 2024.

RESPONSE: Objection: this request is vague, overbroad and not relevant to any party's claim or defense or proportional to the needs of the case such that Defendant will not produce any responsive records.

28.     All Documents and Communications concerning your document retention policies.

RESPONSE: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

29.     To the extent not otherwise requested above, all additional Documents and Communications containing information relevant to the claims and issues in this Action, including but not limited to all Documents not previously requested that You intend to introduce as exhibits at a hearing and/or trial or during any deposition conducted in this matter.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which records are withheld

## **REQUESTS FOR ADMISSION**

1.     Admit that Mr. Harara formed JBC in February 2023.

RESPONSE: Admit

2.     Admit that Mr. Harara was the Chief Executive Officer of JBC from at least July 10, 2024 through August 3, 2024.

RESPONSE: Admit

3.     Admit that Mr. Harara was the sole member of JBC from at least July 10, 2024 through August 3, 2024.

RESPONSE: Admit

1    4.    Admit that Mr. Harara was the sole manager of JBC from at least July 10, 2024
2  through August 3, 2024.

3    RESPONSE: Admit

4    5.    Admit that Mr. Harara is currently the Chief Executive Officer of JBC.

5    RESPONSE: Admit

6    6.    Admit that Mr. Harara is currently the sole member of JBC.

7    RESPONSE: Admit

8    7.    Admit that Mr. Harara is currently the sole manager of JBC.

9    RESPONSE: Admit

10    8.    Admit that JBC is a "wellness" business.

11    RESPONSE: Admit

12    9.    Admit that JBC is not a "wellness" business.

13    RESPONSE: Deny

14    10.    Admit that JBC had revenues in 2024.

15    RESPONSE: Admit

16    11.    Admit that JBC had revenues in 2025.

17    RESPONSE: Admit

18    12.    Admit that JBC operates JCH.

19    RESPONSE: Admit

20    13.    Admit that written policies and procedures govern JCH's operations.

21    RESPONSE: Deny

22    14.    Admit that JCH has employees.

23    RESPONSE: Admit

24    15.    Admit that JCH has written policies and/or procedures governing employee
25  conduct.

26    RESPONSE: Deny

27    16.    Admit that all of JBC's 2024 revenues came from JCH's operations.

28    RESPONSE: Objection: this request is not relevant to any party's claim or defense or

1    proportional to the needs of the case.

2        17.    Admit that all of JBC's 2025 revenues came from JCH's operations.

3    RESPONSE: Objection: this request is not relevant to any party's claim or defense or

4    proportional to the needs of the case.

5        18.    Admit that any portion of JBC's 2024 revenues came from something other than

6    JCH's operations.

7    RESPONSE: Objection: this request is not understandable and is not relevant to any

8    party's claim or defense or proportional to the needs of the case.

9        19.    Admit that any portion of JBC's 2025 revenues came from something other than

10    JCH's operations.

11    RESPONSE: Objection: this request is not understandable and is not relevant to any

12    party's claim or defense or proportional to the needs of the case.

13        20.    Admit that JBC has a business relationship with Native Grounds.

14    RESPONSE: Objection: vague. Subject to that objection, deny.

15        21.    Admit that JBC has no business relationship with Native Grounds.

16    RESPONSE: Objection: vague. Subject to that objection, admit.

17        22.    Admit that Mr. Harara operates JCH.

18    RESPONSE: Admit

19        23.    Admit that Mr. Harara holds himself out to be the proprietor of JCH.

20    RESPONSE: Admit

21        24.    Admit that on or about July 10, 2024, a JCH employee observed Mr. Radice

22    walking along the sidewalk outside JCH.

23    RESPONSE: Admit

24        25.    Admit that on or about July 10, 2024, a JCH employee observed Mr. Radice

25    wearing a hat with a Star of David emblazoned on it.

26    RESPONSE: Admit

27        26.    Admit that the employee who observed Mr. Radice walking along the sidewalk

28    outside JCH on or about July 10, 2024 saw the hat Mr. Radice was wearing with a Star of David

DEFENDANT JERUSALEM BOXING CLUB, LLC'S RESPONSE TO MICHAEL RADICE'S
FIRST SET OF REQUESTS Case No. 3:25-cv-02060-SI                                    Page 9

1    emblazoned on it.

2        RESPONSE: Admit

3        27.    Admit that the employee who observed Mr. Radice walking along the sidewalk

4    outside JCH on or about July 10, 2024 believed that Mr. Radice was Jewish.

5        RESPONSE: Deny

6        28.    Admit that JCH offered beverage items for sale to the public in August 2024

7        RESPONSE: Admit

8        29.    Admit that JCH currently offers beverage items for sale to the public.

9        RESPONSE: Admit

10       30.    Admit that JCH has offered beverage items for sale to the public at all times since

11   its opening.

12       RESPONSE: Admit

13       31.    Admit that JCH offered food items for sale to the public in August 2024.

14       RESPONSE: Admit

15       32.    Admit that JCH currently offers food items for sale to the public.

16       RESPONSE: Admit

17       33.    Admit that JCH has offered items for sale to the public at all times since its

18   opening.

19       RESPONSE: Admit

20       34.    Admit that JCH's menu included food items for sale to the public in August 2024.

21       RESPONSE: Admit

22       35.    Admit that JCH's menu currently includes food items for sale to the public.

23       RESPONSE: Admit

24       36.    Admit that JCH's menu has included food items for sale to the public at all times

25   since its opening.

26       RESPONSE: Deny

27       37.    Admit that JCH's food offerings in August 2024 included items such as focaccia,

28   muffins, and cookies.

1    RESPONSE: Admit

2    38.    Admit that JCH's food offerings currently include items such as focaccia, muffins,

3    and cookies.

4    RESPONSE: Admit

5    39.    Admit that JCH's food offerings have included items such as focaccia, muffins, and

6    cookies at all times since its opening.

7    RESPONSE: Deny

8    40.    Admit that JCH's menu was publicly accessible on Instagram in August 2024.

9    RESPONSE: Admit

10    41.    Admit that JCH's menu is currently publicly accessible on Instagram.

11    RESPONSE: Admit

12    42.    Admit that JCH's menu has been publicly accessible on Instagram at all times since

13    its opening.

14    RESPONSE: Admit

15    43.    Admit that JCH's menu was publicly accessible on Facebook in August 2024.

16    RESPONSE: Deny

17    44.    Admit that JCH's menu is currently publicly accessible on Facebook.

18    RESPONSE: Deny

19    45.    Admit that JCH's menu has been publicly accessible on Facebook at all times since

20    its opening.

21    RESPONSE: Deny

22    46.    Admit that JCH's menu is currently publicly accessible on X (formerly known as

23    "Twitter").

24    RESPONSE: Deny

25    47.    Admit that JCH's menu has been publicly accessible on X (formerly known as

26    "Twitter") at all times since its opening.

27    RESPONSE: Deny

28

1    48.    Admit that on July 10, 2024, JCH sold food items.

2    RESPONSE: Admit

3    49.    Admit that on August 3, 2024, JCH sold food items.

4    RESPONSE: Admit

5    50.    Admit that during the Fall of 2024, the "Sweet Sinwar" drink appeared on JCH's

6    menu.

7    RESPONSE: Admit

8    51.    Admit the name "Sweet Sinwar" used for the drink offered at JCH during the fall of

9    2024 referred to Yahyah Sinwar.

10    RESPONSE: Admit

11    52.    Admit that, to the best of your understanding, Yahya Sinwar was the leader of

12    Hamas in 2023.

13    RESPONSE: Deny

14    53.    Admit that during the fall of 2024, JCH offered a drink named the "Iced In Tea

15    Fada."

16    RESPONSE: Admit

17    54.    Admit that the menu item "Iced in Tea Fada" refers to the term "intifada."

18    RESPONSE: Admit

19    55.    Admit that JCH's menu and building featured inverted red triangles.

20    RESPONSE: Admit

21    56.    Admit that on or about October 7, 2024, the version of JCH's menu that featured

22    the "Iced In Tea Fada" and "Sweet Sinwar" drinks also included inverted red triangle symbols.

23    RESPONSE: Admit

24    57.    Admit that on or about October 29, 2024, Mr. Harara called the police to remove

25    Jonathan Hirsch from JCH.

26    RESPONSE: Deny

27    58.    Admit that Jonathan Hirsch was wearing a hat with a white Star of David while he

28    was in JCH on or about October 29, 2024.

1      RESPONSE: Deny

2      59.    Admit that Jonathan Hirsch was wearing a hat with a white Star of David when

3   Mr. Harara called the police to remove him from JCH on or about October 29, 2024.

4      RESPONSE: Deny

5      60.    Admit that Mr. Harara asked Jonathan Hirsch to leave JCH several times during

6   his visit on or about October 29, 2024.

7      RESPONSE: Deny

8      61.    Admit that Jonathan Hirsch's hat was at least one of the reasons he was asked to

9   leave JCH during his visit on or about October 29, 2024.

10      RESPONSE: Deny

11      62.    Admit that Jonathan Hirsch's hat is what triggered Mr. Harara's confrontation with

12   Mr. Hirsch during Mr. Hirsch's visit to JCH on or about October 29, 2024.

13      RESPONSE: Deny

14      63.    Admit that Mr. Harara was acting as JCH's owner when he confronted Mr. Hirsch

15   in JCH on October 29, 2024.

16      RESPONSE: Deny

17      64.    Admit that Mr. Harara was acting as JCH's operator when he confronted Mr.

18   Hirsch in JCH on October 29, 2024.

19      RESPONSE: Deny

20      65.    Admit that the Star of David is a widely recognized Jewish symbol.

21      RESPONSE: Admit

22      66.    Admit that Mr. Harara called Jonathan Hirsch's hat "a violent hat" during Mr.

23   Hirsch's visit to JCH on or about October 29, 2024

24      RESPONSE: Deny

25      67.    Admit that when Mr. Harara described Jonathan Hirsch's hat as a "violent hat"

26   during his visit to JCH on or about October 29, 2024, he was referring to the Star of David

27   symbol featured on that hat.

28      RESPONSE: Deny

68.    Admit that on October 29, 2024, Mr. Harara told Jonathan Hirsch, "Get out of my business. ... This hat is a violent hat, and you need to leave."

RESPONSE: Deny

69.    Admit that on October 29, 2024, Jonathan Hirsch told Mr. Harara that he could not kick someone out of the establishment only because of the religious symbol on the hat.

RESPONSE: Deny

70.    Admit that on October 29, 2024, Mr. Harara responded to Mr. Hirsch's assertion that he could not kick someone out of JCH only because of the religious symbol on his hat by saying, "Yeah, I can. It's my business."

RESPONSE: Deny

71.    Admit that on October 29, 2024, Mr. Harara asked Jonathan Hirsch if he was a Zionist multiple times.

RESPONSE: Deny

72.    Admit that a JCH employee spoke to Plaintiff outside JCH on July 10, 2024.

RESPONSE: Deny

73.    Admit that a JCH employee asked Plaintiff on July 10, 2024 whether he was a Zionist.

RESPONSE: Deny

74.    Admit that one of the JCH employees who spoke to Plaintiff outside JCH on July 10, 2024 was Gabriel Garay.

RESPONSE: Deny

75.    Admit that Mr. Harara spoke to Plaintiff outside JCH on July 10, 2024.

RESPONSE: Deny

76.    Admit that Plaintiff visited JCH on August 3, 2024.

RESPONSE: Admit

77.    Admit that Mr. Harara was working at JCH on August 3, 2024.

RESPONSE: Deny

78.    Admit that on August 3, 2024, Plaintiff approached the counter at JCH.

RESPONSE: Deny

79.    Admit that on August 3, 2024, in addition to Plaintiff and Mr. Harara, at least two other JCH employees were present inside JCH, and both were known by Mr. Harara.

RESPONSE: Deny

80.    Admit that Mr. Harara asked Plaintiff—on August 3, 2024—whether he was a Zionist.

RESPONSE: Admit

81.    Admit that Plaintiff expressed his intention to make a purchase from JCH during his visit to JCH on August 3, 2024.

RESPONSE: Deny

82.    Admit that when Mr. Radice visited JCH on or about August 3, 2024, he ordered a food item.

RESPONSE: Deny

83.    Admit that on August 3, 2024, food items were visibly displayed and could be seen by customers standing at the counter inside JCH.

RESPONSE: Admit

84.    Admit that on August 3, 2024, JCH offered food items available for sale to the public.

RESPONSE: Admit

85.    Admit that an employee of JCH recognized Plaintiff during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Admit

86.    Admit that an employee of JCH commented on Plaintiff's Jewish identity during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

87.    Admit that Mr. Harara asked the Plaintiff to leave JCH before the Plaintiff purchased anything during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

88.     Admit that Mr. Harara asked the Plaintiff to leave JCH before fulfilling Plaintiff's request to purchase food during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

89.     Admit that when Plaintiff visited JCH on or about August 3, 2024, JCH employees did not provide him with a food item.

RESPONSE: Admit

90.     Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of JCH employees believed that Mr. Radice identified as Jewish.

RESPONSE: Deny

91.     Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of JCH employees believed that Mr. Radice had Jewish ancestry.

RESPONSE: Deny

92.     Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of JCH employees believed that Mr. Radice practiced Judaism.

RESPONSE: Deny

93.     Admit that when Plaintiff visited JCH on or about August 3, 2024, JCH employees refused to serve Mr. Radice.

RESPONSE: Deny

94.     Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of JCH employees instructed Mr. Radice to leave JCH.

RESPONSE: Deny

95.     Admit that Mr. Harara asked the Plaintiff to leave before the Plaintiff could purchase anything during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

96.     Admit that an employee of JCH other than Mr. Harara told the Plaintiff to leave before he could make a purchase during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

1

2
/s/ Glenn Katon
Glenn Katon

3
ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
and ABDULRAHIM HARARA

4

5

6

7

8

9
CERTIFICATE OF SERVICE

I certify that I served the foregoing document by email to the following email addresses

10
on the date indicated below: DHopkins@beneschlaw.com, MMeuti@beneschlaw.com,

11
jpasch@adl.org, clarimer@adl.org, bhogan@adl.org

12
I declare under penalty of perjury that the foregoing is true and correct. Executed on

13
October 14, 2025.

14

15

16
/s/ Glenn Katon
Glenn Katon

17

18

19

20

21

22

23

24

25

26

27

28

Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
and ABDULRAHIM HARARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE,<br><br>                    Plaintiff,<br><br>        v.<br><br>JERUSALEM BOXING CLUB, LLC;<br>NATIVE GROUNDS, INC.;<br>ABDULRAHIM HARARA; DOES 1–20,<br><br>                    Defendants. | Case No.  3:25-cv-02060-SI<br><br>**DEFENDANT NATIVE GROUNDS, INC.'S RESPONSES TO MICHAEL RADICE'S FIRST SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF REQUESTS FOR ADMISSION** |

Defendant Native Grounds, Inc. (Native Grounds or Defendant) responds to Plaintiff Michael Radice's First Set of Requests for Production and First Set of Requests for Admission as follows:

Native Grounds objects to the Definitions and Instructions to the extent they purport to impose greater obligations on Native Grounds than those provided by the Federal Rules of Civil Procedure. This includes, but is not limited to, ¶¶ 18-21 of the Definitions and ¶ 1 of the Instructions. Responsive records will be produced on a rolling basis, to be completed by October 28, 2025.

**<u>RESPONSES TO DOCUMENTS REQUESTED</u>**

1.    All Documents and Communications concerning your interaction with Mr. Radice on or about July 10, 2024 and/or August 3, 2024, including but not limited to all recordings, written records, and police or internal incident reports.

<u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

2.    All Documents and Communications concerning your interaction with Jonathan Hirsch on or about October 26, 2024, including but not limited to all recordings, written records, and police or internal incident reports.

<u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

3.    Documents and Communications sufficient to identify all your employees, their job titles, and their job responsibilities.

<u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

4.    All Documents and Communications identifying all employees, contractors, volunteers, or other Persons who worked at Native Grounds on July 10, 2024, August 3, 2024, or October 26, 2024, including but not limited to all employee timesheets for the months of July, August, and October 2024.

<u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

5.    All Documents and Communications concerning any social-media posts by you, including but not limited to those made on Instagram, Facebook, WhatsApp, or any other similar social-media platform from January 1, 2023 to present.

<u>RESPONSE</u>: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

6.    All Documents and Communications concerning any social-media policies that you

1    may have.

2         <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

3    attorney-client and attorney work-product privileges, upon which no records are withheld.

4         7.    All Documents and Communications concerning the structure and ownership of

5    Native Grounds.

6         <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

7    attorney-client and attorney work-product privileges, upon which no records are withheld.

8         8.    All Documents and Communications identifying Native Grounds's operations,

9    including any publishing polices or procedures.

10        <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

11   attorney-client and attorney work-product privileges, upon which no records are withheld.

12        9.    All Documents and Communications concerning any relationship between JBC and

13   Native Grounds, including but not limited to all contracts between JBC and Native Grounds.

14        <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

15   attorney-client and attorney work-product privileges, upon which no records are withheld.

16        10.    All Documents and Communications concerning your ability to sell food and

17   beverages to the public, including but not limited to business licenses, health permits, or other

18   government-issued authorizations.

19        <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

20   attorney-client and attorney work-product privileges, upon which no records are withheld.

21   Further, this request is not relevant to any party's claim or defense or proportional to the needs of

22   the case, upon which no documents are withheld.

23        11.    All Documents and Communications relating to employee training, including but

24   not limited to all employee manuals or handbooks.

25        <u>RESPONSE</u>: Objection: this request seeks records protected against disclosure by the

26   attorney-client and attorney work-product privileges, upon which no records are withheld.

27        12.    All Documents and Communications concerning any customer complaints made

28   against you.

1

2          RESPONSE: Objection: this request is overbroad and seeks records protected against

3    disclosure by the attorney-client and attorney work-product privileges, upon which no records are

     withheld.

4          13.    All Documents and Communications concerning any governmental or regulatory

5    violations by you including, but not limited to, health code violations and police citations.

6          RESPONSE: Objection: this request is overbroad and seeks records protected against

7    disclosure by the attorney-client and attorney work-product privileges, upon which no records are

8    withheld.

9          14.    All Documents and Communications concerning your assertion in Paragraph 40 of

10   your Answer that "Am Yisrael Chai" does not "simply mean[] 'the people of Israel live.'"

11         RESPONSE: Objection: this request seeks records protected against disclosure by the

12   attorney-client and attorney work-product privileges, upon which no records are withheld.

13         15.    All Documents and Communications concerning the "conduct" that you allege Mr.

14   Radice was engaged in in Paragraph 74 of your Answer.

15         RESPONSE: Objection: Paragraph 74 of the Answer does not relate to conduct that

16   Defendant alleges Mr. Radice was engaged in.

17         16.    All Documents and Communications concerning your assertion in Paragraph 82 of

18   Your Answer that Mr. Radice was not "attempt[ing] to purchase a cookie" when he visited JCH on

19   August 3, 2024.

20         RESPONSE: Objection: this request seeks records protected against disclosure by the

21   attorney-client and attorney work-product privileges, upon which no records are withheld.

22         17.    All Documents and Communications concerning your assertion in Paragraph 83 of

23   your Answer denying that "Defendants refused to serve Mr. Radice" on August 3, 2024.

24         RESPONSE: Objection: this request seeks records protected against disclosure by the

25   attorney-client and attorney work-product privileges, upon which no records are withheld.

26         18.    All Documents and Communications concerning the affirmative defense in your

27   Answer stating that Mr. Radice is "barred from equitable relief by the doctrine of unclean hands."

28         RESPONSE: Objection: this request seeks records protected against disclosure by the

attorney-client and attorney work-product privileges, upon which records are withheld.

19.     Documents and Communications sufficient to identify your assets—including but not limited to bank accounts, real estate, and personal property—and the value thereof.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges. Further, this request is not relevant to any party's claim or defense or proportional to the needs of the case. Defendant is not withholding records pursuant to these objections.

20.     All leases of real property by you.

RESPONSE: Objection: this request is not relevant to any party's claim or defense or proportional to the needs of the case. Defendant is not withholding records pursuant to that objection.

21.     All of your sales records for July through December 2024.

RESPONSE: Objection: this request is not relevant to any party's claim or defense or proportional to the needs of the case. Defendant is not withholding records pursuant to that objection.

22.     All Documents and Communications concerning your document retention policies.

RESPONSE: Objection: this seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which Defendant is not withholding records.

23.     To the extent not otherwise requested above, all additional Documents and Communications containing information relevant to the claims and issues in this Action, including but not limited to all Documents not previously requested that You intend to introduce as exhibits at a hearing and/or trial or during any deposition conducted in this matter.

RESPONSE: Objection: this request is vague, overbroad, and seeks records protected against disclosure by the attorney-client and attorney work-product privileges, upon which no records are withheld.

**REQUESTS FOR ADMISSION**

1.     Admit that Native Grounds is a for-profit entity.

DEFENDANT NATIVE GROUNDS, INC.'S RESPONSES TO MICHAEL RADICE'S FIRST SET OF DISCOVERY REQUESTS Case No. 3:25-cv-02060-SI                    Page 5

1    RESPONSE: Admit

2    2.    Admit that Mr. Harara incorporated Native Grounds in March 2024.

3    RESPONSE: Admit

4    3.    Admit that Native Grounds's business is to "operate a coffee shop."

5    RESPONSE: Deny

6    4.    Admit that Native Grounds's business is not to "operate a coffee shop."

7    RESPONSE: Deny

8    5.    Admit that Mr. Harara was the Chief Executive Officer of Native Grounds from at

9    least July 10, 2024 through August 3, 2024.

10    RESPONSE: Admit

11    6.    Admit that Mr. Harara was the Chief Financial Officer of Native Grounds from at

12    least July 10, 2024 through August 3, 2024.

13    RESPONSE: Admit

14    7.    Admit that Mr. Harara was the corporate Secretary of Native Grounds from at least

15    July 10, 2024 through August 3, 2024.

16    RESPONSE: Admit

17    8.    Admit that Mr. Harara was the lone Director on the Board of Directors of Native

18    Grounds, from at least July 10, 2024 through August 3, 2024.

19    RESPONSE: Admit

20    9.    Admit that Mr. Harara is currently the Chief Executive Officer of Native Grounds.

21    RESPONSE: Admit

22    10.    Admit that Mr. Harara is currently the Chief Financial Officer of Native Grounds.

23    RESPONSE: Admit

24    11.    Admit that Mr. Harara is still the corporate Secretary of Native Grounds.

25    RESPONSE: Admit

26    12.    Admit that Mr. Harara is still the lone Director on the Board of Directors of Native

27    Grounds.

28    RESPONSE: Admit

1

2      13.    Admit that Mr. Harara operates JCH.

3      RESPONSE: Admit

4      14.    Admit that Mr. Harara holds himself out to be the proprietor of JCH.

5      RESPONSE: Admit

6      15.    Admit that Native Grounds had revenues in 2024.

7      RESPONSE: Deny

8      16.    Admit that Native Grounds had revenues in 2025.

9      RESPONSE: Deny

10     17.    Admit that all of Native Grounds's 2024 revenues came from JCH's operations.

11     RESPONSE: Deny

12     18.    Admit that all of Native Grounds's 2025 revenues came from JCH's operations.

13     RESPONSE: Deny

14     19.    Admit that none of Native Grounds's 2024 revenues came from JCH's operations.

15     RESPONSE: Deny

16     20.    Admit that none of Native Grounds's 2025 revenues came from JCH's operations.

17     RESPONSE: Deny

18     21.    Admit that any portion of Native Grounds's 2024 revenues came from a source

19     other than JCH's operations.

20     RESPONSE: Objection: this request is not understandable and is not relevant to any

21     party's claim or defense or proportional to the needs of the case.

22     22.    Admit that any portion of Native Grounds's 2025 revenues came from a source

23     other than JCH's operations.

24     RESPONSE: Objection: this request is not understandable and is not relevant to any

25     party's claim or defense or proportional to the needs of the case.

26     23.    Admit that JCH offered beverage items for sale to the public in August 2024

27     RESPONSE: Admit

28     24.    Admit that JCH currently offers beverage items for sale to the public.

1    RESPONSE: Admit

2        25.    Admit that JCH has offered beverage items for sale to the public at all times since

3    its opening.

4    RESPONSE: Admit

5        26.    Admit that JCH offered food items for sale to the public in August 2024

6    RESPONSE: Admit

7        27.    Admit that JCH currently offers food items for sale to the public.

8    RESPONSE: Admit

9        28.    Admit that JCH has offered items for sale to the public at all times since its

10    opening.

11    RESPONSE: Admit

12        29.    Admit that JCH's menu included food items for sale to the public in August 2024

13    RESPONSE: Admit

14        30.    Admit that JCH's menu currently includes food items for sale to the public.

15    RESPONSE: Admit

16        31.    Admit that JCH's menu has included food items for sale to the public at all times

17    since its opening.

18    RESPONSE: Deny

19        32.    Admit that JCH's food offerings in August 2024 included items such as focaccia,

20    muffins, and cookies.

21    RESPONSE: Admit

22        33.    Admit that JCH's food offerings currently include items such as focaccia, muffins,

23    and cookies.

24    RESPONSE: Admit

25        34.    Admit that JCH's food offerings have included items such as focaccia, muffins, and

26    cookies at all times since its opening.

27    RESPONSE: Deny

28

35.    Admit that JCH's menu was publicly accessible on Instagram in August 2024.

RESPONSE: Admit

36.    Admit that JCH's menu is currently publicly accessible on Instagram.

RESPONSE: Admit

37.    Admit that JCH's menu has been publicly accessible on Instagram at all times since its opening.

RESPONSE: Admit

38.    Admit that JCH's menu was publicly accessible on Facebook in August 2024.

RESPONSE: Admit

39.    Admit that JCH's menu is currently publicly accessible on Facebook.

RESPONSE: Deny

40.    Admit that JCH's menu has been publicly accessible on Facebook at all times since its opening.

RESPONSE: Deny

41.    Admit that on July 10, 2024, JCH sold food items.

RESPONSE: Admit

42.    Admit that on August 3, 2024, JCH sold food items.

RESPONSE: Admit

43.    Admit that during the Fall of 2024, the "Sweet Sinwar" drink appeared on JCH's menu.

RESPONSE: Admit

44.    Admit the name "Sweet Sinwar" used for the drink offered at JCH during the fall of 2024 referred to Yahyah Sinwar.

RESPONSE: Admit

45.    Admit that, to the best of your understanding, Yahya Sinwar was the leader of Hamas in 2023.

RESPONSE: Deny

46.    Admit that during the fall of 2024, JCH offered a drink named the "Iced In Tea Fada."

RESPONSE: Admit

47.    Admit that the menu item "Iced in Tea Fada" refers to the term "intifada."

RESPONSE: Admit

48.    Admit that JCH's menu and building featured inverted red triangles.

RESPONSE: Admit

49.    Admit that on or about October 7, 2024, the version of JCH's menu that featured the "Iced In Tea Fada" and "Sweet Sinwar" drinks also included inverted red triangle symbols.

RESPONSE: Admit

50.    Admit that on or about October 29, 2024, Mr. Harara called the police to remove Jonathan Hirsch from JCH.

RESPONSE: Deny

51.    Admit that Jonathan Hirsch was wearing a hat with a white Star of David while he was in JCH on or about October 29, 2024.

RESPONSE: Deny

52.    Admit that Jonathan Hirsch was wearing a hat with a white Star of David when Mr. Harara called the police to remove him from JCH on or about October 29, 2024.

RESPONSE: Deny

53.    Admit that Mr. Harara asked Jonathan Hirsch to leave JCH several times during his visit on or about October 29, 2024.

RESPONSE: Deny

54.    Admit that Jonathan Hirsch's hat was at least one of the reasons he was asked to leave JCH during his visit on or about October 29, 2024.

RESPONSE: Deny

55.    Admit that Jonathan Hirsch's hat is what triggered Mr. Harara's confrontation with Mr. Hirsch during Mr. Hirsch's visit to JCH on or about October 29, 2024.

RESPONSE: Deny

1

2

56.    Admit that Mr. Harara was acting as JCH's owner when he confronted Mr. Hirsch in JCH on October 29, 2024.

3    RESPONSE: Deny

4    57.    Admit that Mr. Harara was acting as JCH's operator when he confronted Mr.

5    Hirsch in JCH on October 29, 2024.

6    RESPONSE: Deny

7    58.    Admit that the Star of David is a widely recognized Jewish symbol.

8    RESPONSE: Admit

9    59.    Admit that Mr. Harara called Jonathan Hirsch's hat "a violent hat" during Mr.

10    Hirsch's visit to JCH on or about October 29, 2024

11    RESPONSE: Deny

12    60.    Admit that when Mr. Harara described Jonathan Hirsch's hat as a "violent hat"

13    during his visit to JCH on or about October 29, 2024, he was referring to the Star of David

14    symbol featured on that hat.

15    RESPONSE: Deny

16    61.    Admit that on October 29, 2024, Mr. Harara told Jonathan Hirsch, "Get out of my

17    business. ... This hat is a violent hat, and you need to leave."

18    RESPONSE: Deny

19    62.    Admit that on October 29, 2024, Jonathan Hirsch told Mr. Harara that he could not

20    kick someone out of the establishment only because of the religious symbol on the hat.

21    RESPONSE: Deny

22    63.    Admit that on October 29, 2024, Mr. Harara responded to Mr. Hirsch's assertion

23    that he could not kick someone out of JCH only because of the religious symbol on his hat by

24    saying, "Yeah, I can. It's my business."

25    RESPONSE: Deny

26    64.    Admit that on October 29, 2024, Mr. Harara asked Jonathan Hirsch if he was a

27    Zionist multiple times.

28    RESPONSE: Deny

65.    Admit that a JCH employee spoke to Plaintiff outside JCH on July 10, 2024.

RESPONSE: Deny

66.    Admit that a JCH employee asked Plaintiff on July 10, 2024 whether he was a Zionist.

RESPONSE: Deny

67.    Admit that one of the JCH employees who spoke to Plaintiff outside JCH on July 10, 2024 was Gabriel Garay.

RESPONSE: Deny

68.    Admit that Mr. Harara spoke to Plaintiff outside JCH on July 10, 2024.

RESPONSE: Deny

69.    Admit that Plaintiff visited JCH on August 3, 2024.

RESPONSE: Admit

70.    Admit that Mr. Harara was working at JCH on August 3, 2024.

RESPONSE: Admit

71.    Admit that on August 3, 2024, Plaintiff approached the counter at JCH.

RESPONSE: Deny

72.    Admit that on August 3, 2024, in addition to Plaintiff and Mr. Harara, at least two other JCH employees were present inside JCH, and both were known by Mr. Harara.

RESPONSE: Deny

73.    Admit that Mr. Harara asked Plaintiff—on August 3, 2024—whether he was a Zionist.

RESPONSE: Admit

74.    Admit that Plaintiff expressed his intention to make a purchase from JCH during his visit to JCH on August 3, 2024.

RESPONSE: Deny

75.    Admit that when Mr. Radice visited JCH on or about August 3, 2024, he ordered a food item.

RESPONSE: Deny

76.    Admit that on August 3, 2024, food items were visibly displayed and could be seen by customers standing at the counter inside JCH.

RESPONSE: Admit

77.    Admit that on August 3, 2024, JCH offered food items available for sale to the public.

RESPONSE: Admit

78.    Admit that an employee of JCH recognized Plaintiff during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Admit

79.    Admit that an employee of JCH commented on Plaintiff's Jewish identity during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

80.    Admit that Mr. Harara asked the Plaintiff to leave JCH before the Plaintiff purchased anything during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

81.    Admit that Mr. Harara asked the Plaintiff to leave JCH before fulfilling Plaintiff's request to purchase food during Plaintiff's visit to JCH on August 3, 2024.

RESPONSE: Deny

82.    Admit that when Plaintiff visited JCH on or about August 3, 2024, JCH employees did not provide him with a food item.

RESPONSE: Admit

83.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of JCH employees believed that Mr. Radice identified as Jewish.

RESPONSE: Deny

84.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of JCH employees believed that Mr. Radice had Jewish ancestry.

RESPONSE: Deny

85.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of

1    JCH employees believed that Mr. Radice practiced Judaism.

2            RESPONSE: Deny

3            86.    Admit that when Plaintiff visited JCH on or about August 3, 2024, JCH employees

4    refused to serve Mr. Radice.

5            RESPONSE: Deny

6            87.    Admit that when Plaintiff visited JCH on or about August 3, 2024, at least one of

7    JCH employees instructed Mr. Radice to leave JCH.

8            RESPONSE: Deny

9            88.    Admit that Mr. Harara asked the Plaintiff to leave before the Plaintiff could

10    purchase anything during Plaintiff's visit to JCH on August 3, 2024.

11            RESPONSE: Deny

12            89.    Admit that an employee of JCH other than Mr. Harara told the Plaintiff to leave

13    before he could make a purchase during Plaintiff's visit to JCH on August 3, 2024.

14            RESPONSE: Deny

15

16                            /s/ Glenn Katon
                             Glenn Katon

17                            ATTORNEY FOR DEFENDANTS JERUSALEM
                             BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
18                            and ABDULRAHIM HARARA

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I certify that I served the foregoing document by email to the following email addresses on the date indicated below: DHopkins@beneschlaw.com, MMeuti@beneschlaw.com, jpasch@adl.org, clarimer@adl.org, bhogan@adl.org

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2025.

/s/ Glenn Katon
Glenn Katon