Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR DEFENDANTS JERUSALEM
BOXING CLUB, LLC, NATIVE GROUNDS, INC.,
and ABDULRAHIM HARARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE,<br><br>Plaintiff,<br><br>v.<br><br>JERUSALEM BOXING CLUB, LLC;<br>NATIVE GROUNDS, INC.;<br>ABDULRAHIM HARARA; DOES 1–20,<br><br>Defendants. | Case No.  3:25-cv-02060-SI<br><br>**REPLY IN SUPPORT OF GLENN KATON'S ADMINISTRATIVE MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS** |

Glenn Katon, counsel for Defendants, files this Reply in Support of Administrative Motion to Withdraw, based upon the following:

### I. INTRODUCTION

Plaintiff filed an opposition to counsel Katon's Motion to Withdraw[1] that is largely a screed of complaints about discovery. He has already filed a statement concerning discovery dispute (ECF 68). Nevertheless, Plaintiff takes this inappropriate opportunity to raise all the details of his discovery grievances that he could not fit within the five-page limit of his discovery

---

[1] Plaintiff's opposition does not address the Motion to Withdraw of Walter Riley, co-counsel in the coordinated case *U.S. v. Harara*, Case 3:25-cv-04849-SI.

statement, even though his own statement was already at the limit meant to apply to a joint statement. *See* Judge Illston's Standing Order, at 2/5-6. Some of his assertions about defense counsel's representations are demonstrably false.

The minimal amount of space the opposition does devote to counsel's Motion to Withdraw shows a remarkable ignorance of the ethics rules governing such a motion. The opposition criticizes the motion's lack of detail about the nature of the severe breakdown in the attorney-client relationship between Defendants and counsel. The law is clear that counsel cannot provide such detail without the consent of his clients or in other limited circumstances that do not apply here.

The law is also clear that if the Court finds that counsel's representations about the reasons for the need to withdraw are made in good faith, even when made generally, the motion to withdraw should be granted. The Court should, therefore, grant counsel's motion here.

## II.   ARGUMENT

### A.   Katon's Motion to Withdraw Satisfies California Rules of Professional Conduct

Plaintiff's opposition to defense counsel's Motion to Withdraw shows a shocking lack of understanding of the California ethics rules governing withdrawal of counsel. Plaintiff complains that "[t]he motion mentions "a breakdown in the attorney-client relationship," but never says what events or issues occasioned that breakdown. And it mentions "a material breach of the attorney-client retention agreement," but offers no detail explanation of about that basis, either." Pl.'s Opp.to Mot. to Withdraw (ECF 73), at 7/16-18 (internal citations omitted).

Business and Professions Code Section 6068(e)(1) establishes that attorneys must "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client" Bus. & Prof. Code § 6068. California Rule of Professional Conduct 1.6(a) reinforces this duty, providing that: "A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent, or the disclosure is permitted by paragraph (b) of this rule." Rule of Professional Conduct 1.6. The exceptions to confidentiality under Rule 1.6 are extremely narrow,

1  limited primarily to situations where "the lawyer reasonably believes the disclosure is necessary
2  to prevent a criminal act that the lawyer reasonably believes is likely to result in death of, or
3  substantial bodily harm to, an individual." *Id*.

4      The limited detail provided by an attorney seeking to withdraw does not prevent the Court
5  from finding good cause based on counsel's general assertion of the grounds for the withdrawal:
6  when the duty not to reveal confidences prevents counsel from further disclosure and the court
7  accepts the good faith of counsel's representations, the court should permit withdrawal. *Rearden*
8  *LLC v. Crystal Dynamics, Inc.*, No. 17CV04187-JST, 2020 WL 954846, at *3 (N.D. Cal. Feb. 27,
9  2020) (citing *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal. Oct. 8,
10 2019); *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996)). Further, although not
11 controlling in federal court, California Rule of Court 3.1362(c) requires declarations to be stated
12 "in general terms and without compromising the confidentiality of the attorney-client
13 relationship." *See* California Rule 3.1362. This language provides clear guidance and reinforces
14 the judicial commitment to protecting client confidences during withdrawal proceedings.

15     Finally, Plaintiff's request that counsel's withdrawal be conditioned on receiving service
16 of papers in the case and forwarding them to Defendants under Local Rule 11-5(b) would
17 accomplish nothing. Counsel's primary medium of communications with Defendants has been by
18 email. Katon Decl. ¶ 9. He has not sent a physical copy of a document to Defendants by U.S.
19 Mail or private courier until today. *Id.* Thus, if counsel's withdrawal required him to serve papers
20 on Defendants, he would simply click forward and send for any documents received. Counsel can
21 email Defendants directly and/or serve papers by mail to their business address and the Court can
22 send notices to Defendants by mail, as is routine for a pro se party.

23     **B. <u>Plaintiff's Discovery Wish List</u>**

24     For some reason, Plaintiff believes an opposition to a Motion to Withdraw is the
25 appropriate place for an Airing of the Grievances[2] for all things discovery. We know that
26 counsel's continued representation of Defendants would not solve Plaintiff's litany of complaints
27
28 [2] *Seinfeld* (Season 9, "The Strike") (1997).

REPLY ISO GLENN KATON'S ADMINISTRATIVE MOTION TO WITHDRAW AS
COUNSEL FOR DEFENDANTS Case No. 3:25-cv-02060-SI     Page 3

1  about discovery compliance because counsel has been representing Defendants since before
2  discovery began. Plaintiff's complaints have all arisen during this period and he has already filed
3  his five-page discovery statement. *See* ECF 68. Having current counsel continue to represent
4  Defendants is therefore not the answer to Plaintiff's purported problems, particularly now that
5  there has been a severe breakdown in the attorney-client relationship between counsel and
6  Defendants.

7  Defense counsel will not go point by point over Plaintiff's claims that Defendants have
8  refused to comply with their discovery obligations because the matter at hand is a Motion to
9  Withdraw. Suffice it to say that Plaintiff's assertions about Defendants' purported failure to
10 search for documents and counsel's purported decision to rely on Mr. Harara to search for
11 documents without adequate oversight from counsel are untrue and wildly speculative.

12 We do know that Plaintiff's assertions that during a January 9, 2026 meet-and-confer
13 videoconference counsel Katon told Plaintiff's counsel his clients had not searched their social-
14 media accounts for responsive documents and that no social-media posts existed that mentioned
15 another person that JBC had ejected from the café are patently false. We know they are false
16 because as of that date, Defendants had already produced social media posts, including those
17 involving the other customer who wrongly claims he was ejected from the café because of his
18 religion. Katon Decl. ¶¶ 10-11. Plaintiff's counsel made these misrepresentations to the Court
19 under penalty of perjury. Meuti Decl. (ECF 73-2) ¶¶ 3-4.

20 Apart from the "reason for withdrawal," addressed in the previous section, Plaintiff's
21 reference to the four factors from *Harmon v. Nelson*, No. 19-CV-01192-SI, 2022 WL 254344, at
22 *5 (N.D. Cal. Jan. 27, 2022) is based on his discovery gripes. Plaintiff's discovery-based
23 arguments on the factors for a Motion to Withdraw considered in *Harmon* are without merit.

24 Plaintiff claims that counsel's withdrawal will prejudice Plaintiff, harm the administration
25 of justice, and delay the proceedings. Ironically, Plaintiff criticizes the positions taken in
26 counsel's recent discovery letter to the Court (ECF 69) as evidence that counsel's withdrawal will
27 prejudice him and harm the administration of justice. In that letter, defense counsel conveyed to
28

the Court Defendants' position on certain discovery matters and cited the *Anders* case using the "cf." signal to indicate that the case applies to those assertions by analogy. Plaintiff wholly fails to explain how counsel remaining in the case would "exacerbate" the discovery deficiencies he alleges.

The claim that counsel's withdrawal will delay the resolution of the case is also misplaced. If there is a disruption to the current scheduling order, which is entirely up to the Court, it is because of the severe breakdown in the attorney-client relationship between Defendants and counsel, and the material breach of the attorney-client retention agreement. Those problems are the main event and will persist if counsel were to remain in the case.

### III.  CONCLUSION

For the foregoing reasons, the Court should grant counsel's Motion to Withdraw based upon his good-faith representations of the need to withdraw, in light of the ethical constraints that prohibit him from providing a detailed explanation of that need.

Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
Glenn Katon

## CERTIFICATE OF SERVICE

On February 25, 2026, I served Defendants at the email address for Abdulrahim Harara, who is an individual defendant and the sole owner of co-defendants Jerusalem Boxing Club, LLC and Native Grounds, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 25, 2026.

/s/ Glenn Katon
Glenn Katon