Michael D. Meuti (CA 227939)
James Thompson (CA 240979)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
mmeuti@beneschlaw.com

David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RADICE<br><br>  Plaintiff,<br><br>  vs.<br><br>JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA; DOES 1–20<br><br>  Defendants. | Case No. 3:25-cv-02060-SI<br><br>Coordinated with<br><br>Case No. 3:25-cv-04849<br><br>**NOTICE OF SUBPOENA TO JIHAD DPHREPAULEZZ** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | **PLAINTIFF MICHAEL RADICE** |
| **RESPONDING PARTY:** | **JIHAD DPHREPAULEZZ** |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Michael Radice, by and through his attorneys, is causing this subpoena to be served upon Jihad Dphrepaulezz. Plaintiff requests that Jihad Dphrepaulezz produce documents in response to the following requests (the "Requests") in accordance with the Definitions and Instructions set forth herein and Federal Rule of Civil Procedure 45 no later than March 19, 2026.

Please contact Dave Hopkins via email at dhopkins@beneschlaw.com or by phone at (216) 363-4559 if you wish to discuss this subpoena.

Dated: 02/26/2026

*/s/ Michael Dominic Meuti*
MICHAEL DOMINIC MEUTI (CA 227939)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Email: mmeuti@beneschlaw.com

*One of the Attorneys for Plaintiff Michael Radice*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| MICHAEL RADICE <br> *Plaintiff* <br> v. <br> JERUSALEM BOXING CLUB, LLC, et al., <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 25-cv-2060 <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   JIHAD DPHREPAULEZZ
       1609 13th Street, Oakland, CA 94607

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibit A.

| Place: Benesch, Friedlander, Coplan & Arnoff LLP <br> 100 Pine Street, Suite 3100 <br> San Francisco, California 94111 | Date and Time: <br> 03/19/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

 The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/26/2026

*CLERK OF COURT*

                                                              OR        /s/ Michael D. Meuti

*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Michael Radice                                               , who issues or requests this subpoena, are:

Michael D. Meuti, 100 Pine Street, San Francisco, California 94111; (628) 600-2250, mmeuti@beneschlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 25-cv-2060

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| 1 | Michael D. Meuti (CA 227939) |
| 2 | James Thompson (CA 240979)<br>BENESCH, FRIEDLANDER, |
| 3 | COPLAN & ARONOFF LLP<br>100 Pine Street, Suite 3100 |
| 4 | San Francisco, California 94111<br>Telephone: 628.600.2250 |
| 5 | mmeuti@beneschlaw.com |
| 6 | David M. Hopkins (*Admitted Pro Hac Vice*)<br>BENESCH, FRIEDLANDER, |
| 7 | COPLAN & ARONOFF LLP<br>127 Public Square, Suite 4900 |
| 8 | Cleveland, Ohio 44114<br>Telephone: 216.363.4500 |
| 9 | dhopkins@beneschlaw.com |
| 10 | Corena G. Larimer (CA 277188)<br>ANTI-DEFAMATION LEAGUE |
| 11 | 40 Court Street, Suite #12<br>Boston, MA 02108 |
| 12 | Telephone: 212.885.7700<br>clarimer@adl.org |
| 13 | James Pasch (*Admitted Pro Hac Vice*) |
| 14 | Brendan Hogan (*Admitted Pro Hac Vice*)<br>ANTI-DEFAMATION LEAGUE |
| 15 | 605 Third Avenue<br>New York, NY 10158 |
| 16 | Telephone: 212.885.7700<br>jpasch@adl.org |
| 17 | bhogan@adl.org |
| 18 | *Attorneys for Plaintiff* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RADICE<br><br>   Plaintiff,<br><br>   vs.<br><br>JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA; DOES 1–20<br><br>   Defendants. | Case No. 3:25-cv-02060-SI<br><br>Coordinated with<br><br>Case No. 3:25-cv-04849<br><br>**EXHIBIT A TO PLAINTIFF'S SUBPOENA TO JIHAD DPHREPAULEZZ** |

**Exhibit A to Plaintiff's Subpoena to Jihad Dphrepaulezz
Case No. 3:25-cv-02060-SI**

## DEFINITIONS

As used herein:

1. The term "Action" refers to the subject matter and allegations contained in the above referenced case: *Michael Radice v. Jerusalem Boxing Club, LLC et al.*, Case No. 3:25-cv-02060-SI, pending in the United States District Court for the Northern District of California, or any case in which this matter is consolidated by Court order.

2. The terms "and" and "or" means "and/or" and shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of these Requests any answer which would otherwise not be brought within its scope.

3. The terms "any" and "all" mean "any and all."

4. The term "Communication" means the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system Communications, social media Communications or posting on sites (including but not limited to Facebook, Instagram, X (formerly Twitter), Reddit, LinkedIn, Slack, Discord, Signal, WhatsApp, Snapchat, Threads, BlueSky, TikTok, YouTube, Rumble, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal Communications and Communications with third parties.

5. The term "social media post" refers to any digital platform, website, or application that enables users to create, share, or interact with content and to engage in social networking, including, but not limited to, Facebook, Instagram, X (formerly Twitter), Reddit, LinkedIn, Slack, Discord, Signal, WhatsApp, Snapchat, Threads, BlueSky, TikTok, YouTube, online chatrooms, and similar online services designed for communication, collaboration, or public sharing. Posts may include text, images, videos,

audio recordings, comments, replies, direct messages, status updates, or any other user-generated content made available to others through the platform. A post may be public, private, or restricted depending on platform settings and user controls.

6. The term "Complaint" refers to the First Amended Complaint filed April 15, 2025, in the Action, a true and accurate copy of which is attached hereto as **Exhibit 1**.

7. The term "concerning" means without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

8. The term "Documents" means documents in its broadest sense and means and includes all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

9. The terms "Electronically-Stored Information" or "ESI" means all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (ii) internal or external web sites; (iii) output resulting from the use of any software program,

including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PDF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and (v) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

10. The term "including" means "including, but not limited to."

11. The term "JBC" means Defendant Jerusalem Boxing Club, LLC, and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf.

12. The term "JCH" means Defendant Jerusalem Coffee House, operating at 5443 Telegraph Ave, Oakland, CA 94609.

13. The term "Mr. Harara" refers to Defendant Abdulrahim Harara.

14. The term "Mr. Radice" means Plaintiff Michael Radice.

15. The term "Native Grounds" means Defendant Native Grounds, Inc., and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf.

16. The terms "You" or "Your" means Jihad Dphrepaulezz, and unless privileged, Jihad Dphrepaulezz's attorneys.

## INSTRUCTIONS

1. Unless otherwise specified, the relevant time period for each Request is January 1, 2023, through the present.

2. This subpoena is intended to cover all Documents and things in Jihad Dphrepaulezz's possession, or subject to his custody and/or control, wherever located.

3. All Documents are to be produced in the manner in which they are kept in the ordinary course of business or labeled and organized to correspond with the Requests below.

4. All objections, including objections premised on any purported privilege, are to comply with the Federal Rules of Civil Procedure, including Rule 26(b)(5), and must:

   a. State the nature of the claim of privilege;

   b. State all facts relied upon in support of the claim of privilege or related thereto;

   c. Identify and describe the subject matter of all documents related to the claim of privilege;

   d. Identify all persons having knowledge of any facts related to the claim of privilege;

   e. Provide a description of each document withheld sufficient to validate the privilege claimed, including the date of each document, its author and all recipients; and

   f. To the extent not privileged, describe the subject matter of the document.

5. If a portion of any Document responsive to these Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6. In the event that any Document covered by the Requests has been lost, destroyed, or transferred to a third party over whom You claim You lack control, identify:

   a. the Document by author, date, recipient, context and subject matter;

   b. the date and circumstances surrounding the loss, destruction, or transfer;

      c.      the reason(s) for the loss, destruction, or transfer;

      d.      the person responsible for the loss or destruction;

      e.      the person(s) or entit(ies) to whom the Document was transferred;

      f.      the Document's present location; and

      g.      the date and manner in which you can or may obtain each such Document.

7.      With respect to electronically stored information ("ESI"), the following apply:

      a.      All Documents responsive to the Requests, except as set forth in Instruction 7(b), that are maintained in the usual course of business in electronic format shall be produced in properly unitized, multi-page Group 4 TIFF format complete with full text extracts and all associated metadata.

      b.      All Documents responsive to the Requests whose native format is that of a Microsoft Excel file (or other electronic spreadsheet file) shall be produced with a single-page placeholder (Group IV .tiff image) indicating that the file is a spreadsheet and shall be produced in native format, including the logical formulae within the cells of the spreadsheet and any metadata contained in the file.

      c.      All Documents responsive to the Requests that are maintained in the usual course of business in electronic format shall be produced with the metadata normally contained within such Documents, and the necessary Concordance load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the Document.

      d.      Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or

burdensome to use the ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

8. These Requests are continuing in nature and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure any Document requested herein which is unavailable to you at the time of your response to these Requests which thereafter become available to you must be produced in the form of a supplemental production.

**DOCUMENT REQUESTS**

1. All video footage of and/or from JCH's internal and external premises (including, but not limited to, all of the East Bay Community Space and a 100-meter radius surrounding the same) on July 10, 2024 including but not limited to any footage of Mr. Radice or Jonathan Hirsch.

2. All video footage of and/or from JCH's internal and external premises (including, but not limited to, all of the East Bay Community Space and a 100-meter radius surrounding the same) on August 3, 2024 including but not limited to any footage of Mr. Radice or Jonathan Hirsch.

3. All video footage of and/or from JCH's internal and external premises (including, but not limited to, all of the East Bay Community Space and a 100-meter radius surrounding the same) on October 26, 2024 including but not limited to any footage of Mr. Radice or Jonathan Hirsch.

4. All photographs of and/or from JCH's internal and external premises (including, but not limited to, all of the East Bay Community Space and a 100-meter radius surrounding the same) on July 10, 2024 including but not limited to any footage of Mr. Radice or Jonathan Hirsch.

5. All photographs of and/or from JCH's internal and external premises (including, but not limited to, all of the East Bay Community Space and a 100-meter radius surrounding the same) on August 3, 2024 including but not limited to any footage of Mr. Radice or Jonathan Hirsch.

6. All photographs of and/or from JCH's internal and external premises (including, but not limited to, all of the East Bay Community Space and a 100-meter radius surrounding the same) on October 26, 2024 including but not limited to any footage of Mr. Radice or Jonathan Hirsch.

7. All Documents and Communications concerning and/or mentioning Mr. Radice, including but not limited to all written records and police or internal incident reports.

8. All Documents and Communications concerning and/or mentioning Jonathan Hirsch including but not limited to all written records and police or internal incident reports.

9. All Documents and Communications concerning and/or mentioning Mr. Harara, including but not limited to all written records and police or internal incident reports.

10. All Documents and Communications concerning and/or mentioning Gabriel Garay, including but not limited to all written records and police or internal incident reports.

11. All Documents and Communications concerning any customers removed from, asked to leave, or refused service at JCH, JBC and/or Native Grounds.

12. All Jihad Dphrepaulezz's social media posts mentioning or referring to JCH.

13. All Jihad Dphrepaulezz's social media posts mentioning or referring to JBC.

14. All Jihad Dphrepaulezz's social media posts mentioning or referring to Native Grounds.

15. All Jihad Dphrepaulezz's social media posts mentioning or referring to Mr. Harara.

16. All Jihad Dphrepaulezz's social media posts mentioning or referring to legal action potentially or actually being taken against JCH, JBC, Native Grounds, and/or Mr. Harara.

17. All Jihad Dphrepaulezz's social media posts mentioning or referring to Jews, Judaism, Zionists, Zionism, Palestine, and/or Israel.

18. All Documents and Communications concerning the allegations contained in paragraphs 37-43 of the Complaint, including but not limited to any Documents and Communications identifying the individual referred to as "John Doe #1" therein.

19. All Documents and Communications concerning the allegations in paragraphs 47-58 of the Complaint, including but not limited to any Documents and Communications identifying the individual referred to as "John Doe #2" therein.

20. All Documents and Communications concerning the allegations in paragraphs 59-72 of the Complaint, including but not limited to any Documents and Communications concerning your knowledge of:

     a. The inclusion of the menu items listed at JCH that were identified in paragraphs 60, 61, and 62 in the Complaint; and

     b. The appearance of JCH's menu and building exterior as identified in paragraph 63 of the Complaint.

21. All Documents and Communications concerning JCH's business relationship with Jihad Dphrepaulezz, including but not limited to any contracts, agreements, memoranda of understanding, letters of intent, time sheets, and other Documents reflecting the negotiation, performance, modification, breach, or termination of any such relationship.

22. All Documents and Communications concerning JBC's business relationship with Jihad Dphrepaulezz, including but not limited to any contracts, agreements, memoranda of understanding, letters of intent, time sheets, and other Documents reflecting the negotiation, performance, modification, breach, or termination of any such relationship.

23. All Documents and Communications concerning Jihad Dphrepaulezz's business relationship with Mr. Harara including but not limited to any contracts, agreements, memoranda of understanding, letters of intent, time sheets, and other Documents reflecting the negotiation, performance, modification, breach, or termination of any such relationship.

24. All Documents and Communications concerning Jihad Dphrepaulezz's business relationship with Native Grounds including but not limited to any contracts, agreements, memoranda of understanding, letters of intent, time sheets, and other Documents reflecting the negotiation, performance, modification, breach, or termination of any such relationship.

25. All Documents and Communications between Jihad Dphrepaulezz and JBC or its current or former employees concerning Jews, Judaism, Zionist, Zionism, Palestine, and/or Israel.

26. All Documents and Communications between Jihad Dphrepaulezz and JCH or its current or former employees concerning Jews, Judaism, Zionist, Zionism, Palestine, and/or Israel.

27. All Documents and Communications between Jihad Dphrepaulezz and Native Grounds or its current or former employees concerning Jews, Judaism, Zionist, Zionism, Palestine, and/or Israel.

28. All Documents and Communications between Jihad Dphrepaulezz and Mr. Harara concerning Jews, Judaism, Zionist, Zionism, Palestine, and/or Israel.

29. All Documents and Communications between Jihad Dphrepaulezz and Gabriel Garay concerning Jews, Judaism, Zionists, Zionism, Palestine, and/or Israel

Dated: 02/26/2026

/s/ Michael Dominic Meuti
MICHAEL DOMINIC MEUTI (CA 227939)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Email: mmeuti@beneschlaw.com

David M. Hopkins (Admitted Pro Hac Vice)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Email: dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
Anti-Defamation League
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
Email: clarimer@adl.org

James Pasch (Admitted Pro Hac Vice)
Brendan Hogan (Admitted Pro Hac Vice)
Anti-Defamation League
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
Email: jpasch@adl.org
Email: bhogan@adl.org

*Attorneys for Plaintiff Michael Radice*

**Exhibit A to Plaintiff's Subpoena to Jihad Dphrepaulezz**
**Case No. 3:25-cv-02060-SI**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of February 2026, the foregoing document was served via electronic mail on all counsel of record.

Dated: 02/26/2026

*/s/ Michael Dominic Meuti*
MICHAEL DOMINIC MEUTI (CA 227939)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Email: mmeuti@beneschlaw.com

*One of the Attorneys for Plaintiff Michael Radice*