Michael D. Meuti (CA 227939)
James Thompson (CA 240979)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:  628.600.2250
Facsimile:    628.221.5828
mmeuti@beneschlaw.com

David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org

One of the Attorneys for Plaintiff
MICHAEL RADICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RADICE,<br><br>        Plaintiff,<br><br>    v.<br><br>JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA; DOES 1–20,<br><br>        Defendants. | Case No. 3:25-cv-02060-SI<br><br>Coordinated with Case No. 3:25-cv-04849<br><br>**NOTICE OF SUBPOENA TO X CORP.** |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF MICHAEL RADICE |
| RESPONDING PARTY: | X CORPORATION |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE**, that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff intends to serve the attached subpoena upon X Corporation. Please take further notice that Plaintiff's subpoena requests production of documents identified in Exhibit A to the subpoena no later than March 19, 2026.

Dated: February 26, 2026

Respectfully submitted,

*s/ Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
Email: mmeuti@beneschlaw.com

One of the Attorneys for Plaintiff
MICHAEL RADICE

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Michael Radice ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:25-cv-02060 |
| Jersualem Boxing Club, LLC; Native Grounds, Inc.; ) | |
| Abdulrahim Harara; Does 1-20 ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: X CORP, c/o CT Corporation
330 North Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A.

| Place: Benesch, Friedlander, Coplan & Aronoff LLP<br>100 Pine Street, Suite 3100<br>San Francisco, CA 94111 | Date and Time:<br>03/19/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/26/2026

*CLERK OF COURT*

OR

_____          /s/ Michael Meuti
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael Radice
, who issues or requests this subpoena, are:

Michael D. Meuti, Benesch, Friedlander, Coplan & Aronoff LLP, 100 Pine Street, Suite 3100, San Francisco, CA 94111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:25-cv-02060

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# EXHIBIT A

# DEFINITIONS

Notwithstanding any definitions set forth below, each word or term used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless explicitly defined herein or in the First Amended Complaint, all words used in these Requests are intended to have their common and customary meaning. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Requests as follows:

1. The term "Time Period" means January 1, 2023 through the present.

2. The terms "and" and "or" mean "and/or" and shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of this request any answer which would otherwise not be brought within its scope.

3. The term "all" and "any" mean "any and all."

4. The singular shall be interpreted to include the plural and vice versa.

5. The terms "include" and "including" mean "include without limitation" or "including without limitation."

6. The terms "refer to," "relate to," or "relating to" mean, in addition to their customary and usual meaning, any of the following: concerning, pertaining to, consistent of, bearing upon, containing, describing, evidencing, constituting, reflecting, regarding, or having any logical or factual connection with the subject matter dealt with or alluded to in the Responses.

7. "X," "You", and "Your" means X Corporation or X Corp., operating under the name X, its officers, directors, trustees, agents, employees, staff members, and paid consultants; any predecessor, successor, parent, subsidiary, division or affiliate; and any person acting on behalf of any of the aforementioned.

8. The term "Plaintiff" means Michael Radice.

9. The term "identify" when used in connection with a fact means to state with particularity all aspects of that fact (positive or negative) that you have obtained, have access to, and/or are aware of.

10. The term "identify" when used in reference to a natural person means to state the person's full name, present or last-known address and telephone number, present or last-known business affiliations

and position of employment, and relationship to you.

11. The term "identify" when used in reference to any nonnatural person means to state the entity's current or last-known full business name and other names used, its present or last- known full business address, the nature of its business, and the identity of its chief executive officer(s) and/or general manager(s).

12. The term "Account" means any Twitter or X account associated with the handle @raheemjbc and any prior handles or usernames and numeric account IDs used during the Time Period.

13. The term "Post" means any user-generated message or tweet published on the Twitter or X platform, including its full text and any embedded or attached media, and including any quoted or reposted tweets.

14. The term "Activity" or "Interaction" means all interactions with content beyond posting, such as liking others' posts, commenting, or replying.

14. The term "User" means the natural person or entity that creates, controls, and operates an account on the X Platform (formerly Twitter).

## INSTRUCTIONS

1. The Requests seek information and documents current to the date of your response, unless a particular Request states otherwise. These requests are continuing in nature. If, after answering, you learn additional facts or information responsive to any of the Requests, you must promptly serve supplemental responses, as Federal Rule of Civil Procedure 26(e) requires.

2. If any word, phrase, or portion of a Request is unclear to you and that lack of clarity inhibits your ability to answer, please contact Plaintiff's counsel to meet and confer before the due date for your responses.

3. Any electronically stored information, electronic records or computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. Plaintiff requests that all electronically stored information be produced in their native electronic format together with all metadata and other information associated with each document in its native electronic format on CD-ROM disks, through a cloud service, or through other mutually agreeable method. Further, Plaintiff requests

2

that all electronically stored information be produced in the manner as set forth in any electronically stored information Order entered by the Court or, in the absence of such order, as allowed under the Local Rules of the Northern District of California. For electronically-stored information that exists only in proprietary software or in a format that is not readable by a personal computer using commercially available software, Plaintiff requests that You identify the specific information, the software at issue and possible alternative electronic formats in which the information could be produced such that the parties can meet and confer respecting how best to produce the specific information at issue.

**REQUESTS FOR PRODUCTION**

1. All records relating to the User(s) of the Account and the name, email address, phone numbers, Account creation date, associated Account IDs, Account status, and Account history.

2. All login and logout IP addresses, timestamps, client and device identifiers, user-agent strings, successful and failed authentication events, and session durations for the Account within the Time Period.

3. All records showing linked Accounts, password reset events, two-factor authentication enrollment or other authentication enrollments, and recovery email and phone changes during the Time Period.

4. All historical metadata for the Account during the Time Period, including display name, bio, URL, profile image changes, header image changes, and timestamps.

5. All records identifying devices, mobile app tokens, open authorization or app authorizations, revocation, and API keys/tokens associate with the Account during the Time Period.

6. All Posts (including those that are public, private, or limited in viewership) by the Account in the Time Period, including post IDs, full text and content, creation timestamps, edit timestamps, source application, reply/repost/quote relationships, conversation IDs, language, visibility flags, geo/Place IDs, and attached media metadata.

7. All non-content records showing likes, reposts, quotes, and bookmarks of the Account's Posts, including acting user IDs, timestamps, and event types during the Time Period.

8. All records showing Post visibility changes, withholding, or policy enforcement actions affecting the Account's Posts with timestamps and explanations during the Time Period.

9. Any non-content metadata in Your systems for Posts deleted by the User or You in the Time Period even if Post content is no longer retained, including, but not limited to, Post ID, deletion timestamp, reason code, and moderation action IDs.

10. All stored content of any deleted Posts, including text and media and timestamps for creation and editing and deletion, that remain in Your active or backup systems within the Time Period, and all associated metadata.

11. All draft Posts, edit histories, and previous versions of edited Posts maintained by You,

4

with timestamps and editor identifiers during the Time Period.

12. For direct messages sent by and received to User's Account within the Time Period, all message IDs, sender and recipient Account IDs, timestamps, conversation and thread IDs, attachment indicators, and delivery and read status, excluding message body text or attachment contents.

13. The full contents of direct messages, both text and media, within the Time Period, including deleted direct messages if still retained in Your active or backup systems, with associated metadata.

14. All non-content records of the Account's follows, followers, mutes, blocks, block lists, list memberships, and list ownership with timestamps where maintained.

15. All records of policy enforcement against the Account, including reason codes, human and moderation queue IDs, and timestamps.

16. All non-content information in Your systems for media posted by the Account, including, but not limited to, media IDs, hashes, original filenames, MIME types, dimensions, EXIF, and hosting location.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of February 2026, the foregoing document was served via electronic mail on all counsel of record.

Dated: 02/26/2026

*/s/ Michael D. Meuti*
MICHAEL DOMINIC MEUTI (CA 227939)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Email: mmeuti@beneschlaw.com

*One of the Attorneys for Plaintiff Michael Radice*