UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RADICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JERUSALEM BOXING CLUB, LLC, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02060-SI<br><br>**ORDER RE: DISCOVERY DISPUTE AND AMENDED SCHEDULING ORDER**<br><br>Re: Dkt. No. 68 |

On February 27, 2026, the Court held a case management conference in this matter and in the related case. Counsel were present for both sides in both cases along with defendant Abdulrahim Harara. The Court discussed with the parties defense counsel's pending motion to withdraw from both cases and the pending discovery dispute in this matter. *See* Dkt. Nos. 68, 71.

**Discovery Dispute:**

On discovery, three issues are in dispute: (a) financial discovery for punitive damages purposes (lease, bank statements, etc.); (b) document collection/production deficiencies, and in particular spoliation concerns regarding social media; and (c) the scheduling of depositions of Mr. Harara and employee Gabriel Garay during Ramadan.

As discussed at the case management conference, Mr. Harara's deposition shall occur during the week of March 23, 2026. The parties are directed to meet and confer regarding the scheduling of Garay's deposition; this deposition may also be scheduled following Ramadan. Current defense counsel shall provide to the opposing side an accounting of what discovery has been produced to date and what remains outstanding, including discovery of electronically stored information.

Defendants shall supplement their document production for text message production, so that

the text messages contain some context. Defendants shall also complete their search of the previously identified social media accounts for relevant discovery.

Defendants shall produce the supplemental discovery and the accounting of discovery by **March 9, 2026.**

With regard to financial discovery, the Court will not order production of financial documents at this time but may revisit this ruling once defendants have obtained new counsel and as the trial date approaches. Plaintiffs' RFP No. 25 seeks "Documents and Communications sufficient to identify your assets—including but not limited to bank accounts, real estate, and personal property—and the value thereof." Dkt. No. 68-1 at 6. Defendants have objected to the request as vague, overbroad, seeking records protected by the attorney-client and work-product privileges, and as irrelevant or not proportional to the needs of the case. *Id.* Plaintiff says that the financial information is relevant to his request for punitive damages, which he seeks on both his federal and California state law claims. *See* Dkt. No. 18 (Am. Compl.) at 15-16. "[I]nformation as to net worth and financial condition is generally relevant to the issue of punitive damages[.]" *Charles O. Bradley Tr. v. Zenith Cap. LLC*, No. C-04-2239 JSW (EMC), 2005 WL 1030218, at *1 (N.D. Cal. May 3, 2005) (citing *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)). Still, the Court is mindful that California civil procedure does not allow pretrial discovery into the defendant's financial condition except upon the court's order after the court finds "the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim" for exemplary damages. Cal. Civ. Proc. Code § 3295(c). Given that defense counsel is actively seeking to withdraw from the case and defendants have not yet identified new counsel, the Court will not order the production of documents in response to RFP No. 25 at this time. Once new defense counsel has appeared, the parties shall meet and confer regarding the financial discovery.[1]

---

[1] The Court is amenable to extending the discovery deadlines in this case on the topic of financial discovery as relevant to punitive damages, only.

**Case Scheduling:**

As discussed at the case management conference, the expert disclosure deadline has been moved to April 3, 2026. The Court now modifies the remainder of the case schedule (*see* Dkt. Nos. 52, 65) as follows:

    Designation of Experts: 4/3/26

    Expert Rebuttal: 4/17/26

    Close of Discovery: 5/1/26

    Expert Discovery: 5/1/26

    Dispositive Motions filed by: 5/8/26

        Opposition: 5/22/26

        Reply: 5/29/26

        Hearing: 6/12/26 at 10:00 a.m. over Zoom

    Pretrial Paperwork due: 6/23/26

    Pretrial Conference: 7/7/26 at 1:30 p.m., Courtroom 1, 17th Floor (no change)

    Jury trial date: 7/20/26 at 9:00 a.m., Courtroom 1, 17th Floor (no change)

**IT IS SO ORDERED**.

Dated: February 27, 2026

SUSAN ILLSTON
United States District Judge