1  Michael D. Meuti (CA 227939)
2  James Thompson (CA 240979)
   BENESCH, FRIEDLANDER,
3  COPLAN & ARONOFF LLP
   100 Pine Street, Suite 3100
4  San Francisco, California 94111
   Telephone: 628.600.2250
5  mmeuti@beneschlaw.com
   jethompson@beneschlaw.com
6

7  David M. Hopkins (*Admitted Pro Hac Vice*)
   BENESCH, FRIEDLANDER,
8  COPLAN & ARONOFF LLP
   127 Public Square, Suite 4900
9  Cleveland, Ohio 44114
   Telephone: 216.363.4500
10 dhopkins@beneschlaw.com

11
   Corena G. Larimer (CA 277188)
12 ANTI-DEFAMATION LEAGUE
   40 Court Street, Suite #12
13 Boston, Massachusetts 02108
   Telephone: 212.885.7700
14 clarimer@adl.org

15
   James Pasch (*Admitted Pro Hac Vice*)
16 Brendan Hogan (*Admitted Pro Hac Vice*)
   ANTI-DEFAMATION LEAGUE
17 605 Third Avenue
   New York, New York 10158
18 Telephone: 212.885.7700
19 jpasch@adl.org
   bhogan@adl.org
20
   *Attorneys for Plaintiff*
21

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RADICE<br><br>      Plaintiff,<br><br>vs.<br><br>JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA; DOES 1–20<br><br>      Defendants. | Case No. 3:25-cv-02060-SI<br><br>Coordinated with Case No. 3:25-cv-04849<br><br>**NOTICE OF SUBPOENA TO META PLATFORMS, INC.** |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTY:** | **PLAINTIFF MICHAEL RADICE** |
| 2 | **RESPONDING PARTY:** | **META PLATFORMS, INC.** |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, that pursuant to Federal Rule of Civil Procedure 45, Plaintiff is causing the attached subpoena to be served upon non-party Meta Platforms, Inc. Please take further notice that Plaintiff's subpoena requests production of documents identified in Attachment A to the subpoena no later than March 23, 2026.

Dated: March 5, 2026

*/s/ Michael D. Meuti*
Michael D. Meuti (CA 227939)
James Thompson (CA 240979)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
mmeuti@beneschlaw.com
jethompson@beneschlaw.com

David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, Massachusetts 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, New York 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org
*Attorneys for Plaintiff*

---

**NOTICE OF SUBPOENA TO META PLATFORMS, INC.**
**Case No. 3:25-cv-02060-SI**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Michael Radice | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:25-cv-02060-SI |
| Jerusalem Boxing Club, LLC; Native Grounds, Inc.; Abdulrahim Harara; Does 1-20 | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Meta Platforms, Inc. (c/o Corporation Service Company)
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A.

| Place: Attn: Michael D. Meuti<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>100 Pine Street, Suite 3100, San Francisco, CA 94111<br>or via email: MMeuti@beneschlaw.com | Date and Time:<br><br>3/23/2026 at 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/05/2026

*CLERK OF COURT*
                                                           OR
_____                      /s/ Michael D. Meuti
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Michael Radice , who issues or requests this subpoena, are:

Michael D. Meuti, Benesch, Friedlander, Coplan & Aronoff LLP, 100 Pine Street, Suite 3100, San Francisco, CA 94111; MMeuti@beneschlaw.com; (216) 363-6246

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:25-cv-02060-SI

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT A**

**EXHIBIT A TO SUBPOENA TO META PLATFORMS, INC.**

For the purpose of this Subpoena, the following Definitions and Instructions shall apply:

**DEFINITIONS**

Notwithstanding any definitions set forth below, each word or term used in the is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District Court of California. Unless explicitly defined herein, all words used in this Subpoena are intended to have their common and customary meaning. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Subpoena as follows:

1.  The term "Time Period" means January 1, 2023 through the present.

2.  The terms "and" and "or" mean "and/or" and shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of this Subpoena any answer which would otherwise not be brought within its scope.

3.  The term "all" and "any" mean "any and all."

4.  The singular shall be interpreted to include the plural and vice versa.

5.  The terms "include" and "including" mean "include without limitation" or "including without limitation."

6.  The terms "refer to," "relate to," or "relating to" mean, in addition to their customary and usual meaning, any of the following: concerning, pertaining to, consistent of, bearing upon, containing, describing, evidencing, constituting, reflecting, regarding, or having any logical or factual connection with the subject matter dealt with or alluded to in the Responses.

7.  "Meta," "You", and "Your" means Meta Platforms, Inc., its officers, directors, trustees, agents, employees, staff members, and paid consultants; any predecessor, successor, parent, subsidiary, division or affiliate; and any person acting on behalf of any of the aforementioned.

8.  The term "Plaintiff" means Michael Radice.

9.  The term "identify" when used in connection with a fact means to state with particularity all aspects of that fact (positive or negative) that you have obtained, have access to, and/or are aware of.

10. "Document" or "documents" as used herein shall mean all requested or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images,

2

and other data or data compilations—stored in any medium from which information can be obtained. These terms specifically mean any electronically stored data or paper document. This includes, but is not limited to, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any electronic files saved as a backup; any "deleted" but recoverable electronic files on said media; any electronic files fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all previously stored data).

11. The term "Account" means any Facebook, Instagram, or Threads account associated with Defendants' usernames, including but not limited to: "Abdulrahim Harara" (https://www.facebook.com/ydoineedthis), "arahimh" (https://www.instagram.com/arahimh/), "jerusalemboxingclub" (https://www.instagram.com/jerusalemboxingclub), "jerusalemcoffeehouse" (https://www.instagram.com/jerusalemcoffeehouse), and any prior handles or usernames and numeric account IDs accessed by Defendants' during the Time Period.

12. The term "Post" means any user-generated message, post, story, reel, or other content published on any Meta platform (including Facebook, Instagram, Threads, or WhatsApp), including the full text and any embedded or attached media, as well as any quoted or reposted content associated with the Post.

13. The term "User" means the natural person or entity that creates, controls, and operates an account on any Meta platform (including Facebook, Instagram, Threads, or WhatsApp).

**INSTRUCTIONS**

1. The Subpoena seeks information and documents current to the date of your response, unless a particular request states otherwise.

2. If any word, phrase, or portion of the Subpoena is unclear to you and that lack of clarity inhibits your ability to respond, please contact Plaintiff's counsel before the response deadline.

3. Produce all electronic documents via a secure, ShareFile link to counsel for Plaintiff, Michael D. Meuti at MMeuti@beneschlaw.com.

4. To the extent You need to mail any documents or other things responsive to this Subpoena, such material shall be mailed to counsel for Plaintiff, Michael D. Meuti, at 100 Pine Street, Suite 3100, San Francisco, California 94111.

5. All electronic documents shall be exchanged as Bates stamped TIFF images accompanied by extracted text and metadata, and load file.

6. Any redacted document shall be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated.

7. When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The vendor should include a load file indicating document breaks.

8. Produce all Excel, PowerPoint, audio, and video files in native format accompanied by a single page, Bates stamped TIFF image placeholder for the document.

9. If and when you identify multiple identical copies of a single responsive document, produce a single copy of the document to minimize the unnecessary expenditure of time and effort associated with reviewing multiple exact duplicates of a single document during discovery.

10. If You decline to produce any document or part thereof based on a claim of privilege or any other claim, provide a privilege log, or "privilege document list," which identifies the type of document, the author of the document, the recipient of the document, the date of the document, the general subject matter of the document, and the privilege asserted.

11. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, You shall identify the request, in response to which the document or thing is being produced.

12. Different versions of the same documents, handwritten notes or notations in any form, draft documents and documents with handwritten notations or marks not found in the original or on other copies

1  are considered to be different documents for the purpose of production in compliance with this Subpoena,
2  and each form should be produced separately.
3      13.    Each document and thing produced in response to this Subpoena shall be produced along
4  with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the
5  document or thing at any time.
6      14.    If You do not possess any documents or things responsive to a particular request, you are
7  to state that no responsive document or thing exists.

**REQUESTS FOR PRODUCTION**

1.      All documents relating to any User(s) of the Account(s) which identify the User's name, email address(es) and phone number(s), along with the Account creation date, associated Account IDs, Account status, and Account history.

2.      All documents relating to login and logout IP addresses, timestamps, client and device identifiers, user-agent strings, successful and failed authentication events, and session durations for any Account.

3.      All documents related to or identifying Account operations including all linked Accounts, password reset events, two-factor authentication enrollment or other authentication enrollments, recovery email(s), and phone number changes.

4.      All documents reflecting historical metadata for any Account during the Time Period which identifies Account display name(s), bio(s), URL(s), profile image(s), header image(s), and upload or change timestamps.

5.      All documents identifying all devices, mobile app tokens, open authorization or app authorizations, revocation, and API keys/tokens associated with any Account.

6.      All Posts made by any Account during the Time Period, including post IDs, full text and content, creation timestamps, edit timestamps, source application, comment/share/tag/repost relationships, thread IDs, conversation IDs, language, visibility flags, geo/Place IDs, and attached media metadata.

7.      All non-content records or documents identifying likes, reactions, shares, saves, reposts, and comments on any Account's Posts during the Time Period, including acting user IDs, timestamps, and event types.

8.      All documents identifying Post visibility changes, withholding, or policy enforcement actions affecting any Account's Posts during the Time Period with timestamps and action descriptions.

9.      All documents and non-content metadata in Your systems related to Posts deleted by any Account User or You during the Time Period even if Post's content is no longer retained, including Post IDs, deletion timestamps, reason codes and descriptions, and moderation action IDs.

10.     All documents, stored content, and metadata related to any deleted or archived Account

Posts, including the text media and timestamps for creation, editing, and deletion, that remains in Your active or backup systems within the Time Period.

11. All draft Account Posts, edit histories, and previous versions of edited Account Posts maintained by You, with timestamps and editor identifiers.

12. All direct messages sent or received by any Account within the Time Period, including all message IDs, sender and recipient Account IDs, timestamps, conversation and thread IDs, attachment indicators, and delivery and read status, but excluding the message body text or attachment contents.

13. The full contents and metadata of any direct messages, both text and media, received or sent from any Account during the Time Period, including deleted or archived direct messages if still retained in Your active or backup systems.

14. All non-content records or documents identifying any Account's friends, follows, followers, following, restricted accounts, blocked accounts, block lists, group memberships, and group ownership or administratorship, with timestamps where maintained.

15. All documents and records related to any Meta policy enforcement actions taken against any Account, including reason codes and descriptions, human and moderation queue IDs, and timestamps.

16. All non-content records or documents related to media posted by any Account, including, but not limited to, media IDs, hashes, original filenames, MIME types, dimensions, EXIF, and hosting locations.

Dated: March 5, 2026

*/s/ Michael D. Meuti*
Michael D. Meuti (CA 227939)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
mmeuti@beneschlaw.com

*One of the Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of March 2026, the foregoing document was served via electronic mail on all counsel of record.

Dated: March 5, 2026

*/s/ Michael D. Meuti*
Michael D. Meuti (CA 227939)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
mmeuti@beneschlaw.com

*One of the Attorneys for Plaintiff*