UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RADICE,

Plaintiff,

v.

JERUSALEM BOXING CLUB, LLC, et al.,

Defendants.

Case No. 25-cv-02060-SI

**ORDER RE: DISCOVERY DISPUTE AND INFORMATION FOR SELF-REPRESENTED LITIGANTS**

Re: Dkt. No. 96

On April 3, 2026, after the case management conference, plaintiff Michael Radice filed a discovery dispute statement. Dkt. No. 96. It appears from the statement that defense counsel provided input before the statement was filed, though the Court granted defense counsel's motions to withdraw from this and the related case at the case management conference. The Court now orders as follows.

**1. Text Message Discovery:** Plaintiff states that defendants' text message production is inappropriate because defendants produced test messages only as screenshots and with various information redacted. Plaintiff also complains that Mr. Harara "alone searched for responsive materials and decided what to produce." Dkt. No. 96 at 2.

The Court **ORDERS** that Mr. Harara provide the following information to plaintiff with respect to the text messages that he has already produced: the recipient(s) and or/sender(s) of the text messages and the date and time that the texts were sent. The Court is not inclined to order further relief at this time.

**2. Electronic Materials:** Plaintiff states that defendants have not produced a single email

from Mr. Harara's accounts nor any files from iCloud or Google Drive, even though Mr. Harara testified that he uses those services for business purposes.  Defendants respond that plaintiff does not give the Court any reason to believe that defendants have responsive emails or electronic files and that plaintiff cannot point to any electronic materials defendants have failed to produce, even though Mr. Harara sat for two days of deposition at the end of March.

If defendants have responsive electronic materials (emails, iCloud and Google Drive files) that have not yet been produced, they must produce them.  If defendants do not have any responsive electronic materials that have not been produced, then the Court **ORDERS** Mr. Harara to file a declaration—signed under penalty of perjury—stating that he has searched for responsive electronic materials (emails, iCloud and Google Drive files) and does not have any.

**3. Forensic Preservation:** Plaintiff asserts there is a need for forensic preservation because no outside vendor assisted defendants in the production of electronic documents and that defense counsel did not "supervise a defensible search or validate the results."  Dkt. No. 96 at 3.  Plaintiff asks the Court to order that a neutral third-party vendor be brought in, at defendants' expense, to preserve potentially responsive documents.   Plaintiff cites a responsive post in Mr. Harara's X feed that "disappeared from his account in January" and states that "multiple responsive posts disparaging or threatening Jewish or Israeli people have disappeared from his Twitter account since February." *Id.*  The January post was the subject of a prior discovery dispute and resulted in this Court ordering that defendants complete their search of previously identified social media accounts. *See* Dkt. Nos. 68 at 3, 80 at 2.

The Court **ORDERS** Mr. Harara to file a declaration—signed under penalty of perjury— stating (1) whether he has deleted any posts from his social media accounts (or the accounts of the other defendants) since this lawsuit was filed on February 27, 2025, and stating (2) that he will not in the future delete any posts from his social media accounts (or the accounts of the other defendants) while this lawsuit is still ongoing.

\*\*\*

Mr. Harara shall produce the required information (the text message information in #1 and

United States District Court
Northern District of California

the declarations in #2 and #3) **no later than April 17, 2026.** He may produce the text message information in #1 directly to plaintiff's counsel. The declarations may be combined into a single declaration (that is, he does not need to file separate declarations for #2 and #3) and filed on the Court docket.

**Resources for Self-Represented Litigants:**

Because Mr. Harara is currently representing himself, he may find it useful to refer to the resources on the Court's website at https://cand.uscourts.gov/representing-yourself or to call the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. The Legal Help Center may be able to provide information—such as how to file declarations on the court docket—but not legal representation. Help is by appointment only. Appointments may be scheduled by calling 415-782-8982 or by emailing fedpro@sfbar.org.

**IT IS SO ORDERED**.

Dated: April 7, 2026

_____
SUSAN ILLSTON
United States District Judge