Michael D. Meuti (CA 227939)
David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
mmeuti@beneschlaw.com
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org

*Attorneys for Plaintiff Michael Radice*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE,<br><br>               Plaintiff,<br><br>     v.<br><br>JERUSALEM BOXING CLUB, LLC;<br>NATIVE GROUNDS, INC.;<br>ABDULRAHIM HARARA; DOES 1-20<br><br>              Defendants. | Case No. 3:25-cv-02060<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR LEAVE**<br><br>Date: June 12, 2026<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>      San Francisco, CA 94102<br>Judge: Susan Illston<br><br>First Amended Complaint Filed:  04/15/2025 |

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES. AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 12, 2026, at 10:00 a.m. or as soon thereafter as the matter may be heard at the above titled Court, located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Michael Radice will move this Court for leave to file a motion to compel discovery (the "Motion").

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the Declaration of Michael Meuti and all exhibits thereto; all documents in the Court's file; and on such other arguments as may be presented to the Court.

Dated:  May 8, 2026                                    Respectfully submitted,


/s/ *Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com


*Attorney for Plaintiff Michael Radice*

**STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(a)(3))**

Whether the Court shall grant Plaintiff leave to file his proposed motion to compel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Michael Radice respectfully moves the Court for leave to file a motion to compel Defendants' compliance with their obligations to produce relevant, responsive ESI. Plaintiff's portion of the April 2, 2026 Joint Discovery Statement briefly described how Defendants have shirked those obligations. But the strictures of the joint-discovery-dispute process precluded Plaintiff from offering evidence beyond the relevant discovery requests and responses, and it limited Plaintiff to just a few pages to present the scope of Defendants' misconduct. The complete record of that misconduct makes clear that the Court's April 7, 2026 Order addressing the Joint Discovery Statement, although a step in the right direction, fails to fully rectify Defendants' discovery abuses. Plaintiff now seeks permission to present a more-fulsome record through a motion to compel.

Among other things, if granted the leave sought here, Plaintiff will offer evidence showing that Defendants have deliberately withheld responsive, discoverable information contained in text messages, emails, and social-media posts. This evidence further indicates that Defendants have spoliated at least one highly relevant social-media post. A more-fulsome record of Defendants' discovery deficiencies will allow the Court to craft a remedy commensurate with those failures, which in turn will ensure that this case proceeds to trial on a proper evidentiary record.

Accordingly, Plaintiff respectfully requests that this Court grant him leave to file a motion to compel, a copy of which is attached hereto as **Exhibit A**.

**I.    BACKGROUND**

This case arises from a series of discriminatory incidents at Jerusalem Coffee House, a café operated by Defendant Jerusalem Boxing Club, LLC. Plaintiff Michael Radice, who is Jewish, was subjected to harassment on account of his Jewish heritage on July 10, 2024, and August 3, 2024. On the latter date, Radice was also denied service at the café. Another Jewish customer, Jonathan Hirsch, was harassed and ejected from the café because of his Jewish heritage on October 26, 2024.

Defendant Abdulrahim Harara is the sole owner of both Defendant Jerusalem Boxing Club, LLC

and Defendant Native Grounds, LLC.  He serves as the café's proprietor, and he is responsible for the café's day-to-day operations.

Relevant here, Plaintiff served discovery on Defendants seeking documents and communications: (1) concerning the incidents on July 10, August 3, and October 26, 2024; (2) reflecting other evidence of anti-Jewish animus, including relevant communications and social-media posts; and (3) concerning the café's finances and operations, including menu items that reflect anti-Jewish sentiments.  As explained below, Defendants have refused to (a) preserve sources containing potentially responsive ESI, (b) conduct a reasonable search for responsive documents, and (c) produce responsive documents.

Beyond the meet-and-confer history detailed in prior filings (*see* Dkt. 88, 96), Plaintiff's counsel met and conferred with Defendants' new counsel on April 27, 2026, to address outstanding discovery disputes. The parties discussed a variety of issues, including (1) Defendants' deficient and unusable April 17 production, (2) Defendants' failure to properly preserve their data, (3) Defendants' procedurally and substantively deficient text message production, (4) Defendants' failure to produce responsive emails, and (5) Defendants' failure to produce responsive documents relating to their social media accounts. Meuti Decl. ¶ 10.) The parties were unable to resolve these issues, and Plaintiff now seeks leave of court to file its Motion to Compel. **Exhibit A** is the Plaintiff's proposed Motion to Compel.

## II.     LEGAL STANDARD

Plaintiff seeks leave to file a motion to compel under Rule 37 of the Federal Rules of Civil Procedure.  Rule 37(a)(3)(b)(iv) authorizes a motion to compel where a party fails to produce documents requested under Rule 34.  As detailed below, Defendants have failed to properly preserve and search for various documents that Plaintiff requested in discovery, much less produce those documents.  If granted the requested leave, Plaintiff will file a motion to compel asking the Court to fully address the scope of Defendants' discovery misconduct based upon a complete record of those abuses.

## III.     ARGUMENT

Plaintiff seeks leave to file a motion to compel on four issues: (1) Defendants illegible April 17 Production, (2) Defendants' failure to produce complete text messages, (3) Harara's failure to produce responsive e-mails, and (4) Defendants failure to produce social media posts or guard against spoliation.

Plaintiffs proposed motion to compel is attached as Exhibit A and explains each issue in detail. Plaintiff briefly discusses each issue below.

**A.      Defendants April 17 production is unintelligible.**

On April 17, 2026, Defendants served a document production that purported to comply with the Court's April 7 Order. The production was not bates labeled, and Plaintiff could not discern how the produced documents related to previously produced discovery and thus how they complied with the April 7 Order. To date, Defendants have not explained the deficiencies in this production or provided bates stamped versions. Unless the Court orders Defendants to rectify their April 17 production, the production is essentially unusable, and Defendants are presumably not in compliance with the April 7 Order. This supports Plaintiff's request for leave to file a motion to compel.

**B.      Defendants omitted text messages from the text threads they partially produced.**

Defendants' text-message production is deficient.  Harara produced only screenshots—not native files, not complete threads, but selectively cropped images showing isolated messages.  Harara himself decided which messages to include and which to omit.  At his deposition, he described his selection process: he ran keyword searches in his iMessage app, took screenshots of either the search results or portions of text threads, and deliberately omitted texts that Plaintiff's counsel "probably don't need." The examples of Harara's selective production are numerous and set forth fully in Exhibit A.

The Court's April 7 Order did not remedy these deficiencies—it cements them in place.  The Order requires Harara only to add date, time, recipient, and sender information to the numerous screenshots from which he cropped out that information. The Order is thus a step in the right direction.  But it does not reach any of the responsive text messages that Harara deliberately omitted from his production.  Unless the Court orders a more comprehensive remedy, those messages will remain hidden.  That supports Plaintiff's request for leave to file a motion to compel.

**C.      Harara failed to produce responsive emails.**

Harara claims that he searched his email and indeed produced emails.  Yet Plaintiff has received none, which casts doubt on whether any search took place.

The Court's Order requires Harara to produce all responsive emails or, if none exist, to declare

**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR LEAVE**
**Case No. 3:25-cv-02060**

under penalty of perjury that he searched for responsive electronic materials and found nothing.  Harara's declaration says that he has searched for responsive emails but has none.  That declaration is not credible.  Harara's own testimony confirms that responsive documents exist in his email.  A text screen shot that he produced confirms that he received responsive emails.  The Court should order Harara to conduct a proper, verifiable search, overseen by his new counsel—or better yet, order a forensic preservation and examination of his email accounts to ensure that Plaintiff receives the documents to which he is entitled.

**D.**      **Defendants failed to produce social-media posts or guard against spoliation.**

Harara maintains multiple social-media accounts.  Yet he produced virtually nothing from them—zero Twitter posts, zero Facebook posts, and perhaps four Instagram posts (though it is unclear whether those are even Instagram posts). Plaintiff has identified numerous social media posts that Defendants failed to preserve or produce.

In the Joint Discovery Statement, Plaintiff asked the Court to order forensic preservation of Harara's social-media accounts and electronic devices.  The Court declined.  Instead, it ordered Harara to submit a declaration that he did not delete any social-media posts and would not do so in the future.  That remedy is inadequate in light of the evidence showing Defendants' disregard of their discovery obligations.  A declaration from Harara—whose post vanished from Twitter days after Plaintiff's counsel flagged it—provides no meaningful protection against further spoliation.  And it does nothing to address Harara's wholesale failure to produce responsive social-media posts in the first place.  Through a motion to compel, the Court will have the complete discovery record to consider in fashioning a comprehensive remedy for Defendants' plain discovery failures.

## IV.      CONCLUSION

As outlined above, Plaintiff seeks leave to file a motion to compel so that the Court can assess the full record of Defendants' discovery abuses.  This record shows that the Court's Order based upon the limited Joint Discovery Statement is not proportionate to the magnitude of those abuses.  Stronger medicine is necessary.  Specifically, if permitted to file a motion to compel, Plaintiff will ask the Court to order (1) a forensic preservation of Harara's electronic devices and social-media accounts, (2) a review of the preserved data by Defendants' new counsel to identify responsive, discoverable documents, and (3) the

**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR LEAVE**
**Case No. 3:25-cv-02060**

production of these identified documents (including the missing documents and information identified above) in an appropriate format.  Anything less than these measures will result in a trial conducted with an incomplete evidentiary record—an unacceptable outcome in any matter, much less in this case, where critical evidence has plainly been withheld.

Dated:  May 8, 2026                                    Respectfully submitted,


/s/ *Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com


*Attorney for Plaintiff Michael Radice*

**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR LEAVE**
**Case No. 3:25-cv-02060**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of May 2026, the foregoing document was served on Defendants' counsel of record through the Court's CM/ECF system.

Dated: May 8, 2026

Respectfully submitted,

*/s/ Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com

*Attorney for Plaintiff Michael Radice*