Michael D. Meuti (CA 227939)
David M. Hopkins (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
mmeuti@beneschlaw.com
dhopkins@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
Brendan Hogan (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org
bhogan@adl.org

*Attorneys for Plaintiff Michael Radice*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL RADICE,<br><br>              Plaintiff,<br><br>      v.<br><br>JERUSALEM BOXING CLUB, LLC;<br>NATIVE GROUNDS, INC.;<br>ABDULRAHIM HARARA; DOES 1-20<br><br>              Defendants. | Case No. 3:25-cv-02060<br><br>**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**<br><br>Date: July 31, 2026<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>          San Francisco, CA 94102<br>Judge: Susan Illston<br><br>First Amended Complaint Filed:  04/15/2025 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 31, 2026 at 10:00 a.m., or as soon after as the matter may be heard at the above titled Court, located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Michael Radice will move this Court for Discovery Sanctions for Defendants' failure to comply with this Court's April 7 Order (Dkt. 99) and failure to timely respond to discovery by the deadline imposed by the Court's June 4 Order (Dkt. 118). This Motion is based on this Notice of Motion; the Motion and Authorities submitted in support of; the Declaration of Michael Meuti and all exhibits thereto; all documents in the Court's file; and on such other arguments as may be presented to the Court.

Dated:  June 19, 2026

Respectfully submitted,

/s/ *Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com

*Attorney for Plaintiff Michael Radice*

**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**
**Case No. 3:25-cv-02060**

## MEMORANDUM IN SUPPORT OF MOTION  FOR DISCOVERY SANCTIONS

The Court should impose sanctions for Defendants' failure to engage in the discovery process.

*First*, Defendants failed to comply with the Court's April 7 Order requiring them to provide sender/recipient and date/time information for all previously produced text messages.  The Court set an April 17 deadline for compliance.  Two months later, Defendants have not provided the information that the Court ordered them to provide.  That failure merits sanctions.

Second, Harara failed to meet a Court-ordered deadline for responding to Plaintiff's Second Set of Interrogatories and Requests for Production.  Plaintiff propounded those discovery requests on April 18. The Court set a response deadline for June 8.  Plaintiff did not respond.  That failure also merits sanctions.

The Court should schedule a hearing to tailor an appropriate sanctions order.  In light of Defendants' near-total lack of progress over the past two months, sanctions up to and including a default judgment under Rule 37(b)(2)(vi) are in play.[1]  A hearing will enable the Court to determine which evidentiary sanctions, issue sanctions, or even default sanctions are appropriate.

### I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Rule 37(b) authorizes sanctions for failing to comply with a discovery order. The Court set an April 17 deadline for complying with its April 7 Order.  Two months after that deadline, Defendants still haven't complied.  Are Defendants subject to sanctions?

2.    Rule 37(d) authorizes sanctions when a party fails to respond to interrogatories.  The Court set a June 8 deadline for Defendants to answer Plaintiff's Second Set of Interrogatories.  Defendants did not respond to Plaintiff's Interrogatories.  Are Defendants subject to sanctions?

3.     Rule 37(a) authorizes a motion to compel when a party fails to produce requested documents, and Rule 37(b) authorizes sanctions for failing to comply with a discovery order.  The Court set a June 8 deadline for Defendants to answer Plaintiff's Second Set of Requests for Production.  Defendants did not respond.  Are Defendants subject to a motion to compel and/or sanctions?

---

[1] The Clerk entered a default against Defendants Jerusalem Boxing Club, LLC ("JBC") and Native Grounds, Inc. on April 13. (Dkt. 101.)  Defense counsel has not moved under Rule 55(c) to set aside the entry of default.  Insofar as Defense counsel intends to do so, Plaintiff asks that the sanctions order apply to JBC and Native Grounds as well.

## II.   FACTUAL BACKGROUND

**A.   Defendants have failed for over two months to comply with the Court's April 7 Order.**

### 1.   *The Court ordered Defendants to produce by April 17 recipient/sender and date/time information for previously produced text messages.*

On April 3, 2026, after a case management conference, Radice submitted a discovery dispute statement. (Dkt. 96.)  Among the issues in dispute were Defendants' productions of text messages.  They produced text messages only as screenshots.  Among other problems, that production format omitted key metadata (including sender/recipient and date/time information) for the depicted messages.

The Court then entered its April 7 Order, which ordered, among other things, that Harara  "provide the following information to plaintiff with respect to the text messages that he has already produced: the recipient(s) and or/sender(s) of the text messages and the date and time that the texts were sent." (Dkt. 99 at 1.)  The Court set an April 17, 2026 deadline for Defendants to comply with its Order. (Dkt. 99 at 3.)

### 2.   *Defendants' April 17 production omitted the required information.*

In response, Harara produced two documents.  (Ex. A (04/17/2026 Judah email).)[2]  ***The first*** was captioned "New Discovery." (Ex. B.)  It was a PDF containing 28 pages of screenshots from the iMessage app.  It was nearly identical to a document that Defendants, through their prior counsel, had produced on March 16, 2026 and Bates labeled DEFS0348 through 0375.  (*Compare* Ex. B. to Dkt. 115-9.)  The only differences were (a) the document produced on April 17 lacked Bates labels, and (b) it added one new text-message screenshot at the very end, which was missing recipient information.  ***The second*** was captioned "Final Discovery."  (Ex. C.)  It was not Bates labeled.

The documents that Defendants produced on April 17 did not comport with the Court's April 7 Order.  The "New Discovery" document contained some of the "previously produced" text messages that were subject to the April 7 Order.  It offered no additional information related to the "previously produced" text messages.  And the "Final Discovery" document did not rectify the problems with Defendants' prior productions.  Instead, at least 8 of its 18 pages of text-message screenshots omit date/time information.

---

[2] All exhibits are appended to the Declaration of Michael D. Meuti filed with this Motion.

(Ex. C at 2–3, 5, 7–8, 13, 15, 17.)[3]

While some of the text messages in the "Final Discovery" document overlapped with messages previously produced (in the document Bates labeled DEFS0299–0347 that Defendants produced on January 28), the relationship between the "Final Discovery" document and Defendants' prior productions was unclear.  What is clear is that sender/recipient and/or date/time information remains unproduced for many of the previously produced text-message screenshots.  (*E.g.*, Dkt. 115-8 at 10 (DEFS0307); *id.* at 18 (DEFS0315); *id.* at 22–23 (DEFS0319–320); *id.* at 27 (DEFS0324); *id.* at 32 (DEFS0329); *id.* at 33 (DEFS0330); *id.* at 44 (DEFS0341).

> **3.** **Despite requests, Defendants refused to explain how their April 17 production comported with the Court's April 7 Order.**

Plaintiff's counsel accordingly asked Defendants' counsel what the April 17 productions were supposed to represent.  (Ex. D (04/20/2026 Meuti email).)  The parties met and conferred on April 24.  During that meeting, Plaintiff's counsel asked Defendants' counsel how the April 17 productions were intended to comply with the Court's April 7 Order.  Defendants' counsel could not answer that question, but they committed to providing an answer.  (Ex. E  (04/27/2026 Meuti email).)

Two months later, Plaintiff is still waiting for that answer.

Rather than attempt to supply the requested information, Defendants waited until June 10, and merely re-served the document (DEFS0348–0375) that prior counsel had previously served on March 16.[4] (Ex. F (2026/06/10 Judah email).)  The only thing they added to the "New Discovery" document was a caption page listing the keywords that Harara purportedly searched.  (That list did not comport with the final list of search terms that the parties had agreed upon in February; Plaintiff had agreed to remove the terms "Trump" and "Martyr" and to replace "al-Aqsa" with "al-Aqsa Flood.")  To date, Defendants still have not produced a Bates-labeled copy of the "Final Discovery" document, nor have they offered any description of how that document complies with the Court's April 7 Order.

---

[3] Additionally, the date/time information appears for some, but not all, text messages in at least three more pages.  (Ex. C at 6, 8, 16.)

[4] Defendants appended a copy of that document to their Opposition to Plaintiff's Motion to Compel.  (Dkt. 121-1.)  The Opposition says nothing about the "Final Discovery" document.

**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**
**Case No. 3:25-cv-02060**

####### 4. *Defendants still have not provided the information that the Court's April 7 Order required.*

Two months after the deadline for complying with the Court's April 7 Order, Defendants have not provided "the date and time that the [previously produced] texts were sent." (Dkt. 99 ¶ 1.) And it is unclear whether they have supplied sender/recipient information for all the previously produced texts. Insofar as the "Final Discovery" document was intended to rectify those problems, Defendants have failed to explain how it did so. And at any rate, that document suffers from one of the flaws—omitted date/time information—that the Court's April 7 Order directed Defendants to rectify.

Plaintiff's counsel brought these failures to comply with the Court's April 7 Order to Defendants' attention by emails on June 11 and June 16. (Ex. G (06/16/2026 Meuti email).)

**B.     Defendants failed to timely respond to discovery requests served on April 17.**

Beyond failing to comply with the Court's prior discovery order, Defendants have also failed to timely respond to discovery requests.

On April 17, after Defendants' new counsel entered an appearance, Plaintiff served its Second Sets of Requests for Production, Requests for Admissions, and Interrogatories on Defendants. (Ex. H (04/17/2026 Ter Bush email).)

At the May 15, 2026 Case Management Conference, counsel for Defendants suggested reopening discovery and setting a new discovery cutoff. The Court told the parties that they could stipulate to new deadlines if that's what they wanted to do. After a week, Defendants had not proposed a stipulation. On May 22, counsel for Plaintiff sent an email proposing a stipulation that would set two deadlines:

- May 29—deadline for responding to the discovery requests served on April 17 (attached to the email for Defendants' convenience), and

- June 12—close of fact discovery.

(Ex. I (05/22/2026 Meuti email).) Counsel for Defendants did not respond before the proposed deadline for responding to the April 17 discovery requests had run. On June 2—11 days after proposing the stipulation—Plaintiff's counsel emailed them to inquire about their position on the stipulation. (Ex. J (06/02/2026 Meuti email).) The parties agreed to revise the stipulation to set a June 8 deadline for responding to the April 17 discovery. (Dkt. 117.) The Court granted that stipulation and set the deadline

for responding to that discovery for June 8. (Dkt. 118.)

That deadline came and went. The only communication about the discovery came on June 8, when counsel for Defendants asked for clarification whether the interrogatories had already been answered. (Ex K (06/09/2026 email thread).) That request stemmed from Harara's confusing the second set of interrogatories with the first set. (*Id.*)

Defendants never responded to any of the April 17 discovery.

Counsel for both parties met and conferred about discovery on June 16. During the conference, Defendants' counsel said that they were on the verge of gaining access to the Everlaw discovery platform and expressed a desire to correct Defendants' failures to comply with their discovery obligations. (Meuti Decl. ¶ 15–16.) But they were unable to offer any concrete timeline by which any particular task would be accomplished. (*Id.* at ¶ 16.) The parties' counsel spoke again on June 17. Defendants' counsel proposed filing an administrative motion to toll the deadline for Plaintiff to bring a discovery motion. (*Id.* at ¶ 17.) Plaintiff's counsel responded that he could not risk allowing the deadline to run, and that he was not certain that an administrative motion would be resolved in time to allay that fear. (*Id.*)

Counsel for Defendants sent an email late on June 18 stating that he "would commit to resolving all outstanding discovery in 30 days." (Ex. L (06/18/2026 Wallace email).)

## III.    LEGAL STANDARD

### A.    Rule 37(b) authorizes sanctions for failing to comply with a discovery order.

Rule 37(b)(2) empowers the Court to "issue further just orders" when a party fails to comply with a discovery order. *See* Fed. R. Civ. P. 37(b)(2). Those orders may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

[Fed. R. Civ. P. 37(b)(2)(A).]

A finding of civil contempt requires showing by clear and convincing evidence "(1) that [the party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order." *Bair v. Cal. State Dep't of Transp.*, 867 F. Supp. 2d 1058, 1068 (N.D. Cal. 2012); *see also Toussaint v. McCarthy*, 597 F. Supp. 1427, 1430 (N.D. Cal. 1984).

Additionally, under Rule 37(b)(2)(C), the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

**B.      Rule 37(d)(1)(A)(ii) empowers the Court to issue sanctions when a party fails to respond to interrogatories.**

Under Rule 37(d)(1)(A)(ii), the Court can impose sanctions if "a party, after being properly served with interrogatories under Rule 33 … fails to serve its answers, objections, or written response." Available sanctions include all sanctions available under Rule 37(b)(2) except contempt. Fed. R. Civ. P. 37(d)(3). An award of "reasonable expenses, including attorney's fees, caused by the failure" is mandatory, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

**C.      Rule 37(a)(3)(b)(iv) provides for an order compelling production after a party fails to respond to requests for production.**

Rule 37(a)(3)(B)(iv) authorizes the Court to issue an order compelling production if "a party fails to produce documents … as requested under Rule 34."

**IV.      ARGUMENT**

**A.      Defendants' failure to comply with the Court's April 7 Order for more than two months warrants sanctions under Rule 37(b)(2).**

Here, sanctions are warranted. The Court ordered Harara "to provide the following information to plaintiff with respect to the text messages that he has already produced: the recipient(s) and or/sender(s) of the text messages and the date and time that the texts were sent" by April 17, 2026. (Dkt. 99 at 1, 3.) Harara produced two documents on April 17. Neither complied with the Court's order. One merely re-produced a prior production from a month earlier. The other exacerbated the problem that caused the

Court to issue the April 7 Order—it omitted the date/time information that the April 7 Order required Defendants to produce.

Despite requests for follow-up and clarity, Defendants offered nothing for over a month and a half. Then, on June 10, Harara merely re-produced the documents that had already been produced twice prior (on March 16 and April 17).

Two months have passed since the deadline for complying with the Court's April 7 Order. Defendants still have not complied.

Defendants have not provided a good-faith, reasonable explanation for their non-compliance. The parties spoke on June 16.  (Meuti Decl. ¶ 15.)  During that conversation, Defendants' counsel explained that they are working pro bono, that they have taken on many cases, and that they did not appreciate the difficulties that representing clients in discovery (as opposed to filing pleading challenges) would require. (*Id.*)  Defense counsel offered a similar explanation to explain why Defendants have not rectified other failures to comply with their discovery obligations.  (Dkt. 121 (Decl. of Jonathan Wallace) ¶ 33.)  With respect, that explanation may justify needing to seek a short extension of an imminent discovery deadline, but it does not justify the failure to comply with a Court order for over two months past the compliance date.  Nor does it justify the failure to provide any response to Plaintiff's counsel's April 20 email seeking an explanation for how the April 17 productions were intended to comply with the Court's April 7 Order.

Defendants' failure to comply with the Court's April 7 Order is not their only failure to comply with discovery obligations.  (*See, e.g.*, Dkt. 96; Dkt. 115; *see supra* Pt. II.B.)  So that the Court can consider the totality of Defendants' failures and fashion appropriate relief, Defendants request a hearing at which the Court can determine an appropriate sanction.

That sanction should include an order requiring Defendants to pay Plaintiff's expenses and attorney fees stemming from Defendants' failure to comply with the Court's April 7 Order.  Defendants have offered nothing suggesting that their failure to comply was substantially justified.  As this Court has previously recognized, when a discovery failure is attributable to "nothing more than poor case management and lack of care and due diligence," the failure is not substantially justified. *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 521 (N.D. Cal. 2012) (awarding sanctions under Rule 37(c)).

**B.      The Court should impose sanctions for Defendants' failure to respond to Plaintiff's Second Set of Interrogatories.**

Plaintiff served his Second Set of Interrogatories on April 17.  The Court set a response deadline of June 8.  Defendants have not served responses.  Sanctions are appropriate.

The Court's sanctions order should prohibit Defendants from disputing that they failed to take steps to preserve and search for relevant data and ESI.  Rule 37(d)(3), by incorporating Rule 37(b)(2)(A)(ii), authorizes an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses."  Here, Interrogatories 11 and 12 sought information about Harara's steps to "preserve data potentially relevant to this case" and to "search for Documents and electronically stored information ('ESI') potentially responsive to discovery requests in this case."  (Ex. H at PDF pp. 31–32.)  Defendants' failure to respond to those Interrogatories should bar them from disputing that they have failed to take appropriate steps to preserve and search for responsive ESI in this case.

The sanctions order should also prohibit Defendants from disputing that Harara himself is responsible for any social-media posts appearing on the accounts for which he has log-in access.  Interrogatory 14 asked him to identify "any posts that a person other than [Harara] published to" any of his social-media accounts.  (*Id.* at PDF p. 32.)  As he failed to timely answer, he should be barred from contending that anyone else is responsible for any of those social-media posts.

Finally, the Court's sanctions order should award fees stemming from this motion.  Rule 37(d)(3) dictates that the order "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

**C.      The Court should order Harara to produce all documents and ESI responsive to Plaintiff's Second Set of RFPs within two weeks of the Court's order.**

Rule 37(a)(3)(B)(iv) authorizes a court to compel production when, as here "a party fails to produce documents … as requested under Rule 34."  And as noted above, failing to comply with a Court order triggers sanctions under Rule 37(b)(2)(A).

Here, Harara did not respond to Plaintiff's Second Set of RFPs by the Court-ordered June 8 deadline.  That warrants sanctions under Rule 37(b)(2)(A).  Plaintiff submits that Defendants' failure to

respond to discovery would warrant the following evidentiary sanctions:

| **RFP(s) not responded to** | **Sanction** |
|---|---|
| RFPs concerning his statements about Jews, Jewish people, and Judaism[5] | Order creating a rebuttable presumption that his communications and social-media posts contain antisemitic statements. |
| RFPs concerning posts concerning his legal-defense fund[6] | Order precluding Harara from contending that he lacks funds to pay a judgment in this case. |
| RFP concerning his contention that Jonathan Hirsch engaged in conduct warranting his ejection from the café[7] | Order barring him from offering evidence beyond his own testimony that Hirsch did anything to warrant being ejected from the café. |
| RFP seeking text communications adjacent to the ones that he's already produced,[8] | Order that the hidden messages support Plaintiff's contention that Harara kicked him and Hirsch out of the café because they were wearing hats that identified them as Jewish. |
| RFPs regarding using personal funds to pay business expenses[9] | Order precluding Defendants from disputing any attempt to pierce the corporate veil. |
| RFPs related to the Iced In Tea Fada and Sweet Sinwar[10] | Order precluding Defendants from disputing that the beverages' names reflect an anti-Jewish animus. |
| RFPs seeking photos or videos of any of the incidents at the café alleged in the Complaint[11] | Order precluding Defendants from offering any evidence beyond his own testimony to contest Radice's and Hirsch's descriptions of what took place at the café those days. |
| RFP regarding the security cameras at JCH[12] | Order precluding Defendants from rebutting any suggestion that security-camera footage would have corroborated Radice's and Hirsch's accounts of what took place at the café. |

At minimum, Harara's failure to respond to Plaintiff's Second Set of RFPs warrants an order (a) deeming any objections to those requests waived and (b) requiring him to produce all responsive

---

[5] RFPs 24, 44, and 64 (*see* Ex. H at PDF pp. 10, 14, 18).
[6] RFPs 31, 39, 51, and 71 (*id.* at 11, 13, 16, 19).
[7] RFP 37 (*id.* at 13).
[8] RFP 40 (*id.*).
[9] RFPs 41 and 42 (*id.* at 14).
[10] RFPs 32–33, 53–54, 72–73 (*id.* at 12, 16, 19–20).
[11] RFPs 59–61 (*id.* at 17–18).
[12] RFP 63 (*id.* at 18).

**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**
**Case No. 3:25-cv-02060**

documents.  And because discovery has already closed, the Court should set a short deadline—two weeks—for him to do so.

## V.    CONCLUSION

The Court ordered Defendants to provide specific information by April 17.  Two months later, they have not done so.

Additionally, the Court set a June 8 deadline for Harara to respond to Plaintiff's Second Sets of Interrogatories and RFPs.  Defendants have not responded.

Accordingly, Plaintiff Michael Radice the Court should

(a) enter a sanctions order under Rule 37(b) for Defendants' failure to comply with the Court's April 7 Order;

(b) schedule a hearing to fashion appropriate sanctions;

(c) enter evidentiary sanctions under Rule 37(d) for Defendants' failure to respond to Plaintiff's Second Set of Interrogatories;

(d) enter evidentiary sanctions under Rule 37(b) for Defendants' failure to respond to Plaintiff's Second Set of RFPs, or alternatively compel the production under Rule 37(a) of all documents responsive to Plaintiff's Second Set of RFPs within two weeks of the Court's order; and

(e) award Plaintiff attorneys' fees for this motion.

Dated:  June 19, 2026

Respectfully submitted,

/s/ *Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com

*Attorney for Plaintiff Michael Radice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 19th day of June 2026, the foregoing document was served on Defendants' counsel of record through the Court's CM/ECF system.

Dated: June 19, 2026

Respectfully submitted,

*/s/ Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com

*Attorney for Plaintiff Michael Radice*

**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**
**Case No. 3:25-cv-02060**