Michael D. Meuti (CA 227939)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
mmeuti@beneschlaw.com

Michael Montgomery (*Admitted Pro Hac Vice*)
Peter J. Sullivan (*Admitted Pro Hac Vice*)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.6235
mmontgomery@beneschlaw.com
psullivan@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, MA 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (*Admitted Pro Hac Vice*)
ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RADICE<br><br>Plaintiff,<br><br>vs.<br><br>JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA; DOES 1–20<br><br>Defendants. | Case No. 3:25-cv-02060-SI<br><br>Coordinated with<br><br>Case No. 3:25-cv-04849<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO WAIVER OF OBJECTIONS** |

**<u>Memorandum in Response to Defendant's Memorandum in Opposition</u>**

A plea for mercy alone does not establish good cause for relief from discovery sanctions. Civil Rules 36 and 37 warrant sanctions when, as here, a defendant fails to timely respond to discovery requests in violation of a court order. A defendant who fails to timely respond and object to discovery requests waives the right to object under Rules 33 and 34 absent a showing of good cause. Defendant's filing does not come close to establishing good cause. (Dkt. 164). The Court should find that Defendant waived all objections to Plaintiff's Second Set of Discovery Requests and decline Defendant's request for relief from that result.

## I. Background

On April 17, 2026, after Defendant's new counsel entered appearances on April 13 and 15 (Dkt. 102 & 103), Plaintiff served its Second Sets of Requests for Production, Requests for Admission, and Interrogatories on Defendants. (Dkt. 124-1 at 127–156). At a May 15, 2026 Case Management Conference, counsel for Defendants suggested reopening discovery and setting a new discovery cutoff. The Court told the parties that they could stipulate to new deadlines if that was what they wanted to do. After a week, Defendants had not proposed a stipulation. On May 22, counsel for Plaintiff sent an email proposing a stipulation that would set two deadlines: first, Plaintiff proposed May 29 as the deadline to respond to the discovery requests served on April 17; and second, Plaintiff proposed June 12 as the close of fact discovery. (Dkt. 124-1 at 73–74). Counsel for Defendant did not respond before the proposed deadline for responding to the April 17 discovery had run. On June 2, eleven days after proposing the stipulation, Plaintiff's counsel emailed Defendant's counsel to inquire about their position on the stipulation. (*Id.* at 71–73). The parties agreed to revise the stipulation to set a June 8 deadline for responding to the April 17 discovery requests—three weeks beyond default deadline under the Federal Rules. (Dkt. 117). The Court granted that stipulation and set the deadline for responding for June 8. (Dkt. 118).

That deadline came and went with no response from Defendant. The only communication from counsel for Defendant came on June 8 when he asked for clarification whether the interrogatories had already been answered. (Dkt. 124-1 at 163–164). That request arose because Defendant confused the

second set of interrogatories with the first. (*Id.*) Defendant eventually responded to the Second Set of Requests for Admissions on June 21, the Second Set of Requests for Production on July 9, and the Second Set of Interrogatories on August 8—all after the stipulated and ordered deadline and after the close of discovery. (*See* Exhibits A–C). Because Defendant failed to timely answer the discovery requests, the Court should deem any objection raised in the tardy responses waived.

Currently pending with the Court are Plaintiff's Motion to Deem Plaintiff's Second Set of Requests for Admissions Admitted (Dkt. 122) and Motion for Discovery Sanctions (Dkt. 124).

## II. Law and Argument

**Requests for Admission:** Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or his attorney. A shorter or longer time for responding may be stipulated under Rule 29 or be ordered by the Court." Fed. R. Civ. P. 36(a)(3). Defendant failed to respond by the stipulated deadline, so under Rule 36(a)(3), Plaintiff's Second Set of Requests for Admissions are deemed admitted. Defendant has neither moved to withdraw these admissions nor articulated good cause for withdrawing them.

**Interrogatories and Requests for Production:** Defendant waived any objections to the Second Set of Discovery Requests by failing to respond by the stipulated and ordered deadline. Rule 33 states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) *cert. dismissed*, 506 U.S. 948 (1992). As a general rule, "the failure to object to Rule 33 or Rule 34 discovery requests is the waiver of any objection." *Liguori v. Hansen*, 2012 WL 76047, *11 (D. Nev. Mar. 6, 2012). Defendant failed to timely respond to Plaintiff's Second Set of Discovery Requests and thus waived any objections to them. *Richmark*, 959 F.2d at 1473. Moreover, Defendant requested and received an extension of the deadline to respond yet still failed to timely respond and object. Defendant offers no reasonable justification.

Here, the parties stipulated to a June 8 deadline, which the Court adopted. (Dkt. 117 & 118). On

June 21, Defendant served their tardy responses to Plaintiff's Second Set of Requests for Admissions. On July 9, Defendant served their responses and objections to Plaintiff's Second Set of Requests for Production. On August 8, Defendant served their responses to Plaintiff's Second Set of Interrogatories. Defendant was on notice of these requests—they were served after replacement counsel filed a notice of appearance and counsel requested and received an extension from the Plaintiff and the Court. It bears noting that Defendant was not proactive in negotiating and submitting the stipulation. In fact, Plaintiff's first proposal went unanswered and Plaintiff was forced to engage in proactive outreach to negotiate the stipulation because Defendant never followed through on the stipulation they sought. Despite being on notice of the requests and stipulating to an extension, Defendant served each of these responses late and after the close of discovery. As such, Defendant waived their right to object.

While a failure to object to Rule 33 or Rule 34 discovery requests within the time required generally results in a waiver of objections, courts have discretion to excuse a late-responding party only for "good cause." *Chea v. Best Buy Stores, L.P.*, 2015 WL 12806553, *1 (N.D. Cal. Mar. 10, 2015) (finding waiver when discovery responses were served one month late and no good cause for relief). "In determining whether a party has good cause, the court will consider factors such as the length of the delay, the reason for the delay, bad faith, prejudice to the propounding party, the appropriateness of the requests, and whether waiver would result in an 'excessively harsh result.'" *Landon v. Ernst & Young LLP*, 2009 WL 4723708, at *1 (N.D. Cal. Dec. 2, 2009). Defendant cites *Landon* in support of their motion; however, the court in *Landon* in fact found the responding party to have waived most of their objections, with the only exception being objections based in privilege to avoid a harsh result. 2009 WL 4723708, at *2.

The burden of proving good cause falls to Defendant. Here, Defendant offers nothing sufficient to satisfy the good-cause standard. Instead, he asserts only that counsel is a pro bono attorney with a heavy caseload who inherited a messy case file. (Dkt. 164 at 2.) That explanation does not explain why Defendant failed to meet a deadline to which he stipulated. Nor does it explain Defendant's failure to seek an extension before the deadline. Nor does it explain why he missed the relevant deadlines by 13 days (for the RFAs), 31 days (for the RFPs), and 62 days (for the Interrogatories). Simply put, if a lawyer inherits a messy case file, the time to spring to action is immediately, not after agreed-upon deadlines have

passed and discovery has closed. Moreover, Plaintiff accommodated Defendant's request for an extension of time to respond, and the parties jointly stipulated to the June 8 deadline. (Dkt. 117). Nevertheless, Defendant failed to comply with the order adopting the stipulated deadline. (Dkt. 118).

The remaining good-cause factors do not tip the balance in Defendant's favor either. Defendant's counsel has provided no justifiable reason for the delay. And the delay has indeed prejudiced Plaintiff. Plaintiff did not receive the responses until after discovery closed. Now, this matter is just six weeks from trial, yet Plaintiff still has not received a full production of requested documents, which has substantially burdened trial preparation. Plaintiff does not contend that Defendant's counsel has acted in bad faith; however, the Defendant himself has repeatedly engaged in discovery misfeasance throughout this case. Defendant also does not contend that the discovery requests at issue are inappropriate. Finally, the "excessively harsh result" factor generally deals with issues of attorney/client privilege waivers. *Landon*, 2009 WL 4723708, at *1. Plaintiff has agreed that notwithstanding his waiver of other objections, Defendant may assert privilege. Thus, Defendant has failed to show good cause for the delay and has waived its tardy objections.

The cases that Defendant cites cannot save him. True, he cites a few cases as examples of courts excusing late objections based on a showing of good cause. But he never explains how those cases apply to this one. At any rate, the cases are readily distinguishable. For example, in *Rulo v. Ricoh Ams. Corp.*, the late objections were served while discovery remained open and the propounding party had refused to grant an extension to substitute counsel who entered an appearance one day after the discovery deadline had passed. 2015 U.S. Dist. LEXIS 145741, *4 (N.D. Cal. Oct. 27, 2015). Here, however, the requests were served after replacement counsel had made an appearance, Defendant's counsel was on notice of the extended deadline, and Defendant served his responses after the close of discovery. Similarly, in *Planned Parenthood Fedn. of Am., Inc. v. Ctr. for Med. Progress*, the late responses and objections were served while discovery remained open, not sprinkled during the months between the close of discovery and trial, as is the case here. 2017 U.S. Dist. LEXIS 210416, at *6-7 (N.D. Cal. Dec. 21, 2017). *Cordova* is also distinguishable because the court found that the propounding party served the requests in the "closing months" of a five-year-old case. 2023 U.S. Dist. LEXIS 199144, at *4–5 (N.D. Cal. Nov. 6, 2023). But

Plaintiff served the Second Set of Requests before the close of discovery in this matter and stipulated to an extension of time to respond at Defendant's request. What is more, serving the Second Set of Requests was necessary only because of the Defendant's game-playing and hide-the-ball tactics in prior discovery.

In sum, Defendant has failed to make any showing of good cause as to why the Court should grant relief.

**III. Conclusion**

For all the foregoing reasons, the Court should deny Defendant's motion and find that Defendant waived any objections to Plaintiff's Second Set of Requests based on Defendant's untimely responses.

Dated: 9/11/2026

*/s/ Michael D. Meuti*
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of September 2026, the foregoing document was served on Defendants' counsel of record through the Court's CM/ECF system.

Dated: September 11, 2026

Respectfully submitted,

/s/ *Michael D. Meuti*
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com

*Attorney for Plaintiff Michael Radice*