Michael D. Meuti (CA 227939)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
mmeuti@beneschlaw.com

Michael Montgomery (Admitted Pro Hac Vice)
Peter J. Sullivan (Admitted Pro Hac Vice)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.6235
mmontgomery@beneschlaw.com
psullivan@beneschlaw.com

Corena G. Larimer (CA 277188)
ANTI-DEFAMATION LEAGUE
40 Court Street, Suite #12
Boston, Massachusetts 02108
Telephone: 212.885.7700
clarimer@adl.org

James Pasch (Admitted Pro Hac Vice)
ANTI-DEFAMATION LEAGUE
605 Third Avenue New York, NY 10158
Telephone: 212.885.7700
jpasch@adl.org

*Attorneys for Plaintiff Michael Radice*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RADICE,<br><br>Plaintiff,<br><br>v.<br><br>JERUSALEM BOXING CLUB, LLC; NATIVE GROUNDS, INC.; ABDULRAHIM HARARA DOES 1-20,<br><br>Defendants. | Case No. 3:25-cv-02060-SI<br><br>Coordinated with Case No. 3:25-cv-04849<br><br>**PLAINTIFF'S RESPONSE TO ATTORNEY JONATHAN WALLACE'S MOTION TO WITHDRAW**<br><br>Date: XX<br>Time: XX<br>Judge: Honorable Judge Susan Illston<br>Courtroom: XX |

## I. INTRODUCTION

Defendant Abdulrahim Harara has made it impossible for his lawyers to continue to represent Defendants in this matter. He has done so by refusing to cooperate with them as they tried to help Defendants meet their discovery obligations as litigants in federal court. It is now unmistakably clear that Defendant Harara believes he is the sole arbiter of what Defendants must do as parties in this case, and his lawyers' efforts to disabuse him of this notion have proved futile. Given these circumstances, Plaintiff Michael Radice does not oppose Attorney Jonathan Wallace's Motion to Withdraw.[1] But, as explained in Plaintiff's forthcoming Supplemental Motion for Discovery Sanctions, Defendant Harara should not be permitted to continue defending this case on a record of his choosing—instead, as a terminating sanction, a default judgment should now be entered in Plaintiff's favor.

## II. ARGUMENT

The Court has broad discretion in addressing a motion to withdraw as counsel. Four factors generally guide the exercise of this discretion. *Reg'l Med. Ctr. of San Jose v. WH Adm'rs, Inc.*, No. 5:17-CV-03357-EJD, 2020 WL 13119120, at *4 (N.D. Cal. June 24, 2020). The first factor concerns the reason for counsel's request to withdraw, while the remaining factors address the withdrawal's impact on the other litigants, the administration of justice, and the timely resolution of the case. *Id.*

Consideration of these factors informs Plaintiff's lack of opposition to Attorney Wallace's request to withdraw. He describes a "complete breakdown in communications" with Defendant Harara, such that he cannot ensure Defendants will meet their discovery obligations (which they have consistently failed to do throughout this case) or otherwise comply with Court orders (which they have also repeatedly failed to do). (Motion to Withdraw of Attorney Wallace (Doc. 182) at p.8, ¶ 4.) This fundamental misalignment between lawyer and client precludes the former from effectively representing the latter. See *Hershey v. Berkeley*, 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008) ("Plaintiffs' failure to communicate with their counsel has created a complete breakdown in the attorney-client relationship. This breakdown

[1] Attorney Wallace indicated in his Motion that Ramsey Judah, Defendants' other lawyer, will also be moving to withdraw. Plaintiff will not oppose such a motion.

constitutes good cause for Plaintiffs' counsel to withdraw from this case.").

Further, the requested withdrawal ought not negatively impact Plaintiff or the resolution of this case. Plaintiff is seeking entry of a default judgment in his favor as a terminating sanction for Defendants' egregious discovery abuse. Granting this relief will not only hold Defendants accountable for their failure to meaningfully participate as litigants in this matter, it will also allow Defendants' counsel to withdraw without causing any prejudice to Plaintiff or other detrimental consequences.

If the Court decides to let the case move forward, Plaintiff submits that the trial should proceed as presently scheduled, with Defendant Harara most likely representing himself pro se.[2] Continuing the trial to give Defendant Harara time to find new counsel will further delay this case's resolution, but nothing suggests that additional time will enable this trial to proceed on the merits. Harara has now had two lawyers move to end their representation in this matter, and there is no reason to believe another lawyer will come along who can convince him that he is not above the law.

## III. CONCLUSION

Put simply, Defendant Harara has proved himself to be unrepresentable. The Court ought not reward Defendant Harara's consistent pattern of serious discovery misconduct in this matter by either forcing his lawyers to remain on the case or postponing the trial so that he can look for new counsel. Instead, the Court should sanction his widespread disregard for the discovery process—and this Court's orders concerning the same—by bringing this matter to a close now through the entry of a default judgment as a terminating sanction.

[2] *See supra* n.1. Harara would not be able to represent Defendants Jerusalem Boxing Club, LLC and Native Grounds, Inc. but this is of no moment given that both the corporate entities remain in default.

Dated: September 22, 2026

Respectfully submitted,

/s/ Michael D. Meuti
MICHAEL D. MEUTI (CA 227939)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216-363-4500
mmeuti@beneschlaw.com

*Attorney for Plaintiff Michael Radice*