United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RADICE,

Plaintiff,

v.

JERUSALEM BOXING CLUB, LLC, et al.,

Defendants.

**ORDER:**
**-ADOPTING JUDGE HIXSON'S DISCOVERY ORDER AND REPORT AND RECOMMENDATION BUT MODIFYING SANCTIONS;**
**-REQUESTING CASE REASSIGNMENT**

Case No. 25-cv-02060-SI (TSH)

Re: Dkt. Nos. 205, 206, 207

UNITED STATES OF AMERICA,

Plaintiff,

v.

FATHI ABDULRAHIM HARARA,

Defendant.

Case No. 25-cv-04849-SI (TSH)

Re: Dkt. Nos. 140, 141

## I. Discovery Order and Report and Recommendation

In these related actions, Magistrate Judge Hixson has issued a Discovery Order and Report and Recommendation. *See* Case No. 25-cv-02060, Dkt. No. 205; Case No. 25-cv-04849, Dkt. No. 140 (hereinafter, "Discovery Order"). Both sides move for relief from a non-dispositive pretrial order under Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2. The Court finds this matter appropriate for resolution without oral argument. *See* Civil Local Rule 7-1(b), 72-2(d).

In matters that are not dispositive of a claim or defense of a party, "[t]he district court shall

United States District Court
Northern District of California

defer to the magistrate's orders unless they are clearly erroneous or contrary to law." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a)). Here, the Court has reviewed the Discovery Order as well as the motions for relief filed by all parties to these actions and the motions and evidence on which the Discovery Order was based. In light of the history of this case, the record before it, and the governing legal standards, the Court agrees with Judge Hixson and **ADOPTS** his recommendation and order in full, with the exception of the precise amount and deadline for defendant Harara to pay the $59,000 in sanctions. Mr. Harara argues, among other things, that the Discovery Order does not explain how it arrived at the $59,000 in sanctions. Judge Hixson explained, first, that "both the Benesch and ADL attorneys seek fees for work that preceded the violations of the Court orders, a problem that requires deducting about a third of the Benesch time and about a fifth of the ADL's time." Discovery Order at 4. After determining that this reduced the requested fees from $166,500.50 to about $118,000, Judge Hixson then reduced the fee request further by half after concluding "that about half of the fees Radice incurred during the time when Harara was violating the discovery orders was due to the violations and the other half was for work that would have needed to be done anyway or that should not have been done at all because it was excessive." *Id.* This Court agrees with Judge Hixson's reasoning and analysis in all respects, with one exception. Excluding the billing that pre-dated the first discovery violation results in roughly $101,000 rather than $118,00 in fees. *See* Case No. 25-cv-02060, Dkt. No. 193, Meuti Decl., Ex. EE (documenting $55,983.50 for work performed before April 18, 2026); Dkt. No. 194, Larimer Decl., Ex. 1 (documenting $9,520.00 for work performed before April 18, 2026). Reducing that amount further by half results in sanctions of $50,500.[1]

Accordingly, the Court **ORDERS** that Mr. Harara shall pay sanctions of **$50,500** to plaintiff

[1] Plaintiff Radice also challenges Judge Hixson's reduction of the fee request and argues that Judge Hixson did not consider Radice's supplemental declaration detailing an additional $71,951.50 in fees sought from September 16 to 23, 2026, in preparing the supplemental brief in support of discovery sanctions and fees. *See* Case No. 25-cv-02060, Dkt. No. 199. The Court has reviewed the supplemental declaration and does not find it warrants adjusting the sanctions further. *See Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978) ("Imposition of discovery sanctions is committed to the trial court's discretion."); Fed. R. Civ. P. 37(b)(2)(C) (the court must order payment of "the *reasonable* expenses, including attorney's fees") (emphasis added).

Radice (rather than $59,000). The Court **EXTENDS** Mr. Harara's deadline to pay the sanctions **to January 15, 2027, or to 14 days after the next Case Management Conference date, whichever is later.**[2] Plaintiff Radice's motion for terminating sanctions, Case No. 25-cv-02060, Dkt. No. 124, is **DENIED** for the reasons stated in the Discovery Order.

Other than as stated above regarding the amount and deadline for sanctions, the objections raised by plaintiff Radice, plaintiff United States, and defendant Harara in their motions for relief are **DENIED**.

## II. Case Reassignment

The Court has indicated to the parties for some time now that the undersigned Judge would not be available to preside over this case if the litigation extended into 2027. At this point, the parties have indicated there will not be dispositive motion practice, and the case is ready for trial. Due to the undersigned Judge's unavailability in 2027, **the Court REQUESTS the Clerk's Office randomly reassign this case to another District Judge**.[3]

This Judge suggests to the receiving Judge that the case is at an appropriate juncture for a further settlement conference.

For trial planning purposes, the Court also notes the following. Although the United States acknowledges it is not entitled to a jury trial on its claims, the United States has indicated throughout this case that it "would be willing to try its claims before a jury on the question of liability concurrently with the *Radice* plaintiffs [sic]" in order to avoid a second trial and the possibility of inconsistent rulings. *See* Case No. 25-cv-04849, Dkt. No. 18 at 5. The Court further notes that defendant Harara's prior counsel recently agreed to a bench trial in the context of seeking permission to withdraw from the case. *See* Case No. 25-cv-02060, Dkt. No. 170, 171. This Court is of the view that the parties have not definitively waived a jury trial, and should be permitted to review the

[2] This deadline may be changed by the next Judge assigned to this case. If the next Judge directs the parties to a further settlement conference, it is recommended that the payment deadline be extended to 14 days after the settlement conference.

[3] The Court requests reassignment to a District Judge rather than a Magistrate Judge because default has been entered against the corporate defendants in Case No. 25-cv-02060.

matter going forward.

**IT IS SO ORDERED**.

Dated: November 20, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California